UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                            Case No. 15-25340-JKO

                                                  Chapter 13

DELANOR ULYSSE, and
ALOURDES ULYSSE

                Debtors.

_____/

**APPELLANT'S STATEMENT OF THE ISSUES AND DESIGNATION OF THE RECORD**

Secured Creditor, RES-FL FIVE, LLC (***"Appellant"***) states as follows:

**A. Statement of the issues to be decided on appeal.**

      i.    Whether the Bankruptcy Court erred in determining that voluntary contributions to a tax deferred annuity could not contribute to the calculation of the debtors' projected disposable income pursuant to 11 U.S.C. § 1325(b)(2).

      ii.    Whether the Bankruptcy Court erred in determining that so long as not illegal, no amount of payment to a tax deferred annuity could be considered in determining good faith pursuant to 11 U.S.C. § 1325(a)(3) or (a)(7).

      iii.    Whether the Bankruptcy Court abused its discretion in determining that the debtors filed their case and proposed their plan in good faith.

## B. Designation of the record.

8/25/2015    1    Chapter 13 Voluntary Petition . [Fee Amount $310] (Van Horn, Chad) (Entered: 08/25/2015)

8/25/2015    3    Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for for 5 Years Form 22C-1. Disposable Income Is Determined Filed by Joint Debtor Alourdes Ulysse, Debtor Delanor Ulysse. (Van Horn, Chad) (Entered: 08/25/2015)

8/25/2015    4    Chapter 13 Calculation of Your Disposable Income Form 22C-2 Filed by Joint Debtor Alourdes Ulysse, Debtor Delanor Ulysse. (Van Horn, Chad) (Entered: 08/25/2015)

8/25/2015    5    Declaration Under Penalty of Perjury to Accompany Petitions, Schedules and Statements Filed Electronically by Attorney Chad T Van Horn (Re: 1 Voluntary Petition (Chapter 13) filed by Debtor Delanor Ulysse, Joint Debtor Alourdes Ulysse, 2 Statement of Debtor(s) Social Security Number(s) filed by Debtor Delanor Ulysse, Joint Debtor Alourdes Ulysse, 3 Chapter 13 Statement of Current Monthly Income filed by Debtor Delanor Ulysse, Joint Debtor Alourdes Ulysse, 4Calculation of Your Disposable Income Form 22C-2 filed by Debtor Delanor Ulysse, Joint Debtor Alourdes Ulysse). (Van Horn, Chad) (Entered: 08/25/2015)

8/25/2015    8    Payment Advices by Debtor and Joint Debtor Filed by Joint Debtor Alourdes Ulysse, Debtor Delanor Ulysse. (Van Horn, Chad) (Entered: 08/25/2015)

9/9/2015    12    Chapter 13 Plan Filed by Joint Debtor Alourdes Ulysse, Debtor Delanor Ulysse (Van Horn, Chad) (Entered: 09/09/2015)

11/17/2015    19    Objection to Debtor's Claim of Exemptions Filed by Trustee Robin R Weiner. (Weiner, Robin) (Entered: 11/17/2015)

12/4/2015    24    Amended Schedules Filed: [Summary of Your Assets/Liabilities,Schedule C,] Filed by Joint Debtor Alourdes Ulysse, Debtor Delanor Ulysse. (Attachments: # 1 Local Form 4) (Van Horn, Chad) (Entered: 12/04/2015)

12/4/2015    25    Amended Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years Form 122C-1. Disposable

| | | |
|---|---|---|
| | | Income Is Not Determined Filed by Joint Debtor Alourdes Ulysse, Debtor Delanor Ulysse. (Van Horn, Chad) (Entered: 12/04/2015) |
| 12/4/2015 | 26 | Chapter 13 Calculation of Your Disposable Income Form 122C-2 Filed by Joint Debtor Alourdes Ulysse, Debtor Delanor Ulysse. (Van Horn, Chad) (Entered: 12/04/2015) |
| 12/8/2015 | 28 | First Amended Chapter 13 Plan (Re:12 Chapter 13 Plan filed by Debtor Delanor Ulysse, Joint Debtor Alourdes Ulysse) Filed by Joint Debtor Alourdes Ulysse, Debtor Delanor Ulysse (Van Horn, Chad) (Entered: 12/08/2015) |
| 12/15/2015 | 32 | Objection to Confirmation of (28 Amended Chapter 13 Plan filed by Debtor Delanor Ulysse, Joint Debtor Alourdes Ulysse) Filed by Creditor RES-FL FIVE, LLC (Attachments: # 1 Exhibit A - Judgment # 2 Exhibit B -JLC)(Pecan, Lawrence) (Entered: 12/15/2015) |
| 12/18/2015 | 33 | Notice to Withdraw Document Filed by Trustee Robin R Weiner (Re: 19 Objection to Debtor's Claim of Exemptions). (Weiner, Robin) (Entered: 12/18/2015) |
| 1/29/2016 | 40 | Second Amended Chapter 13 Plan (Re:28 Amended Chapter 13 Plan filed by Debtor Delanor Ulysse, Joint Debtor Alourdes Ulysse) Filed by Joint Debtor Alourdes Ulysse, Debtor Delanor Ulysse (Van Horn, Chad) (Entered: 01/29/2016) |
| 1/29/2016 | 41 | Amended Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period for 5 Years Form 122C-1. Disposable Income Is Determined Filed by Joint Debtor Alourdes Ulysse, Debtor Delanor Ulysse. (Van Horn, Chad) (Entered: 01/29/2016) |
| 1/29/2016 | 42 | Amended Chapter 13 Calculation of Your Disposable Income Form 122C-2 Filed by Joint Debtor Alourdes Ulysse, Debtor Delanor Ulysse. (Van Horn, Chad) (Entered: 01/29/2016) |
| 2/16/2016 | 44 | Objection to Confirmation of (40 Amended Chapter 13 Plan filed by Debtor Delanor Ulysse, Joint Debtor Alourdes Ulysse) Filed by Creditor RES-FL FIVE, LLC (Turner, Barry) (Entered: 02/16/2016) |
| 4/25/2016 | 50 | Response to (44 Objection to Confirmation of Plan filed by Creditor RES-FL FIVE, LLC) Filed by Joint Debtor Alourdes Ulysse, Debtor |

|            |    | Delanor Ulysse (Van Horn, Chad) (Entered: 04/25/2016)                                                                                                                                                                                                                                                                   |
|------------|----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 6/2/2016   | 54 | Order Overruling Res-FL Five, LLC's Objection. Re: (Re: 44 Objection to Confirmation of Plan filed by Creditor RES-FL FIVE, LLC). (Shafron, Judy) (Entered: 06/02/2016)                                                                                                                                                   |
| 7/28/2016  | 62 | Objection to Confirmation of (40 Amended Chapter 13 Plan filed by Debtor Delanor Ulysse, Joint Debtor Alourdes Ulysse) Filed by Creditor RES-FL FIVE, LLC (Turner, Barry) (Entered: 07/28/2016)                                                                                                                           |
| 11/3/2016  | 66 | Order Overruling (Re: 62 Objection to Confirmation of Plan filed by Creditor RES-FL FIVE, LLC). (Grooms, Desiree) (Entered: 11/03/2016)                                                                                                                                                                                  |
| 11/22/2016 | 69 | Order Confirming (Re: 40 Second Amended Chapter 13 Plan filed by Debtor Delanor Ulysse, Joint Debtor Alourdes Ulysse, ). (Grooms, Desiree) (Entered: 11/22/2016)                                                                                                                                                         |
| 12/6/2016  | 71 | Notice of Appeal and Election to Appeal To District Court Filed by Creditor RES-FL FIVE, LLC (Re: 69 Order Confirming (Re: 40 Second Amended Chapter 13 Plan filed by Debtor Delanor Ulysse, Joint Debtor Alourdes Ulysse, ).). [Fee Amount $298] (Pecan, Lawrence) Appellant Designation due 12/20/2016. (Entered: 12/06/2016) |

Respectfully submitted,

/s/ Lawrence E.  Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
In-House Counsel
Rialto Capital
790 NW 107 Avenue, Suite 400
Miami, Florida 33172
Lawrence.Pecan@rialtocapital.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered to (1) counsel for the Debtor, (2) the Chapter 13 Trustee and (3) the United States Trustee by delivery of notices of electronic filing.

/s/ Lawrence E.  Pecan
Lawrence E. Pecan, Esquire

B1 (Official Form 1) (04/13)

| United States Bankruptcy Court<br>Southern District of Florida, Fort Lauderdale Division | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Ulysse, Delanor** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Ulysse, Alourdes** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all):  **3815** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) /Complete EIN<br>(if more than one, state all):  **6238** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**2081 NW 86th Ter<br>Coral Springs, FL**<br>ZIPCODE **33071-6169** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**2081 NW 86th Ter<br>Coral Springs, FL**<br>ZIPCODE **33071-6169** |
| County of Residence or of the Principal Place of Business:<br>**Broward** | County of Residence or of the Principal Place of Business:<br>**Broward** |
| Mailing Address of Debtor (if different from street address)<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIPCODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11<br>U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7     ☐ Chapter 15 Petition for<br>☐ Chapter 9        Recognition of a Foreign<br>☐ Chapter 11       Main Proceeding<br>☐ Chapter 12     ☐ Chapter 15 Petition for<br>☑ Chapter 13       Recognition of a Foreign<br>                        Nonmain Proceeding |
| **Chapter 15 Debtor**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by,<br>regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under<br>Title 26 of the United States Code (the<br>Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☑ Debts are primarily consumer    ☐ Debts are primarily<br>debts, defined in 11 U.S.C.          business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals<br>only). Must attach signed application for the court's<br>consideration certifying that the debtor is unable to pay fee<br>except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals<br>only). Must attach signed application for the court's<br>consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less<br>than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in<br>accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for<br>distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001<br>to $10 million | $10,000,001<br>to $50 million | $50,000,001<br>to $100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001<br>to $10 million | $10,000,001<br>to $50 million | $50,000,001<br>to $100 million | $100,000,001<br>to $500 million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B1 (Official Form 1) (04/13)                                                                                              Page 2

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **Ulysse, Delanor & Ulysse, Alourdes** |
|---|---|

### All Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location <br> Where Filed:**None** | Case Number: | Date Filed: |
|---|---|---|
| Location <br> Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: <br> **None** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** <br> (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. § 342(b). <br><br> X  */s/ Chad Van Horn*                           8/25/15 <br> ‎  Signature of Attorney for Debtor(s)                 Date |
|---|---|

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**5**

Page 3

## Voluntary Petition
*(This page must be completed and filed in every case)*

**Name of Debtor(s):**
**Ulysse, Delanor & Ulysse, Alourdes**

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** */s/ Delanor Ulysse*
Signature of Debtor                    **Delanor Ulysse**

**X** */s/ Alourdes Ulysse*
Signature of Joint Debtor              **Alourdes Ulysse**

Telephone Number (If not represented by attorney)

**August 25, 2015**
Date

### Signature of Attorney*

**X** */s/ Chad Van Horn*
Signature of Attorney for Debtor(s)

**Chad Van Horn 64500**
**Van Horn Law Group, P.A.**
**330 N Andrews Ave Ste 450**
**Fort Lauderdale, FL  33301-1012**
**(888) 381-2799  Fax: (954) 756-7103**
**chad@cvhlawgroup.com**

**August 25, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X**
Signature of Foreign Representative

Printed Name of Foreign Representative

Date

### Signature of Non-Attorney Petition Preparer

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any,  of Bankruptcy Petition Preparer

Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

**X**
Signature

Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B1D (Official Form 1, Exhibit D) (12/09)

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

## United States Bankruptcy Court
### Southern District of Florida, Fort Lauderdale Division

IN RE:                                                   Case No. _____

**Ulysse, Delanor**                                      Chapter **13**
                             Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: **/s/ Delanor Ulysse** _____

Date: **August 25, 2015** _____

B1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Southern District of Florida, Fort Lauderdale Division

IN RE: _____    Case No. _____

**Ulysse, Alourdes** _____    Chapter **13** _____

<center>Debtor(s)</center>

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

   ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**


Signature of Debtor: **/s/ Alourdes Ulysse** _____

Date: **August 25, 2015** _____

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**United States Bankruptcy Court**
**Southern District of Florida, Fort Lauderdale Division**

IN RE:                                                                                              Case No. _____

Ulysse, Delanor & Ulysse, Alourdes _____    Chapter **13** _____
                                                            Debtor(s)

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $        241,469.55 | | |
| B - Personal Property | Yes | 3 | $          69,810.23 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $        275,136.48 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | $                 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $          95,434.96 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | $          5,513.39 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 3 | | | $          5,415.14 |
| TOTAL | | 17 | $        311,279.78 | $        370,571.44 | |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

9

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**United States Bankruptcy Court**
**Southern District of Florida, Fort Lauderdale Division**

IN RE:                                                                 Case No. _____

Ulysse, Delanor & Ulysse, Alourdes _____      Chapter **13** _____
                                    Debtor(s)

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | | Amount |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | **0.00** |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | **0.00** |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | **0.00** |
| Student Loan Obligations (from Schedule F) | $ | **0.00** |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | **0.00** |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | **0.00** |
| **TOTAL** | $ | **0.00** |

**State the following:**

| | | |
|---|---|---|
| Average Income (from Schedule I, Line 12) | $ | **5,513.39** |
| Average Expenses (from Schedule J, Line 22) | $ | **5,415.14** |
| Current Monthly Income (from Form 22A-1 Line 11; **OR**, Form 22B Line 14; **OR**, Form 22C-1 Line 14 ) | $ | **7,776.40** |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | **14,066.93** |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ **0.00** | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | **0.00** |
| 4. Total from Schedule F | | $ | **95,434.96** |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ | **109,501.89** |

B6A (Official Form 6A) (12/07)

**IN RE** Ulysse, Delanor & Ulysse, Alourdes _____ Case No. _____
_____
Debtor(s)                                                                      (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Homestead located at: 2081 N.W. 86 Terrace Coral Springs, FL  33071 Loan No.  Ending 3664 Market Value per Propery Appraiser's 2015 Evaluation** | **Fee Simple** | **J** | **235,890.00** | **246,536.93** |
| **Mausoleum/Funeral Plan** | | **J** | **5,579.55** | **5,599.55** |
| | | **TOTAL** | **241,469.55** | |

(Report also on Summary of Schedules)

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Case 0:16-cv-62900-BB Document 1-2 Entered on FLSD Docket 12/09/2016 Page 14 of 150

B6B (Official Form 6B) (12/07)

**IN RE** Ulysse, Delanor & Ulysse, Alourdes      Case No. _____

_____  
Debtor(s)                                      (If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash on hand | J | 10.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Bank of America Check Acct. (Live-in Mother's Account) Debtor husband is signer on account with Mother. | J | 28.38 |
| | | Bank of America Checking Acct. Ending 9830 | J | 2,336.74 |
| | | IBM Southeast Employees Credit Union Acct. Ending 2621 | W | 175.40 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, include audio, video, and computer equipment. | | Living Room Set (10 Years Old - $450.00); Family Room Set (2 Months old - $2000.00); Bedroom Set (11 Years old - $100.00); Dining Room Set (11 Years Old - $100.00); Misc. dishes, pots & pans, towels & lines - $100.00 | J | 2,750.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Misc. used books and pictures on no real value to anyone but debtors. | J | 25.00 |
| 6. Wearing apparel. | | Clothing of no real value to anyone but debtors. | J | 50.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | American General Life Insurance Policy (Term) Policy No. 643L | H | 0.00 |
| 10. Annuities. Itemize and name each issue. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 401K Securian Retirement Center | H | 26,289.32 |
| | | 403(b) Thrift Mutual of America | H | 4,908.79 |
| | | Mutual of America IRA | H | 13,061.60 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6B (Official Form 6B) (12/07) - Cont.

**IN RE** Ulysse, Delanor & Ulysse, Alourdes                    Case No. _____

_____

Debtor(s)                                                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1999 Izuzu Rodeo**<br>**VIN No. 4S2CK58W5X4374060**<br>**Mileage: 238,000**<br>**Market Value per Black Book**<br>**2016 Kia Sorento L 4 Dr. Utility**<br>**VIN No. 5XYPG4A35GG034109**<br>**Mileage: 3,300.00**<br>**Market Value per Black Book** | J<br><br><br><br>J | 575.00<br><br><br><br>19,600.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**B6B (Official Form 6B) (12/07) - Cont.**

**IN RE** Ulysse, Delanor & Ulysse, Alourdes _____ Case No. _____
_____
                               Debtor(s)                                           (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | **TOTAL** | **69,810.23** |

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____ **0** continuation sheets attached

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6C (Official Form 6C) (04/13)

IN RE Ulysse, Delanor & Ulysse, Alourdes                                      Case No. _____
_____
Debtor(s)                                                                                    (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:          ☑ Check if debtor claims a homestead exemption that exceeds $155,675. *
(Check one box)

☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **SCHEDULE A - REAL PROPERTY** | | | |
| **Homestead located at: 2081 N.W. 86 Terrace Coral Springs, FL  33071 Loan No.  Ending 3664 Market Value per Propery Appraiser's 2015 Evaluation** | **Fla. Const. Art. X, §4(a)(1); Fla. Stat.§§ 222.01, 222.02** | **235,890.00** | **235,890.00** |
| **Mausoleum/Funeral Plan** | **Fla. Const. Art. X, §4(a)(1); Fla. Stat.§§ 222.01, 222.02** | **5,579.55** | **5,579.55** |
| **SCHEDULE B - PERSONAL PROPERTY** | | | |
| **Cash on hand** | **Fla. Const. Art X, § 4(a)(2)** | **10.00** | **10.00** |
| **Bank of America Checking Acct. Ending 9830** | **Fla. Const. Art X, § 4(a)(2)** | **120.91** | **2,336.74** |
| **IBM Southeast Employees Credit Union Acct. Ending 2621** | **Fla. Const. Art X, § 4(a)(2)** | **98.00** | **175.40** |
| **Living Room Set (10 Years Old - $450.00); Family Room Set (2 Months old - $2000.00); Bedroom Set (11 Years old - $100.00); Dining Room Set (11 Years Old - $100.00); Misc. dishes, pots & pans, towels & lines - $100.00** | **Fla. Const. Art X, § 4(a)(2) Fla. Stat. § 222.25(1)** | **1,696.09 1,053.91** | **2,750.00** |
| **Misc. used books and pictures on no real value to anyone but debtors.** | **Fla. Const. Art X, § 4(a)(2)** | **25.00** | **25.00** |
| **Clothing of no real value to anyone but debtors.** | **Fla. Const. Art X, § 4(a)(2)** | **50.00** | **50.00** |
| **401K Securian Retirement Center** | **Fla. Stat. § 222.21(2)** | **26,289.32** | **26,289.32** |
| **403(b) Thrift Mutual of America** | **Fla. Stat. §§ 121.131, 121.055 (6)(e)** | **4,908.79** | **4,908.79** |
| **Mutual of America IRA** | **Fla. Stat. §§ 121.131, 121.055 (6)(e)** | **13,061.60** | **13,061.60** |
| **1999 Izuzu Rodeo VIN No.  4S2CK58W5X4374060 Mileage:  238,000 Market Value per Black Book** | **Fla. Stat. § 222.25(1)** | **575.00** | **575.00** |

*Amount subject to adjustment on 4/1/16 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

15

**B6D (Official Form 6D) (12/07)**

IN RE **Ulysse, Delanor & Ulysse, Alourdes**                    Case No. _____
_____
Debtor(s)                                                     (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **6554**<br>**Capital One Auto Finance**<br>**PO Box 390907**<br>**Minneapolis, MN 55439-0907** | | J | 2015 Kia Sorrento L 4D Utility<br>VIN No. 5XYPGA35GG034109<br>2015-06-02<br>Auto Loan<br><br>VALUE $ **19,600.00** | | | | **23,000.00** | **3,400.00** |
| ACCOUNT NO. **6517**<br>**Lauderdale Memorial Park**<br>**2001 SW 4th Ave**<br>**Fort Lauderdale, FL 33315-2503** | | J | Funeral Plans<br>2015-01-22<br><br>VALUE $ **5,579.55** | | | | **5,599.55** | **20.00** |
| ACCOUNT NO. **3664**<br>**Wells Fargo Home Mortgage**<br>**PO Box 659558**<br>**San Antonio, TX 78265-9558** | | J | Homestead Property: Lot 9, Block D. BREEZEWOOD, according to the Plat thereof, as recorded in Plat Book 113, Page 40, of the Public Records of Broward County, Florida; a/k/a 2081 N.W. 86 Terrace, Coral Springs, FL | | | | **246,536.93** | **10,646.93** |
| ACCOUNT NO. | | | 33071-6169<br><br>2004-08-23<br><br>VALUE $ **235,890.00** | | | | | |

___**0**___ continuation sheets attached

|  | Subtotal<br>(Total of this page) | $ **275,136.48** | $ **14,066.93** |
|---|---|---|---|
|  | Total<br>(Use only on last page) | $ **275,136.48** | $ **14,066.93** |

(Report also on Summary of Schedules.)  (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**B6E (Official Form 6E) (04/13)**

IN RE **Ulysse, Delanor & Ulysse, Alourdes** _____ Case No. _____
<div align="center">Debtor(s)            (If known)</div>

<div align="center">

### SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

</div>

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**
    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**
    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**
    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

    * Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____ **0** continuation sheets attached

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

17

B6F (Official Form 6F) (12/07)

**IN RE** Ulysse, Delanor & Ulysse, Alourdes                          Case No. _____
                  Debtor(s)                                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **7456**<br><br>**Bank of America**<br>**c/o Jones Walker LLP**<br>**201 S Biscayne Blvd Ste 2600**<br>**Miami, FL 33131-4341** | | H | **Judgment entered on behalf of Bank of America; Case No. 42/2008-CA-005417-AXXX-XX** | | | | **60,000.00** |
| ACCOUNT NO.<br><br>**Broward Health Medical Center**<br>**1608 SE 3rd Ave**<br>**Fort Lauderdale, FL 33316-2564** | | J | **Medical Bill** | | | | **Unknown** |
| ACCOUNT NO.<br><br>**Coral Springs Fire Department**<br>**2801 Coral Springs Dr**<br>**Coral Springs, FL 33065-3825** | | J | **Medical Bill - Life Quest** | | | | **Unknown** |
| ACCOUNT NO.<br><br>**Coral Springs Medical Center**<br>**3000 Coral Hills Dr**<br>**Coral Springs, FL 33065-4108** | | J | **Medical Bill** | | | | **Unknown** |

<table>
<tr><td>__**2**__ continuation sheets attached</td><td>Subtotal<br>(Total of this page)</td><td>$   **60,000.00**</td></tr>
<tr><td></td><td>Total<br>(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)</td><td>$</td></tr>
</table>

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

18

B6F (Official Form 6F) (12/07) – Cont.

**IN RE** Ulysse, Delanor & Ulysse, Alourdes                          Case No. _____
                          Debtor(s)                                        (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **7875**<br>Gus Armenakis, M.D., P.A.<br>7421 N University Dr Ste 306<br>Tamarac, FL 33321-6102 | | W | Medical Bill<br>2012-02-05 | | | | 751.40 |
| ACCOUNT NO. **2008**<br>Mazhar Majid, M.D., P.A.<br>7737 N University Dr # 104<br>Tamarac, FL 33321-2968 | | W | Medical Bill<br>2012-02-13 | | | | 66.85 |
| ACCOUNT NO. **238T**<br>Medicare Premium Collection Center<br>PO Box 790355<br>Saint Louis, MO 63179-0355 | | W | Medical bill<br>2012-04-27 | | | | 399.60 |
| ACCOUNT NO.<br>First Federal Credit Control<br>24700 Chagrin Blvd Ste 205<br>Cleveland, OH 44122-5630 | | | Assignee or other notification for:<br>Medicare Premium Collection Center | | | | |
| ACCOUNT NO. **7690**<br>Northwest Medical Center<br>PO Box 99400<br>Louisville, KY 40269-0400 | | W | Medical Bill<br>2012-02-06 | | | | 24,271.85 |
| ACCOUNT NO.<br>First Federal Credit Control<br>24700 Chagrin Blvd Ste 205<br>Cleveland, OH 44122-5630 | | | Assignee or other notification for:<br>Northwest Medical Center | | | | |
| ACCOUNT NO. **7690**<br>Northwest Medical Center<br>PO Box 740743<br>Cincinnati, OH 45274-0743 | | J | Medical Bill<br>2012-05-12 | | | | 341.20 |

Sheet no. **1** of **2** continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) $ **25,830.90**

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B6F (Official Form 6F) (12/07) – Cont.

**IN RE** Ulysse, Delanor & Ulysse, Alourdes                    Case No. _____

Debtor(s)                                                                (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>Nationwide Recovery Services<br>PO Box 8005<br>Cleveland, TN 37320-8005 | | | Assignee or other notification for:<br>Northwest Medical Center | | | | |
| ACCOUNT NO.<br><br>Northwest Medical Center<br>2801 N State Road 7<br>Margate, FL 33063-5727 | | J | Medical Bill Emergency Room Services<br>2012-02-05 | | | | 6,412.00 |
| ACCOUNT NO.<br><br>Plantation General Hospital<br>401 NW 42nd Ave<br>Plantation, FL 33317-2835 | | W | Medical Bill | | | | Unknown |
| ACCOUNT NO. 5312<br><br>Sears Credit Card<br>PO Box 6282<br>Sioux Falls, SD 57117-6282 | | H | Credit Card Debt | | | | 2,391.86 |
| ACCOUNT NO. 580A<br><br>Sheridan Emergency Physician, Inc<br>PO Box 848508<br>Pembroke Pines, FL 33084-0508 | | W | Medical Bill<br>2012-02-12 | | | | 800.20 |
| ACCOUNT NO.<br><br>Commonwealth Financial/NCC<br>120 N Keyser Ave<br>Scranton, PA 18504-9701 | | | Assignee or other notification for:<br>Sheridan Emergency Physician, Inc | | | | |
| ACCOUNT NO.<br><br>Harvard Collection<br>4839 N Elston Ave<br>Chicago, IL 60630-2534 | | | Assignee or other notification for:<br>Sheridan Emergency Physician, Inc | | | | |

Sheet no. __2__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     $    9,604.06

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)     $    95,434.96

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**B6G (Official Form 6G) (12/07)**

**IN RE** Ulysse, Delanor & Ulysse, Alourdes _____   Case No. _____
                                           Debtor(s)                                              (If known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**B6H (Official Form 6H) (12/07)**

**IN RE Ulysse, Delanor & Ulysse, Alourdes**      Case No. _____

                 Debtor(s)                                         (If known)

## SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Delanor Ulysse** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Alourdes Ulysse** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Southern District of Florida, Fort Lauderdale Division

Case number _____
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition
   chapter 13 income as of the following date:
   _____
   MM / DD / YYYY

## Official Form 6I
# Schedule I: Your Income
**12/13**

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:  Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | **Debtor 1** | **Debtor 2 or non-filing spouse** |
|---|---|---|---|
| Employment status | | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☑ Not employed |
| Occupation | | **Paralegal** | |
| Employer's name | | **Coast to Coast Legal of S. Florida, I** | |
| Employer's address | | **PO Box 120970** | |
| | | Number  Street | Number  Street |
| | | | |
| | | **Fort Lauderdale, FL  33312-0017** | |
| | | City  State  ZIP Code | City  State  ZIP Code |
| How long employed there? | | _____ | _____ |

### Part 2:  Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|
| 2. List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ **5,235.21** | $_____ |
| 3. Estimate and list monthly overtime pay. | 3. | + $_____ | + $_____ |
| 4. Calculate gross income. Add line 2 + line 3. | 4. | $ **5,235.21** | $_____ |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Debtor 1    **Delanor  Ulysse**
First Name        Middle Name        Last Name

Case number (if known)

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here .................................................. ➔ 4. | | $ 5,235.21 | $ |
| 5. List all payroll deductions: | | | |
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 522.17 | $ |
| 5b. Mandatory contributions for retirement plans | 5b. | $ | $ |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 2,058.33 | $ |
| 5d. Required repayments of retirement fund loans | 5d. | $ | $ |
| 5e. Insurance | 5e. | $ 59.32 | $ |
| 5f. Domestic support obligations | 5f. | $ | $ |
| 5g. Union dues | 5g. | $ | $ |
| 5h. Other deductions. Specify: _____ | 5h. | + $ | + $ |
| 6. Add the payroll deductions. Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $ 2,639.82 | $ |
| 7. Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 2,595.39 | $ |
| 8. List all other income regularly received: | | | |
| 8a. Net income from rental property and from operating a business, profession, or farm | | | |
| Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. Interest and dividends | 8b. | $ | $ |
| 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive | | | |
| Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ | $ |
| 8d. Unemployment compensation | 8d. | $ | $ |
| 8e. Social Security | 8e. | $ 1,856.00 | $ 1,062.00 |
| 8f. Other government assistance that you regularly receive | | | |
| Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ | $ |
| 8g. Pension or retirement income | 8g. | $ | $ |
| 8h. Other monthly income. Specify: _____ | 8h. | + $ | + $ |
| 9. Add all other income. Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ 1,856.00 | $ 1,062.00 |
| 10. Calculate monthly income. Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ 4,451.39 + | $ 1,062.00 = $ 5,513.39 |

11. State all other regular contributions to the expenses that you list in *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____        11. + $ _____

12. Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies        12. $ 5,513.39

**Combined monthly income**

13. Do you expect an increase or decrease within the year after you file this form?
☑ No.
☐ Yes. Explain:    None

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**Fill in this information to identify your case:**

Debtor 1 __Delanor  Ulysse__
First Name          Middle Name          Last Name

Debtor 2 __Alourdes  Ulysse__
(Spouse, if filing) First Name          Middle Name          Last Name

United States Bankruptcy Court for the: Southern District of Florida, Fort Lauderdale Division

Case number _____
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form 6J
# Schedule J: Your Expenses
12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Your Household |
|---|---|

1. **Is this a joint case?**

☐ No.  Go to line 2.
☑ Yes. **Does Debtor 2 live in a separate household?**

    ☑ No
    ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☑ No
☐ Yes. Fill out this information for each dependent..........................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

☑ No
☐ Yes

| Part 2: | Estimate Your Ongoing Monthly Expenses |
|---|---|

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

|  | Your expenses |
|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.

4. $ __1,720.40__

If not included in line 4:

4a. Real estate taxes     4a. $_____

4b. Property, homeowner's, or renter's insurance     4b. $_____

4c. Home maintenance, repair, and upkeep expenses     4c. $ __150.00__

4d. Homeowner's association or condominium dues     4d. $_____

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Debtor 1    **Delanor   Ulysse** _____     Case number *(if known)*_____
      First Name       Middle Name       Last Name

| | | **Your expenses** |
|---|---|---|

5. **Additional mortgage payments for your residence**, such as home equity loans     5.    $_____

6. **Utilities:**

   6a.   Electricity, heat, natural gas     6a.   $_____**466.00**_____

   6b.   Water, sewer, garbage collection     6b.   $_____**75.00**_____

   6c.   Telephone, cell phone, Internet, satellite, and cable services     6c.   $_____**255.00**_____

   6d.   Other. Specify: **Cell Phones** _____     6d.   $_____**100.00**_____

7. **Food and housekeeping supplies**     7.   $_____**600.00**_____

8. **Childcare and children's education costs**     8.   $_____

9. **Clothing, laundry, and dry cleaning**     9.   $_____**60.00**_____

10. **Personal care products and services**     10.   $_____**100.00**_____

11. **Medical and dental expenses**     11.   $_____**35.00**_____

12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.     12.   $_____**300.00**_____

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**     13.   $_____**300.00**_____

14. **Charitable contributions and religious donations**     14.   $_____**75.00**_____

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

   15a.   Life insurance     15a.   $_____**189.00**_____

   15b.   Health insurance     15b.   $_____

   15c.   Vehicle insurance     15c.   $_____**289.00**_____

   15d.   Other insurance. Specify:_____     15d.   $_____

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____     16.   $_____

17. **Installment or lease payments:**

   17a.   Car payments for Vehicle 1     17a.   $_____**344.29**_____

   17b.   Car payments for Vehicle 2     17b.   $_____

   17c.   Other. Specify: **Funeral Arrangements** _____     17c.   $_____**156.45**_____

   17d.   Other. Specify:_____     17d.   $_____

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from
your pay on line 5, *Schedule I, Your Income* (Official Form 6I).**     18.   $_____

19. **Other payments you make to support others who do not live with you.**
Specify:_____     19.   $_____

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***

   20a.   Mortgages on other property     20a.   $_____

   20b.   Real estate taxes     20b.   $_____

   20c.   Property, homeowner's, or renter's insurance     20c.   $_____

   20d.   Maintenance, repair, and upkeep expenses     20d.   $_____**200.00**_____

   20e.   Homeowner's association or condominium dues     20e.   $_____

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

| | Debtor 1 | **Delanor  Ulysse** | | |
| --- | --- | --- | --- | --- |
| | | First Name | Middle Name | Last Name |

Case number (*if known*) _____

---

21. **Other**. Specify: _____       21.   +$_____

22. **Your monthly expenses.** Add lines 4 through 21.
    The result is your monthly expenses.                                  22.   $      **5,415.14**

23. **Calculate your monthly net income.**

    23a. Copy line 12 (*your combined monthly income*) from *Schedule I*.   23a.  $      **5,513.39**

    23b. Copy your monthly expenses from line 22 above.                     23b.  −$     **5,415.14**

    23c. Subtract your monthly expenses from your monthly income.
         The result is your *monthly net income.*                          23c.  $      **98.25**

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your
    mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ☑ No.

    ☐ Yes.      **None**

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

| Official Form 6J | **Schedule J: Your Expenses** | page 27 |

**B6 Declaration (Official Form 6 - Declaration) (12/07)**

**IN RE** Ulysse, Delanor & Ulysse, Alourdes          Case No. _____

_____
Debtor(s)                                                          (If known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **19** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **August 25, 2015** _____     Signature: _/s/ Delanor Ulysse_____
                                                                        **Delanor Ulysse**                                   Debtor

Date: **August 25, 2015** _____     Signature: _/s/ Alourdes Ulysse_____
                                                                        **Alourdes Ulysse**                          (Joint Debtor, if any)
                                                                        [If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social Security No. (Required by 11 U.S.C. § 110.)
_If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document._

_____
_____
Address

_____          _____
Signature of Bankruptcy Petition Preparer                                        Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

_If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person._

_A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156._

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (_total shown on summary page plus 1_), and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____     Signature: _____

_____
(Print or type name of individual signing on behalf of debtor)

_[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]_

_Penalty for making a false statement or concealing property:_ Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

## United States Bankruptcy Court
## Southern District of Florida, Fort Lauderdale Division

**IN RE:**                                                                        Case No. _____

**Ulysse, Delanor & Ulysse, Alourdes** _____         Chapter **13** _____

<span style="margin-left:3em;">Debtor(s)</span>

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101(2),(31).

<div style="writing-mode: vertical-rl; transform: rotate(180deg);">© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)</div>

---

### 1. Income from employment or operation of business

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| 50,155.00 | 2013 Gross Income |
| 44,111.00 | 2014 Gross Income |
| 17,957.09 | 2015 YTD Employment Gross Income (Spouse Only) |

### 2. Income other than from employment or operation of business

None ☐   State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| 11,530.00 | 2013 Social Security  (Husband Only) |
| 21,168.00 | 2014 Social Security (Husband Only) |
| 14,848.00 | 2015 Social Security (Husband) |
| 8,496.00 | 2015 Social Security YTD (Wife) |

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☐ *a. Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Wells Fargo Home Mortgage** | **June 2015 - $1720.40** <br> **July 2015 - $1720.40** <br> **August - 1720.40** | **5,220.60** | **246,536.93** |

None ☑ *b. Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,255.* If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None ☑ *c. All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **RES-FL Five, LLC vs. Delanor Ulysse, et al.:  Case No.  42-2008 -CA-005417-AXXX-XX** | **Breach of Contract** | **5th Judicial Circuit - Marion County, Florida** | **Judgment Entered** |

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**5. Repossessions, foreclosures and returns**

None ☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**6. Assignments and receiverships**

None ☑ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and joint petition is not filed.)

None ☑ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**7. Gifts**

None ☑ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**8. Losses**

None ☑ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments related to debt counseling or bankruptcy**

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Van Horn Law Group, P.A<br>330 N Andrews Ave Ste 450<br>Fort Lauderdale, FL  33301-1012 | 8/6/2015 | $750.00 Plus Costs & Fees |

**10. Other transfers**

None ☐ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Carmax Auto Finance | 08/06/2015 | 2000 Chrysler 4 D Sedan<br>VIN No.  2C3HC56GXYH387101;<br>Mileage: 153,691<br>Sold for $350.00 |
| National Veterans Services Fund, Inc.<br>PO Box 2465<br>Darien, CT  06820-0465 | Jun 9,2015 | 1995 Nissan Quest<br>Donation - no money exchanged |

None ☑ b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

**11. Closed financial accounts**

None ☑ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**12. Safe deposit boxes**

None ☑ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**13. Setoffs**

None ☑ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**14. Property held for another person**

None ☑ List all property owned by another person that the debtor holds or controls.

**15. Prior address of debtor**

None ☑ If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**16. Spouses and Former Spouses**

 None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

 None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

 None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, location and name of business**

None ☑ a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

 None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date: **August 25, 2015**    Signature **/s/ Delanor Ulysse**
of Debtor    **Delanor Ulysse**

Date: **August 25, 2015**    Signature **/s/ Alourdes Ulysse**
of Joint Debtor    **Alourdes Ulysse**
(if any)

_____ **0** continuation pages attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 152 and 3571.*

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**United States Bankruptcy Court**
**Southern District of Florida, Fort Lauderdale Division**

IN RE:                                                          Case No. _____

**Ulysse, Delanor & Ulysse, Alourdes** _____   Chapter **13** _____
                        Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) hereby verify(ies) that the attached matrix listing creditors is true to the best of my(our) knowledge.


Date: **August 25, 2015** _____   Signature: */s/ Delanor Ulysse* _____
                                                  **Delanor Ulysse**
                                                                                       Debtor


Date: **August 25, 2015** _____   Signature: */s/ Alourdes Ulysse* _____
                                                  **Alourdes Ulysse**
                                                                                 Joint Debtor, if any

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

33

Bank of America
c/o Jones Walker LLP
201 S Biscayne Blvd Ste 2600
Miami, FL  33131-4341


Broward Health Medical Center
1608 SE 3rd Ave
Fort Lauderdale, FL  33316-2564


Capital One Auto Finance
PO Box 390907
Minneapolis, MN  55439-0907


Commonwealth Financial/NCC
120 N Keyser Ave
Scranton, PA  18504-9701


Coral Springs Fire Department
2801 Coral Springs Dr
Coral Springs, FL  33065-3825


Coral Springs Medical Center
3000 Coral Hills Dr
Coral Springs, FL  33065-4108


First Federal Credit Control
24700 Chagrin Blvd Ste 205
Cleveland, OH  44122-5630

Gus Armenakis, M.D., P.A.
7421 N University Dr Ste 306
Tamarac, FL  33321-6102


Harvard Collection
4839 N Elston Ave
Chicago, IL  60630-2534


Lauderdale Memorial Park
2001 SW 4th Ave
Fort Lauderdale, FL  33315-2503


Mazhar Majid, M.D., P.A.
7737 N University Dr # 104
Tamarac, FL  33321-2968


Medicare Premium Collection Center
PO Box 790355
Saint Louis, MO  63179-0355


Nationwide Recovery Services
PO Box 8005
Cleveland, TN  37320-8005


Northwest Medical Center
PO Box 99400
Louisville, KY  40269-0400

Northwest Medical Center
PO Box 740743
Cincinnati, OH  45274-0743


Northwest Medical Center
2801 N State Road 7
Margate, FL  33063-5727


Plantation General Hospital
401 NW 42nd Ave
Plantation, FL  33317-2835


Sears Credit Card
PO Box 6282
Sioux Falls, SD  57117-6282


Sheridan Emergency Physician, Inc
PO Box 848508
Pembroke Pines, FL  33084-0508


Wells Fargo Home Mortgage
PO Box 659558
San Antonio, TX  78265-9558

**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | **Delanor Ulysse** | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Alourdes Ulysse** | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Southern District of Florida, Fort Lauderdale Division**

Case number **15-25340-JKO**
(if known)

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☑ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☐ 3. The commitment period is 3 years.

☑ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

# Official Form 22C–1

# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period

12/14

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

## Part 1: Calculate Your Average Monthly Income

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☑ **Married.** Fill out both Columns A and B, lines 2-11.

   **Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case.** 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 4,857.50 | $ 0.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $ 0.00 | $ 0.00 |

5. **Net income from operating a business, profession, or farm**

| | | | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | | |
| Ordinary and necessary operating expenses | − $ 0.00 | | | |
| Net monthly income from a business, profession, or farm | $ 0.00 | Copy here ➤ | $ 0.00 | $ 0.00 |

6. **Net income from rental and other real property**

| | | | | |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | | |
| Ordinary and necessary operating expenses | − $ 0.00 | | | |
| Net monthly income from rental or other real property | $ 0.00 | Copy here ➤ | $ 0.00 | $ 0.00 |

| Debtor 1 | **Delanor  Ulysse** | | Case number *(if known)* 15-25340-JKO |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

| | | Column A <br> Debtor 1 | Column B <br> Debtor 2 or <br> non-filing spouse |
|---|---|---|---|

7. **Interest, dividends, and royalties** $\qquad$ $ \_\_\_\_ 0.00 $\qquad$ $ \_\_\_\_ 0.00

8. **Unemployment compensation** $\qquad$ $ \_\_\_\_ 0.00 $\qquad$ $ \_\_\_\_ 0.00

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here: ..............................↓

For you .......................................................... $ \_\_\_\_ 0.00

For your spouse ........................................ $ \_\_\_\_ 0.00

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. $\qquad$ $ \_\_\_\_ 1,856.90 $\qquad$ $ \_\_\_\_ 1,062.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total on line 10c.

10a. _____ $ _____ $\qquad$ $ _____

10b. _____ $ _____ $\qquad$ $ _____

10c. Total amounts from separate pages, if any. + $ \_\_\_\_ 0.00 $\qquad$ + $ \_\_\_\_ 0.00

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ \_\_\_\_ 6,714.40  +  $ \_\_\_\_ 1,062.00  =  $7,776.40

**Total average monthly income**

---

| **Part 2:** | Determine How to Measure Your Deductions from Income |
|---|---|

---

12. **Copy your total average monthly income from line 11.** ............................................................ $ \_\_\_\_ 7,776.40

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 in line 13d.

☑ You are married and your spouse is filing with you. Fill in 0 in line 13d.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

In lines 13a-c, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 on line 13d.

13a. _____ $ _____

13b. _____ $ _____

13c. _____ + $ _____

13d. Total ............................................... $ \_\_\_\_ 0.00  Copy here. ➡ 13d. — \_\_\_\_ 0.00

14. **Your current monthly income.** Subtract line 13d from line 12. 14. $ \_\_\_\_ 7,776.40

---

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here ➡ ............................................................................................. 15a. $ \_\_\_\_ 7,776.40

Multiply line 15a by 12 (the number of months in a year). x 12

15b. The result is your current monthly income for the year for this part of the form. 15b. $ \_\_\_\_ 93,316.80

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Debtor 1 **Delanor  Ulysse** _____  Case number (*if known*) **15-25340-JKO** _____
First Name        Middle Name        Last Name

16. **Calculate the median family income that applies to you.** Follow these steps:

    16a. Fill in the state in which you live.                               **Florida**

    16b. Fill in the number of people in your household.                    __3__

    16c. Fill in the median family income for your state and size of household. ..................................................................16c.   $ __57,977.00__
    To find a list of applicable median income amounts, go online using the link specified in the separate
    instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

    17a. ☐  Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C.*
    *§ 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Disposable Income* (Official Form 22C–2).

    17b. ☑  Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C.*
    *§ 1325(b)(3).* **Go to Part 3 and fill out Calculation of Disposable Income (Official Form 22C–2).** On line 39 of that form, copy
    your current monthly income from line 14 above.

---

| **Part 3:** | Calculate Your Commitment Period Under 11 U.S.C. §1325(b)(4) |
| --- | --- |

18. **Copy your total average monthly income from line 11.** .................................................................................................................18.   $ __7,776.40__

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend
    that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's
    income, copy the amount from line 13d.

    If the marital adjustment does not apply, fill in 0 on line 19a.                                          19a.  − $ __0.00__

    **Subtract line 19a from line 18.**                                                                       19b.  $ __7,776.40__

20. **Calculate your current monthly income for the year.** Follow these steps:

    20a. Copy line 19b. ...............................................................................................................................................20a.   $ __7,776.40__

    Multiply by 12 (the number of months in a year).                                                         **x  12**

    20b. The result is your current monthly income for the year for this part of the form.                    20b.  $ __93,316.80__

    20c. Copy the median family income for your state and size of household from line 16c. ....................................................    $ __57,977.00__

21. **How do the lines compare?**

    ☐  Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is
    3 years*. Go to Part 4.

    ☑  Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form,
    check box 4, *The commitment period is 5 years*. Go to Part 4.

---

| **Part 4:** | Sign Below |
| --- | --- |

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

**✗** _/s/ Delanor Ulysse_____          **✗** _/s/ Alourdes Ulysse_____  _____
Signature of Debtor 1                                           Signature of Debtor 2

Date **August 25, 2015**                                        Date **August 25, 2015**
MM / DD  / YYYY                                                 MM / DD  / YYYY

If you checked 17a, do NOT fill out or file Form 22C–2.

If you checked 17b, fill out Form 22C–2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.



© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**Fill in this information to identify your case:**

Debtor 1  **Delanor  Ulysse**
First Name          Middle Name          Last Name

Debtor 2  **Alourdes  Ulysse**
(Spouse, if filing)  First Name          Middle Name          Last Name

United States Bankruptcy Court for the: **Southern District of Florida, Fort Lauderdale Division**

Case number  **15-25340-JKO**
(If known)

☐ Check if this is an amended filing

# Official Form 22C–2

# Chapter 13 Calculation of Your Disposable Income                    12/14

To fill out this form, you will need your completed copy of *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* (Official Form 22C–1).

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

| Part 1: | Calculate Your Deductions from Your Income |
|---|---|

The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 22C–1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 22C–1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5. **The number of people used in determining your deductions from income**

   Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

   **3**

   **National Standards**      You must use the IRS National Standards to answer the questions in lines 6-7.

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.          $ **1,249.00**

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health care costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

| Debtor 1 | __Delanor__ __Ulysse__ | Case number *(if known)* __15-25340-JKO__ |
|---|---|---|
| | First Name    Middle Name    Last Name | |

**People who are under 65 years of age**

7a. Out-of-pocket health care allowance per person    $_____**60.00**

7b. Number of people who are under 65    X_____**1**

7c. Subtotal. Multiply line 7a by line 7b.    $_____**60.00**    Copy line 7c here ➔    $_____**60.00**

**People who are 65 years of age or older**

7d. Out-of-pocket health care allowance per person    $_____**144.00**

7e. Number of people who are 65 or older    X_____**2**

7f. Subtotal. Multiply line 7d by line 7e.    $_____**288.00**    Copy line 7f here ➔    + $_____**288.00**

7g. **Total**. Add lines 7c and 7f. ................................................................    $_____**348.00**    Copy total here ➔ ......... 7g.    $_____**348.00**

| **Local Standards** | You must use the IRS Local Standards to answer the questions in lines 8-15. |
|---|---|

Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:

- Housing and utilities – Insurance and operating expenses
- Housing and utilities – Mortgage or rent expenses

To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

8. **Housing and utilities – Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.    $__**622.00**

9. **Housing and utilities – Mortgage or rent expenses:**

   9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.    $__**1,647.00**

   9b. Total average monthly payment for all mortgages and other debts secured by your home.

     To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| __Wells Fargo Home Mortgage__ | $__**4,108.95** |
| _____ | $_____ |
| _____ | + $_____ |

   9b. Total average monthly payment ........................    $__**4,108.95**    Copy line 9b here ➔    − $__**4,108.95**    Repeat this amount on line 33a.

   9c. Net mortgage or rent expense.

     Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0.    $_____**0.00**    Copy 9c here ➔    $_____**0.00**

10. **If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.**    $_____**0.00**

   Explain why: _____

     _____

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Debtor 1 __ **Delanor  Ulysse** _____ Case number (*if known*) **15-25340-JKO** _____
First Name        Middle Name        Last Name

---

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

- ☑ 0. Go to line 14.
- ☐ 1. Go to line 12.
- ☐ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.                    $_____**0.00**

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

**Vehicle 1** | Describe Vehicle 1: _____
_____

13a. Ownership or leasing costs using IRS Local Standard                    13a.   $_____**0.00**

13b. Average monthly payment for all debts secured by Vehicle 1.
Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| **Capital One Auto Finance** | $_____**383.33** |

Copy 13b here ➡    — $_____**383.33**    Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense
Subtract line 13b from line 13a. If this number is less than $0, enter $0.    13c.  $_____**0.00**    Copy net Vehicle 1 expense here ➡    $_____**0.00**

**Vehicle 2** | Describe Vehicle 2: _____
_____

13d. Ownership or leasing costs using IRS Local Standard                    13d.   $_____**0.00**

13e. Average monthly payment for all debts secured by Vehicle 2.
Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| _____ | $_____**0.00** |

Copy here ➡    — $_____**0.00**    Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense
Subtract line 13e from line 13d. If this number is less than $0, enter $0.    13f.  $_____**0.00**    Copy net Vehicle 2 expense here ➡    $_____**0.00**

14. **Public transportation expense**: If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the *Public Transportation* expense allowance regardless of whether you use public transportation.                    $ **185.00**

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.                    $_____**0.00**

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

---

Debtor 1    **Delanor  Ulysse** _____     Case number (if known) **15-25340-JKO**_____
              First Name    Middle Name    Last Name

| | | |
|---|---|---|
| **Other Necessary Expenses** | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. | |

16. **Taxes:** The total monthly amount that you actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.    $ **488.24**

   Do not include real estate, sales, or use taxes.

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.    $ **1,900.00**

   Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.

18. **Life insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.    $ **0.00**

   Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.    $ **0.00**

   Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.

20. **Education:** The total monthly amount that you pay for education that is either required:
   - as a condition for your job, or
   - for your physically or mentally challenged dependent child if no public education is available for similar services.    $ **0.00**

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.    $ **0.00**
   Do not include payments for any elementary or secondary school education.

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.    $ **0.00**

   Payments for health insurance or health savings accounts should be listed only in line 25.

23. **Optional telephones and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.    + $ **0.00**

   Do not include payments for basic home telephone, internet or cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Form 22C-1, or any amount you previously deducted.

24. **Add all of the expenses allowed under the IRS expense allowances.**    $4,792.24
   Add lines 6 through 23.

| | | |
|---|---|---|
| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test. *Note:* Do not include any expense allowances listed in lines 6-24. | |

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

   Health insurance    $    **54.74**

   Disability insurance    $    **0.00**

   Health savings account    + $    **0.00**

   Total    $    **54.74**    Copy total here ➔ ............................................................    $____**54.74**

   Do you actually spend this total amount?

   ☐ No. How much do you actually spend?    $_____ **0.00**
   ☑ Yes

26. **Continuing contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses.    $ **0.00**

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.    $ **0.00**

   By law, the court must keep the nature of these expenses confidential.

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Debtor 1 __Delanor  Ulysse_____    Case number *(if known)* __15-25340-JKO_____
    First Name     Middle Name     Last Name

28. **Additional home energy costs.** Your home energy costs are included in your non-mortgage housing and utilities allowance on line 8.

    If you believe that you have home energy costs that are more than the home energy costs included in the non-mortgage housing and utilities allowance, then fill in the excess amount of home energy costs.       $_____0.00

    You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $156.25* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.       $_____0.00

    You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

    *  Subject to adjustment on 4/01/16, and every 3 years after that for cases begun on or after the date of adjustment.

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.       $_____0.00

    To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

    You must show that the additional amount claimed is reasonable and necessary.

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)3 and (4).       + _____0.00

    Do not include any amount more than 15% of your gross monthly income.

32. **Add all of the additional expense deductions.**       $_____54.74
    Add lines 25 through 31.

## Deductions for Debt Payment

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33g.**

    To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| | Average monthly payment |
|---|---|
| **Mortgages on your home** | |
| 33a. Copy line 9b here ............................................... ➔ | $_____4,108.95 |
| **Loans on your first two vehicles** | |
| 33b. Copy line 13b here. ............................................ ➔ | $_____383.33 |
| 33c. Copy line 13e here. ............................................ ➔ | $_____0.00 |

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| 33d. _____ | _____ | ☐No ☐Yes | $_____ |
| 33e._____ | _____ | ☐No ☐Yes | $_____ |
| 33f. _____ | _____ | ☐No ☐Yes | + $_____ |

33g. Total average monthly payment. Add lines 33a through 33f.....................   $_____0.00   Copy total here ➔   $_____0.00

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

Debtor 1  __**Delanor  Ulysse**_____  Case number *(if known)* **15-25340-JKO**_____
           First Name    Middle Name         Last Name

34. **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

☑ No.  Go to line 35.

☐ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| _____ | _____ | $_____ ÷ 60 = | $_____ | |
| _____ | _____ | $_____ ÷ 60 = | $_____ | |
| _____ | _____ | $_____ ÷ 60 = + | $_____ | |

Total $_____**0.00**_____ **Copy total here ➜** $____**0.00**____

35. **Do you owe any priority claims—such as a priority tax, child support, or alimony—that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

☑ No.  Go to line 36.

☐ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

Total amount of all past-due priority claims. ........................................ $_____**0.00** ÷ 60   $____**0.00**____

36. **Projected monthly Chapter 13 plan payment**  $_____

Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).  x   _____

To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

Average monthly administrative expense  $_____  **Copy total here ➜** $_____

37. **Add all of the deductions for debt payment.** Add lines 33g through 36.  |$__**4,585.61**__|

**Total Deductions from Income**

38. **Add all of the allowed deductions.**

Copy line 24, *All of the expenses allowed under IRS expense allowances*.......................  $_____**4,792.24**

Copy line 32, *All of the additional expense deductions*.........................................  $_____**54.74**

Copy line 37, *All of the deductions for debt payment*.........................................  + $_____**4,585.61**

Total deductions  $_____**9,432.59**  **Copy total here ➜** |$  **9,432.59**|

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)


45

| Debtor 1 | **Delanor   Ulysse** | Case number (if known) **15-25340-JKO** |
|---|---|---|
| | First Name        Middle Name        Last Name | |

### Part 2:  Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2)

39. Copy your total current monthly income from line 14 of Form 22C-1, *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.* .................................................................................................   $ 7,776.40

40. **Fill in any reasonably necessary income you receive for support for dependent children.** The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 22C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child.   $_____ 0.00

41. **Fill in all qualified retirement deductions.** The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19).   $_____ 0.00

42. **Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).** Copy line 38 here ..............➜   $    9,432.59

43. **Deduction for special circumstances.** If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

| Describe the special circumstances | Amount of expense |
|---|---|
| 43a. _____ | $_____ |
| 43b. _____ | $_____ |
| 43c. _____ | + $_____ |
| 43d.**Total.** Add lines 43a through 43c....................... | $_____ 0.00  Copy 43d here ➜  + $_____ 0.00 |

44. **Total adjustments.** Add lines 40 and 43d. .........................➜   $    9,432.59  Copy total here ➜  – $9,432.59

45. **Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39.   $ -1,656.19

### Part 3:   Change in Income or Expenses

46. **Change in income or expenses.** If the income in Form 22C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 22C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 22C–1 ☐ 22C–2 | ____ | _____ | _____ | ☐ Increase ☐ Decrease | $_____ |
| ☐ 22C–1 ☐ 22C–2 | ____ | _____ | _____ | ☐ Increase ☐ Decrease | $_____ |
| ☐ 22C–1 ☐ 22C–2 | ____ | _____ | _____ | ☐ Increase ☐ Decrease | $_____ |
| ☐ 22C–1 ☐ 22C–2 | ____ | _____ | _____ | ☐ Increase ☐ Decrease | $_____ |

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

| Debtor 1 | **Delanor  Ulysse** | | | Case number *(if known)* **15-25340-JKO** |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| Part 4: | Sign Below |
|---|---|

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

✖ **/s/ Delanor Ulysse**

Signature of Debtor 1

Date **August 25, 2015**
  MM /  DD  / YYYY

✖ **/s/ Alourdes Ulysse**

Signature of Debtor 2

Date **August 25, 2015**
  MM /  DD  / YYYY

© 2015 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

**UNITED STATES BANKRUPTCY COURT**
**Southern District of Florida, Fort Lauderdale Division**
www.flsb.uscourts.gov

In Re:

Ulysse, Delanor & Ulysse, Alourdes

Case Number 15-25340-JKO
Chapter 13

Debtor(s)

**DECLARATION UNDER PENALTY OF PERJURY TO ACCOMPANY PETITIONS, SCHEDULES,
FILING FEE APPLICATIONS AND STATEMENTS FILED ELECTRONICALLY**

*Note: This declaration must be filed with each electronically filed initial petition or amended petition and must contain the imaged signature of the debtor. This declaration must also be filed with an initial schedule, Application to Pay Filing Fee in Installments, Application for Waiver of the Chapter 7 Filing Fee, SFA, Statement of Social Security Number, or Statement of Current Monthly Income (OBF 22) not filed with the initial petition or any amended schedules, SFA, Statement of Social Security Number, and/or Statement of Current Monthly Income (OBF 22) unless these documents contain an imaged signature of the debtor(s).*

**Check all documents that apply to this declaration**

| | |
|---|---|
| [  ] Application by Individual Debtor to Pay Filing Fee in Installments | [  ] Application for Waiver of the Chapter 7 Filing Fee for Individuals Who Cannot Pay the Filing Fee in Full or in Installments |
| [x] Voluntary petition signed by me on            8/25/2015 | [  ] Amended voluntary petition signed by me on |
| [x] Schedules signed by me on 8/25/2015 | [  ] Amended schedules signed by me on |
| [x] Statement of Financial Affairs signed by me on 8/25/2015 | [  ] Amended Statement of Financial Affairs signed by me on |
| [x] Statement of Social Security Number(s) signed by me on 8/25/2015 | [  ] Amended Statement of Social Security Number(s) signed by me on |
| [x] Statement of **Current Monthly Income (OBF 22)** signed by me on 8/25/2015 | [  ] Amended Statement of **Current Monthly Income (OBF 22)** signed by me on |

I, Ulysse, Delanor & Ulysse, Alourdes                              , the undersigned debtor(s) **hereby declare under penalty of perjury as follows:**

1. I have reviewed and signed the original(s) of the document(s) identified above and the information contained in the Verified Document(s) is true and correct to the best of my knowledge and belief.

2. I understand that Verified Document(s) filed in electronic form shall be treated for all purposes (both civil and criminal, including penalties for perjury) in the same manner as though signed or subscribed.

3. I understand that the Verified Document(s) will be filed by my attorney in electronic form in connection with the above captioned case and that I have received and reviewed copies of the Verified Document(s) I have signed.

4. I understand that my attorney is required by the court to retain the original signed Verified Document(s) for five years from date of discharge, dismissal or the conclusion of any pending appeals in this case and provide these documents to the court upon request at any time.

**Signature of Debtor**
**(If non individual, authorized corporate representative)**
Ulysse, Delanor
**Print or Type Name (and title if applicable)**
Chad Van Horn
**Print or Type Name of Attorney for Debtor**

**Signature of Joint Debtor (if applicable)**

Ulysse, Alourdes
**Print Name**
(888) 381-2799
**Phone:**

LF-11 (rev. 03/06/12)

48

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re:                                                    Case No.        15-25340-JKO

                                                          Chapter 13

Delanor Ulysse
Alourdes Ulysse

Debtors _____ /

## DECLARATION REGARDING PAYMENT ADVICES

**Debtor**:

__X__   Copies of all payment advices, pay stubs or other evidence of payment received by the debtor from any employer within 60 days prior to the filing of the bankruptcy petition are attached. (Note: If you worked some, but not all of the 60 days prior, attach copies of any and all received and provide explanation that you didn't work the full 60 days.
_____)

_____        Copies of all payment advices **are not** attached because the debtor had no income from any employer during the 60 days prior to filing the bankruptcy petition.

_____        Copies of all payment advices **are not** attached because the debtor:
____receives disability payments
____is unemployed and does not receive unemployment compensation
____receives Social Security payments
____receives a pension
____does not work outside the home
____is self employed and does not receive payment advices

_____   None of the statements above apply, however, the debtor is unable to timely provide some or all copies of payment advices or other evidence of payment received
Explain:_____

**Joint Debtor (if applicable):**

_____        Copies of payment advices, pay stubs or other evidence of payment received by the joint debtor from any employer within 60 days prior to the filing of the bankruptcy petition are attached. (Note: If you worked some, but not all of the 60 days prior, attach copies of any and all received and provide explanation that you didn't work the full 60 days.
_____)

__X__        Copies of payment advices **are not** attached because the joint debtor had no income from any employer during the 60 days prior to filing the bankruptcy petition.

___X___         Copies of payment advices **are not** attached because the joint debtor:
      _____receives disability payments
      _____is unemployed and does not receive unemployment compensation
      ___X___receives Social Security payments
      _____receives a pension
      _____does not work outside the home
      _____is self employed and does not receive payment advices


_____     None of the statements above apply, however,   the joint debtor is unable to timely
provide some or all copies of payment advices or other evidence of payment received
Explain: _____
_____


**NOTE: When submitting copies of evidence of payment such as pay stubs or   payment advices, it is your responsibility to redact (blackout) any social security numbers, names of minor children, dates of birth or financial account numbers before attaching for filing with the court.**

__/s/ Chad T. Van Horn_____          Date: August 25, 2015_____
Signature of Attorney or Debtor

_____          Date:_____
Signature of Attorney or Joint Debtor

**COAST TO COAST LEGAL AID**
**OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL  33312

FORT LAUDERDALE, FL 33301

Check: 0006862

| | DATE | AMOUNT |
|---|---|---|
| | 8/14/2015 | ***********0.00 |

Pay: ***No/100 Dollars***

To the
Order of:

DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL  33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 36,243.75 |

8/14/2015                    0006862

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 112.50 |
| HEALTH INS | 14.50 | 217.50 |
| TDA | 950.00 | 14,250.00 |
| VISION | 5.38 | 80.70 |
| FICA | 148.31 | 2,224.65 |
| FICAMED | 34.69 | 520.31 |
| FWT | 58.00 | 881.00 |
| EFT | 1,197.87 | 17,957.09 |

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 36,243.75 | 3,625.96 | 32,617.79 | 0.00 |

P/P ENDING 08/15/15

Married
3
0.00

**COAST TO COAST LEGAL AID
OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL  33312

Bank of America
FORT LAUDERDALE, FL 33301

63-
630

**Check:** 0006831

| DATE | AMOUNT |
|---|---|
| 7/30/2015 | ***********0.00 |

Pay: ***No/100 Dollars***

To the
Order of:

DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL  33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.          7/30/2015          0006831

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 33,827.50 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 105.00 |
| HEALTH INS | 14.50 | 203.00 |
| TDA | 950.00 | 13,300.00 |
| VISION | 5.38 | 75.32 |
| FICA | 148.31 | 2,076.34 |
| FICAMED | 34.69 | 485.62 |
| FWT | 58.00 | 823.00 |
| EFT | 1,197.87 | 16,759.22 |

P/P ENDING 07/30/15

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 33,827.50 | 3,384.96 | 30,442.54 | 0.00 |

Married
3

0.00

**COAST TO COAST LEGAL AID**
**OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

Bank of America
FORT LAUDERDALE, FL 33301

63-4
630

**Check:** 0006801

| DATE | AMOUNT |
|---|---|
| 7/15/2015 | ***********0.00 |

Pay: ***No/100 Dollars***

To the
Order of:

DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.      7/15/2015      0006801

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 31,411.25 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 97.50 |
| HEALTH INS | 14.50 | 188.50 |
| TDA | 950.00 | 12,350.00 |
| VISION | 5.38 | 69.94 |
| FICA | 148.31 | 1,928.03 |
| FICAMED | 34.69 | 450.93 |
| FWT | 58.00 | 765.00 |
| EFT | 1,197.87 | 15,561.35 |

P/P ENDING 07/15/15

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 31,411.25 | 3,143.96 | 28,267.29 | 0.00 |

ULYSSE, DELANOR      7/15/2015      0006801

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 31,411.25 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 97.50 |
| HEALTH INS | 14.50 | 188.50 |
| TDA | 950.00 | 12,350.00 |
| VISION | 5.38 | 69.94 |
| FICA | 148.31 | 1,928.03 |
| FICAMED | 34.69 | 450.93 |
| FWT | 58.00 | 765.00 |
| EFT | 1,197.87 | 15,561.35 |

P/P ENDING 7/15/2015

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 31,411.25 | 3,143.96 | 28,267.29 | 0.00 |

**COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

Bank of America
FORT LAUDERDALE, FL 33301

63-
630

**Check:** 0006771

| DATE | AMOUNT |
|------|--------|
| 6/30/2015 | ***********0.00 |

Pay: **\*\*\*No/100 Dollars\*\*\***

To the
Order of:

DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.          6/30/2015          0006771

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---------|---------|---------|---------|---------|
| Salary | 0.00 | 2,416.25 | 0.00 | 28,995.00 |

| Tax / Deduction | Cur | Ytd |
|-----------------|-----|-----|
| DENTAL INS | 7.50 | 90.00 |
| HEALTH INS | 14.50 | 174.00 |
| TDA | 950.00 | 11,400.00 |
| VISION | 5.38 | 64.56 |
| FICA | 148.31 | 1,779.72 |
| FICAMED | 34.69 | 416.24 |
| FWT | 58.00 | 707.00 |
| EFT | 1,197.87 | 14,363.48 |

P/P ENDING 06/30/15

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|----------|-------|------------|---------|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 28,995.00 | 2,902.96 | 26,092.04 | 0.00 |

**COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

Bank of America
FORT LAUDERDALE, FL 33301

630

Check: 0006741

| DATE | AMOUNT |
|------|--------|
| 6/15/2015 | ***********0.00 |

Pay: ***No/100 Dollars***

To the
Order of:

DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.      6/15/2015     0006741

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---------|---------|---------|---------|---------|
| Salary | 0.00 | 2,416.25 | 0.00 | 26,578.75 |

| Tax / Deduction | Cur | Ytd |
|-----------------|-----|-----|
| DENTAL INS | 7.50 | 82.50 |
| HEALTH INS | 14.50 | 159.50 |
| TDA | 950.00 | 10,450.00 |
| VISION | 5.38 | 59.18 |
| FICA | 148.31 | 1,631.41 |
| FICAMED | 34.69 | 381.55 |
| FWT | 58.00 | 649.00 |
| EFT | 1,197.87 | 13,165.61 |

P/P ENDING 06/15/15

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---------|----------|-------|------------|---------|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 26,578.75 | 2,661.96 | 23,916.79 | 0.00 |

ULYSSE, DELANOR      6/15/2015     0006741

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---------|---------|---------|---------|---------|
| Salary | 0.00 | 2,416.25 | 0.00 | 26,578.75 |

| Tax / Deduction | Cur | Ytd |
|-----------------|-----|-----|
| DENTAL INS | 7.50 | 82.50 |
| HEALTH INS | 14.50 | 159.50 |
| TDA | 950.00 | 10,450.00 |
| VISION | 5.38 | 59.18 |
| FICA | 148.31 | 1,631.41 |
| FICAMED | 34.69 | 381.55 |
| FWT | 58.00 | 649.00 |
| EFT | 1,197.87 | 13,165.61 |

P/P ENDING 6/15/2015

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---------|----------|-------|------------|---------|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 26,578.75 | 2,661.96 | 23,916.79 | 0.00 |

55

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**
☐ _____ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR:__Delanor Ulysse_____ JOINT DEBTOR:_Alourdes Ulysse_____ CASE NO.:__15-25340-JKO__
Last Four Digits of SS# xxx-xx-3815  Last Four Digits of SS# xxx-xx-6238          Case Filed On:__8/25/2015__

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of __60__ months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

    A.    $____90.00__ for months __1__ to __60__ ;
    B.    $_____ for months _____ to _____;
    C.    $_____ for months _____ to _____; in order to pay the following creditors:

Administrative:    Safe Harbor Attorney's Fee    $ 3,500.00____    Plus filing fees and costs
                   Total Attorney's Fees Owed    **$ 3,500.00**
                   Total Paid Direct by Client   $___750.00___    Plus filing fees and costs
                   Balance Due                   **$ 2,750.00**    payable $ 81.82  /month (Months __1__ to _33_ )
                                                                    payable $ 49.94  /month (Month __34__ )

Secured Creditors:  [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1. __–none-__
**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
|  | $ | % | $ | _____ To |  |

Priority Creditors: [as defined in 11 U.S.C. §507]

1. none_____          Total Due    $_____ Payable          $_____/month (Months____ to ___)

Unsecured Creditors:    Pay $___0.00__ /month (Months__1__ to _33_ )
                        Pay $_31.88_ /month (Month _34_ ).
                        Pay $_81.82_ /month (Months_35__ to _60_ )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.
**Other Provisions Not Included Above**:

Debtor will pay direct to Wells Fargo Home Mortgage acct # ending 3664 for Homestead Property Located at 2081 N.W. 86 Terrace, Coral Springs, FL.

Debtor will pay direct to Lauderdale Memorial Park acct # ending 6517 for Funeral plot located in Fort Lauderdale, FL.

Debtor will pay direct to Capital One Auto Finance acct# ending 6517 for 2015 Kia Sorrento L 4D Utility VIN No. 5XYPGA35GG034109.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____/s/_____
Debtor

Date:_September 9, 2015_____

LF-31 (rev. 01/08/10)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

CASE NO.: 15-25340-BKC-JKO
PROCEEDING UNDER CHAPTER 13

IN RE:

DELANOR ULYSSE
XXX-XX-3815
ALOURDES ULYSSE
XXX-XX-6238

DEBTORS_____/

## OBJECTION TO EXEMPTIONS AND CERTIFICATE OF SERVICE OF COURT GENERATED NOTICE OF HEARING

**Robin R. Weiner**, Chapter 13 Trustee in the above-referenced bankruptcy case ("Trustee"), hereby objects to the Debtors' claimed exemptions in Schedule C and states:

1.　　The Debtors' claim of exemption in FURNITURE UNDER CAR ECEMPTION violates the provisions of 11 U.S.C. Section 511, F.S. Section 222.20 and F.S. Section 222.30.

**WHEREFORE**, the Trustee respectfully requests that the claimed exemption(s) be stricken and disallowed.

**I HEREBY CERTIFY** that I am admitted to the Bar of United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A) and that a true and correct copy of this Trustee's Objection to Exemptions and Certificate of Service of Court Generated Notice of Hearing was served, via U.S. first class mail and/or CM/ECF, to the parties listed on the attached service list this 17th day of November, 2015.

*/s/ Robin R. Weiner*
ROBIN R. WEINER, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 559007
FORT LAUDERDALE, FL 33355-9007
TELEPHONE: 954-382-2001
FLORIDA BAR NO.: 861154

57

## SERVICE LIST

**COPIES FURNISHED TO:**

**DEBTORS**
DELANOR ULYSSE
ALOURDES ULYSSE
2081 NW 86TH TER
CORAL SPRINGS, FL  33071-6169

**ATTORNEY FOR DEBTORS**
CHAD T. VAN HORN, ESQUIRE
330 N ANDREWS AVENUE
SUITE 450
FT. LAUDERDALE, FL  33301

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Delanor Ulysse** |
| | First Name  Middle Name  Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name  Middle Name  Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | **15-25340-JKO** |

■ Check if this is an amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory limit.**

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own  Copy the value from *Schedule A/B* | Amount of the exemption you claim  *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Debtor 1 Exemptions** | | | |
| **Homestead located at: 2081 N.W. 86 Terrace Coral Springs, FL  33071 Loan No.** Line from *Schedule A/B*: **1.1** | $235,890.00 | ☐ _____ ■ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. Art. X, §4(a)(1); Fla. Stat.§§ 222.01, 222.02** |
| **Mausoleum/Funeral Plan** Line from *Schedule A/B*: **1.2** | $5,579.00 | ■ $0.00 ☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. Art. X, §4(a)(1); Fla. Stat.§§ 222.01, 222.02** |
| **1999 Izuzu Rodeo VIN No. 4S2CK58W5X4374** Line from *Schedule A/B*: **3.2** | $575.00 | ☐ _____ ■ 100% of fair market value, up to any applicable statutory limit | **Fla. Stat. § 222.25(1)** |
| **Misc. used books and pictures on no real value to anyone but debtors.** Line from *Schedule A/B*: **8.1** | $25.00 | ■ $0.00 ☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. Art X, § 4(a)(2)** |
| **Clothing of no real value to anyone but debtors.** Line from *Schedule A/B*: **11.1** | $50.00 | ■ $0.00 ☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. Art X, § 4(a)(2)** |

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Bank of America Checking Acct. Ending 9830**<br>Line from *Schedule A/B:* **17.1** | $2,336.74 | ■ $912.30<br>☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. Art X, § 4(a)(2)** |
| **Mutual of America IRA**<br>Line from *Schedule A/B:* **21.2** | $13,061.60 | ☐ _____<br>■ 100% of fair market value, up to any applicable statutory limit | **Fla. Stat. § 222.21(2)** |
| **403(b) Thrift Mutual of America**<br>Line from *Schedule A/B:* **21.3** | $4,908.79 | ☐ _____<br>■ 100% of fair market value, up to any applicable statutory limit | **Fla. Stat. § 222.21(2)** |

3. **Are you claiming a homestead exemption of more than $155,675?**
   (Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ■ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ■ No

       ☐ Yes

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | |
| | First Name           Middle Name        Last Name |
| Debtor 2 | **Alourdes Ulysse** |
| (Spouse if, filing) | First Name           Middle Name        Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA |
| Case number (if known) | **15-25340-JKO** |

■ Check if this is an amended filing

## Official Form 106C
## Schedule C: The Property You Claim as Exempt                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

| Part 1: | Identify the Property You Claim as Exempt |
|---|---|

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Debtor 2 Exemptions**<br>**Homestead located at: 2081 N.W. 86 Terrace**<br>**Coral Springs, FL  33071**<br>**Loan No.**<br>Line from *Schedule A/B*: **1.1** | $235,890.00 | ☐ _____<br>■ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. Art. X, §4(a)(1); Fla. Stat.§§ 222.01, 222.02** |
| **Mausoleum/Funeral Plan**<br>Line from *Schedule A/B*: **1.2** | $5,579.00 | ■ _____$0.00_____<br>☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. Art. X, §4(a)(1); Fla. Stat.§§ 222.01, 222.02** |
| **1999 Izuzu Rodeo VIN No. 4S2CK58W5X4374**<br>Line from *Schedule A/B*: **3.2** | $575.00 | ☐ _____<br>■ 100% of fair market value, up to any applicable statutory limit | **Fla. Stat. § 222.25(1)** |
| **Misc. used books and pictures on no real value to anyone but debtors.**<br>Line from *Schedule A/B*: **8.1** | $25.00 | ■ _____$0.00_____<br>☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. Art X, § 4(a)(2)** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Clothing of no real value to anyone but debtors.**<br>Line from *Schedule A/B*: **11.1** | $50.00 | ■ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. Art X, § 4(a)(2)** |
| **Bank of America Checking Acct. Ending 9830**<br>Line from *Schedule A/B*: **17.1** | $2,336.74 | ■ $912.30<br>☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. Art X, § 4(a)(2)** |
| **IBM Southeast Employees Credit Union Acct. Ending 2621**<br>Line from *Schedule A/B*: **17.2** | $175.40 | ■ $175.40<br>☐ 100% of fair market value, up to any applicable statutory limit | **Fla. Const. Art X, § 4(a)(2)** |

3. **Are you claiming a homestead exemption of more than $155,675?**
(Subject to adjustment on 4/01/16 and every 3 years after that for cases filed on or after the date of adjustment.)

☐ No

■ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ■ No

    ☐ Yes

<table>
<tr><td colspan="4"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| | | | |
|---|---|---|---|
| Debtor 1 | **Delanor Ulysse** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Alourdes Ulysse** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF FLORIDA | | |
| Case number | **15-25340-JKO** | | |
| (if known) | | | |

■ Check if this is an
amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information  12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new** *Summary* **and check the box at the top of this page.**

### Part 1:   Summarize Your Assets

| | **Your assets** |
|---|---|
| | Value of what you own |

1. **Schedule A/B: Property** (Official Form 106A/B)
   1a. Copy line 55, Total real estate, from Schedule A/B........................................................... $  **241,469.00**

   1b. Copy line 62, Total personal property, from Schedule A/B.................................................. $  **43,492.53**

   1c. Copy line 63, Total of all property on Schedule A/B............................................................ $  **284,961.53**

### Part 2:   Summarize Your Liabilities

| | **Your liabilities** |
|---|---|
| | Amount you owe |

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)
   2a. Copy the total you listed in Column A *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...*    $  **275,136.48**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
   3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*...............................    $  **0.00**

   3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*...........................    $  **95,434.96**

   **Your total liabilities** $  **370,571.44**

### Part 3:   Summarize Your Income and Expenses

4. *Schedule I: Your Income* (Official Form 106I)
   Copy your combined monthly income from line 12 of *Schedule I*......................................................   $  **5,513.39**

5. *Schedule J: Your Expenses* (Official Form 106J)
   Copy your monthly expenses from line 22c of *Schedule J*...........................................................   $  **5,415.14**

### Part 4:   Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**
   ☐  No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■  Yes

7. **What kind of debt do you have?**
   ■  **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C § 159.

   ☐  **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum      **Summary of Your Assets and Liabilities and Certain Statistical Information**      page 1 of 2

Debtor 1
Debtor 2   **Ulysse, Delanor & Ulysse, Alourdes**

Case number *(if known)*  **15-25340-JKO**

8.  **From the** *Statement of Your Current Monthly Income*: Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$ _____ **7,776.40**

9.  **Copy the following special categories of claims from Part 4, line 6 of** *Schedule E/F*:

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ _____ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ 0.00 |

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:

Case No. 15-25340-JKO
Chapter 13

Alourdes Ulysee

_____Debtor_____/

### DEBTOR'S NOTICE OF COMPLIANCE WITH REQUIREMENTS FOR AMENDING CREDITOR INFORMATION

This notice is being filed in accordance with Local Rules 1007-2(B), 1009-1(C), or 1019-1(B) upon the filing of an amendment to the debtor's lists, schedules or statements, pursuant to Bankruptcy Rules 1007, 1009, or 1019. I hereby certify that:

[  ]   The paper filed **adds** creditor(s) as reflected on the attached list (include name and address of each creditor being added). I have:
1.   remitted the required fee (unless the paper is a Bankruptcy Rule 1019(5) report);
2.   provided the court with a supplemental matrix diskette **containing only the added creditors** or electronically uploaded  the added creditors in CM/ECF;
3.   provided notice to affected parties, including service of a copy of this notice and a copy of  the § 341 or post conversion meeting notice [Local Rule 1009-1(C)]; and
4.   filed an amended schedule(s) and summary of schedules.

[  ]   The paper filed **deletes** a creditor(s) as reflected on the attached list (include name and address of each creditor being deleted**). I have:**
1.   remitted the required fee;
2.   provided notice to affected parties and
3.   filed an amended schedule(s) and summary of schedules.

[  ]   The paper filed **corrects** the name and/or address of a creditor(s) as reflected on the attached list. **I have**:
1.   provided notice to affected parties, including service of a copy of this notice and a copy of the § 341 or post conversion meeting notice [Local Rule 1009-1(C)] and
2.   filed an amended schedule(s) or other paper.

[  ]   The paper filed **corrects** schedule D, E or F amount(s) or classification(s). **I have:**
1.   remitted the required fee;
2.   provided notice to affected parties and
3.   filed an amended schedule(s) and summary of schedules.

[X]   None of the above apply. The paper filed does not require an additional fee, a supplemental matrix, or notice to affected parties. It **X** does ☐ does not require the filing of an amended schedule and summary of schedules.

I also certify that, if required to be filed by the Bankruptcy Rules, the official form "Declaration Concerning Debtor's Schedules" has been signed by each debtor as required by Local Rules 1007-2(B), 1009-1(C), or 1019-1(B) and, if filed electronically without imaged signatures, a local form Declaration Re: Electronic Filing accompanied the filing of the document.

Dated:   December 04, 2015

_/s/Chad T Van Horn_____
Attorney for Debtor (or Debtor, if pro se)

_____
Joint Debtor (if applicable)

_Chad T. Van Horn_____
Print Name

_____
Address

_64500_____
Florida Bar Number

_954-765-3166_____
Phone Number

LF-4 (rev. 10/17/05)

65

| Fill in this information to identify your case: |
| --- |

| Debtor 1 | **Delanor Ulysse** |
| Debtor 2 (Spouse, if filing) | **Alourdes Ulysse** |
| United States Bankruptcy Court for the: | Southern District of Florida |
| Case number (if known) | **15-25340-JKO** |

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

■ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☐ 3. The commitment period is 3 years.

■ 4. The commitment period is 5 years.

■ Check if this is an amended filing

## Official Form 122C-1
# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period
**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Average Monthly Income |
| --- | --- |

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ■ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  |  | Column A Debtor 1 | Column B Debtor 2 or non-filing spouse |
| --- | --- | --- | --- |
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 4,857.50 | $ 0.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3 | $ 0.00 | $ 0.00 |
| 5. | **Net income from operating a business, profession, or farm** | | |

| 5. | Debtor 1 | | | |
| --- | --- | --- | --- | --- |
| Gross receipts (before all deductions) | $ 0.00 | | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | | |
| Net monthly income from a business, profession, or farm | $ 0.00 | Copy here -> $ | 0.00 | $ 0.00 |

| 6. | **Net income from rental and other real property** | Debtor 1 | | | |
| --- | --- | --- | --- | --- | --- |
| Gross receipts (before all deductions) | | $ 0.00 | | | |
| Ordinary and necessary operating expenses | | -$ 0.00 | | | |
| Net monthly income from rental or other real property | | $ 0.00 | Copy here -> $ | 0.00 | $ 0.00 |

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

| Debtor 1 | Ulysse, Delanor & Ulysse, Alourdes | | | Case number *(if known)* | 15-25340-JKO |
|---|---|---|---|---|---|
| Debtor 2 | | | | | |

|  | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 7. | **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
| 8. | **Unemployment compensation** | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| For you | $ 0.00 |
|---|---|
| For your spouse | $ 0.00 |

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act. — $ 1,856.90 | $ 1,062.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

| | Column A | Column B |
|---|---|---|
| | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| Total amounts from separate pages, if any. | + $ 0.00 | $ 0.00 |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ 6,714.40 + $ 1,062.00 = $ 7,776.40

**Total average monthly income**

---

**Part 2:**    Determine How to Measure Your Deductions from Income

12. **Copy your total average monthly income from line 11.** .................................................... $ 7,776.40

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 below.

■ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

| | $ |
|---|---|
| | $ |
| | + $ |
| Total | $ 0.00 | Copy here=> | - 0.00 |

14. **Your current monthly income.** Subtract line 13 from line 12.      $ 7,776.40

15. **Calculate your current monthly income for the year.** Follow these steps:

15a. Copy line 14 here=> ................................................................................... $ 7,776.40

Multiply line 15a by 12 (the number of months in a year).      x 12

15b. The result is your current monthly income for the year for this part of the form. ......................... $ 93,316.80

---

Official Form 122C-1    **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**    page 2

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

67

| Debtor 1<br>Debtor 2 | Ulysse, Delanor & Ulysse, Alourdes | Case number (*if known*) | 15-25340-JKO |
| --- | --- | --- | --- |

16. **Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live.     **FL**

16b. Fill in the number of people in your household.     **3**

16c. Fill in the median family income for your state and size of household.     $ **57,977.00**

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

17a. ☐   Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b. ■   Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

| Part 3: | Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4) |
| --- | --- |

18. **Copy your total average monthly income from line 11 .**     $ **7,776.40**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a.     –$ **0.00**

19b. **Subtract line 19a from line 18.**     $ **7,776.40**

20. **Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b.     $ **7,776.40**

Multiply by 12 (the number of months in a year).     **x 12**

20b. The result is your current monthly income for the year for this part of the form     $ **93,316.80**

20c. Copy the median family income for your state and size of household from line 16c     $ **57,977.00**

21. **How do the lines compare?**

☐   Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

■   Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

| Part 4: | Sign Below |
| --- | --- |

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X **/s/ Delanor Ulysse**          X **/s/ Alourdes Ulysse**

**Delanor Ulysse**                **Alourdes Ulysse**

Signature of Debtor 1              Signature of Debtor 2

Date **December 4, 2015**        Date **December 4, 2015**

      MM / DD / YYYY                   MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

<table>
<tr><td colspan="2">Fill in this information to identify your case:</td></tr>
<tr><td>Debtor 1</td><td><strong>Delanor Ulysse</strong></td></tr>
<tr><td>Debtor 2<br>(Spouse, if filing)</td><td><strong>Alourdes Ulysse</strong></td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of Florida</td></tr>
<tr><td>Case number<br>(if known)</td><td><strong>15-25340-JKO</strong></td></tr>
</table>

■ Check if this is an amended filing

Official Form 122C-2
# Chapter 13 Calculation of Your Disposable Income

12/15

**To fill out this form, you will need your completed copy of** *Chapter 13 Statement of Your Current Monthly income and Calculation of Commitment Period* **(Official Form 122C-1).**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form, Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).**

**Part 1:**     Calculate Your Deductions from Your Income

**The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.**

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 122C–1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 122G-1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5.    **The number of people used in determining your deductions from income**

     Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

> **3 Living**
> **0 Housing**

**National Standards**      You must use the IRS National Standards to answer the questions in lines 6-7.

6.    **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items.      $     **1,249.00**

7.    **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health car costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

Debtor 1   Ulysse, Delanor & Ulysse, Alourdes

Case number (*if known*)   **15-25340-JKO**

| People who are under 65 years of age | | | | | |
|---|---|---|---|---|---|
| 7a. | Out-of-pocket health care allowance per person | $ | **60** | | |
| 7b. | Number of people who are under 65 | X | **1** | | |
| 7c. | **Subtotal.** Multiply line 7a by line 7b. | $ | **60.00** | Copy here=> $ | **60.00** |

| People who are 65 years of age or older | | | | | |
|---|---|---|---|---|---|
| 7d. | Out-of-pocket health care allowance per person | $ | **144** | | |
| 7e. | Number of people who are 65 or older | X | **2** | | |
| 7f. | Subtotal. Multiply line 7d by line 7e. | $ | **288.00** | Copy here=> $ | **288.00** |
| 7g. | **Total.** Add line 7c and line 7f | $ | **348.00** | Copy total here=> $ | **348.00** |

**Local Standards**     You must use the IRS Local Standards to answer the questions in lines 8-15.

Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:

■ **Housing and utilities - Insurance and operating expenses**

■ **Housing and utilities - Mortgage or rent expenses**

To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

8.   **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.   $ **622.00**

9.   **Housing and utilities - Mortgage or rent expenses:**

9a.   Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.   $ **1,647.00**

9b.   Total average monthly payment for all mortgages and other debts secured by your home.

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| **Wells Fargo Home Mortgage** | $ **1,725.00** |

9b. Total average monthly payment   $ **1,725.00**   Copy here=>   -$ **1,725.00**   Repeat this amount on line 33a.

9c.   Net mortgage or rent expense.

Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0.   $ **0.00**   Copy here=> $ **0.00**

10.   **If you claim** that the U.S. Trustee Program's **division of the IRS Local Standard** for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.   $ **0.00**

Explain why:  _____

| Debtor 1<br>Debtor 2 | Ulysse, Delanor & Ulysse, Alourdes | Case number (if known) | 15-25340-JKO |
|---|---|---|---|

---

11. **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

    ■ 0. Go to line 14.

    ☐ 1. Go to line 12.

    ☐ 2 or more. Go to line 12.

12. **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.     $ _____ **0.00**

13. **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

| Vehicle 1 | Describe Vehicle 1: _____ |
|---|---|

13a. Ownership or leasing costs using IRS Local Standard.................................................    $ _____ **0.00**

13b. Average monthly payment for all debts secured by Vehicle 1.

    Do not include costs for leased vehicles.

    To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| | $ |
| Total Average Monthly Payment | $ _____ |

Copy here =>   -$ _____ **0.00**    Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense

    Subtract line 13b from line 13a. if the numbert is less than $0, enter $0. ....................    $ _____ **0.00**    **Copy net Vehicle 1 expense here =>**   $ _____ **0.00**

| Vehicle 2 | Describe Vehicle 2: _____ |
|---|---|

13d. Ownership or leasing costs using IRS Local Standard.................................................    $ _____ **0.00**

13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| | $ |
| Total Average Monthly Payment | $ _____ |

Copy here =>   -$ _____ **0.00**    Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense

    Subtract line 13e from line 13d. if this number is less than $0, enter $0. ....................    $ _____ **0.00**    **Copy net Vehicle 2 expense here =>**   $ _____ **0.00**

14. **Public transportation expense: If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the** *Public Transportation* **expense allowance regardless of whether you use public transportation.**     $ _____ **185.00**

15. **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.     $ _____ **0.00**

| Debtor 1 | Ulysse, Delanor & Ulysse, Alourdes | | Case number (*if known*) | 15-25340-JKO |
|----------|-----------------------------------|--|--------------------------|--------------|
| Debtor 2 | | | | |

| Other Necessary Expenses | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. |
|--------------------------|------------------------------------------------------------------------------------------------------------------------------|

16. **Taxes:** The total monthly amount that you will actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.

Do not include real estate, sales, or use taxes.     $    488.24

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.     $    1,900.00

18. **Life Insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.
Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.     $    0.00

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.     $    0.00

20. **Education:** The total monthly amount that you pay for education that is either required:

■ as a condition for your job, or

■ for your physically or mentally challenged dependent child if no public education is available for similar services.     $    0.00

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.

Do not include payments for any elementary or secondary school education.     $    0.00

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.

Payments for health insurance or health savings accounts should be listed only in line 25.     $    0.00

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.

Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122C-1, or any amount you previously deducted.     +$    0.00

24. **Add all of the expenses allowed under the IRS expense allowances.**

Add lines 6 through 23.     $    4,792.24

| Additional Expense Deductions | These are additional deductions allowed by the Means Test. |
|-------------------------------|-------------------------------------------------------------|
| | *Note*: Do not include any expense allowances listed in lines 6-24. |

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

| Health insurance | $ | 54.74 |
| Disability insurance | $ | 0.00 |
| Health savings account | + $ | 0.00 |
| Total | $ | 54.74 | Copy total here=> | $ | 54.74 |

Do you actually spend this total amount?
☐ No. How much do you actually spend?     $ _____
■ Yes

26. **Continued contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b).     $    0.00

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.

By law, the court must keep the nature of these expenses confidential.     $    0.00

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

| Debtor 1 Debtor 2 | Ulysse, Delanor & Ulysse, Alourdes | Case number (if known) | 15-25340-JKO |
|---|---|---|---|

28. **Additional home energy costs.** Your home energy costs are included in your non-mortgage housing and utilities allowance on line 8.

If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs.

You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary.

$ 0.00

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $156.25* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

* Subject to adjustment on 4/01/16, and every 3 years after that for cases begun on or after the date of adjustment.

$ 0.00

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

You must show that the additional amount claimed is reasonable and necessary.

$ 0.00

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)3 and (4).

Do not include any amount more than 15% of your gross monthly income.

$ 0.00

32. **Add all of the additional expense deductions.**
Add lines 25 through 31.

$ 54.74

**Deductions for Debt Payment**

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| | | Average monthly payment |
|---|---|---|
| **Mortgages on your home** | | |
| 33a. Copy line 9b here | => | $ 1,725.00 |
| **Loans on your first two vehicles** | | |
| 33b. Copy line 13b here | => | $ 344.00 |
| 33c. Copy line 13e here | => | $ 0.00 |

33d. List other secured debts

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| **Lauderdale Memorial Park** | **Mausoleum** | ■ No ☐ Yes | $ 156.45 |
| | | ☐ No ☐ Yes | $ |
| | | ☐ No ☐ Yes | +$ |

| 33e. Total average monthly payment. Add lines 33a through 33d | $ 2,225.45 | Copy total here=> | $ 2,225.45 |
|---|---|---|---|

| Debtor 1 | Ulysse, Delanor & Ulysse, Alourdes | Case number (*if known*) | 15-25340-JKO |
|---|---|---|---|
| Debtor 2 | | | |

**34. Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

■ No. Go to line 35.

☐ Yes. State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | Monthly cure amount |
|---|---|---|---|
| -NONE- | | $ ÷ 60 = $ | |

| | Total | $ 0.00 | Copy total here=> | $ 0.00 |
|---|---|---|---|---|

**35. Do you owe any priority claims - such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

■ No. Go to line 36.

☐ Yes. Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

| Total amount of all past-due priority claims | $ 0.00 | ÷ 60 | $ 0.00 |
|---|---|---|---|

**36. Projected monthly Chapter 13 plan payment**   $ 727.76

Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).   X   3.50

To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

| Average monthly administrative expense | $ 25.47 | Copy total here=> | $ 25.47 |
|---|---|---|---|

**37. Add all of the deductions for debt payment.**

Add lines 33e through 36.   $ 2,250.92

**Total Deductions from Income**

**38. Add all of the allowed deductions.**

| Copy line 24, *All of the expenses allowed under IRS expense allowances* | $ 4,792.24 |
|---|---|
| Copy line 32, *All of the additional expense deductions* | $ 54.74 |
| Copy line 37, *All of the deductions for debt payment* | +$ 2,250.92 |

| Total deductions........................................................ | $ 7,097.90 | Copy total here=> | $ 7,097.90 |
|---|---|---|---|

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

| Debtor 1<br>Debtor 2 | **Ulysse, Delanor & Ulysse, Alourdes** | Case number (*if known*) | **15-25340-JKO** |
|---|---|---|---|

| **Part 2:** | **Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2)** |
|---|---|

39. **Copy your total current monthly income from line 14 of Form 122C-1,** *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.* ........................ $ _____**7,776.40**

40. **Fill in any reasonably necessary income you receive for support for dependent children.** The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 122C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child. $ _____**0.00**

41. **Fill in all qualified retirement deductions.** The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19). $ _____**0.00**

42. **Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).** Copy line 38 here   => $ _____**7,097.90**

43. **Deduction for special circumstances.** If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

| **Describe the special circumstances** | **Amount of expense** |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

Total $ _____**0.00**   Copy here=> $ _____**0.00**

44. **Total adjustments.** Add lines 40 through 43   => $ _____**7,097.90**   Copy here=> -$ _____**7,097.90**

45. **Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39.   $ _____**678.50**

| **Part 3:** | **Change in Income or Expenses** |
|---|---|

46. **Change in income or expenses.** If the income in Form 122C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 122C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 122C-1 | ____ | _____ | _____ | ☐ Increase | |
| ☐ 122C-2 | ____ | _____ | _____ | ☐ Decrease | $ _____ |
| ☐ 122C-1 | ____ | _____ | _____ | ☐ Increase | |
| ☐ 122C-2 | ____ | _____ | _____ | ☐ Decrease | $ _____ |
| ☐ 122C-1 | ____ | _____ | _____ | ☐ Increase | |
| ☐ 122C-2 | ____ | _____ | _____ | ☐ Decrease | $ _____ |
| ☐ 122C-1 | ____ | _____ | _____ | ☐ Increase | |
| ☐ 122C-2 | ____ | _____ | _____ | ☐ Decrease | $ _____ |

Software Copyright (c) 1996-2015 CIN Group - www.cincompass.com

Debtor 1
Debtor 2  **Ulysse, Delanor & Ulysse, Alourdes**                    Case number (*if known*)  **15-25340-JKO**

| Part 4: | Sign Below |
| --- | --- |

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

X **/s/ Delanor Ulysse**                                    X **/s/ Alourdes Ulysse**
  **Delanor Ulysse**                                          **Alourdes Ulysse**
  Signature of Debtor 1                                       Signature of Debtor 2

Date **December  4, 2015**                              Date **December  4, 2015**
  MM / DD / YYYY                                              MM / DD / YYYY

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

X    1st    Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐        Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR:   Delanor Ulysse      JOINT DEBTOR: Alourdes Ulysse      CASE NO.:   15-25340-JKO
Last Four Digits of SS# xxx-xx-3815   Last Four Digits of SS# xxx-xx-6238      Case Filed On:   8/25/2015

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of   60   months.  In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

     A.     $   90.00   for months   1   to   4   ;
     B.     $   115.00   for months   5   to   60   ;
     C.     $      for months      to      ; in order to pay the following creditors:

Administrative:     Safe Harbor Attorney's Fee     $ 3,500.00     Plus filing fees and costs
             Total Attorney's Fees Owed     **$ 3,500.00**
             Total Paid Direct by Client     $   750.00     Plus filing fees and costs
                     Balance Due     **$ 2,750.00**     payable $   81.82   /month (Months   1   to   4   )
                                                       payable $   104.55   /month (Months   5   to   27   )
                                                       payable $   18.07   /month (Month   28   )

Secured Creditors:  [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

1.   –none–

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED.  A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 AND LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
|  | $ | % | $ | _____ To |  |

Priority Creditors: [as defined in 11 U.S.C. §507]

1.   none       Total Due     $ _____ Payable     $ _____ /month (Months ___ to ___ )

Unsecured Creditors:     Pay $   0.00   /month (Months   1   to   27   )
                      Pay $   86.48   /month (Month   28   ).
                      Pay $   104.55   /month (Months   29   to   60   )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.
**Other Provisions Not Included Above**:

Debtor will pay direct to Wells Fargo Home Mortgage acct # ending 3664 for Homestead Property Located at 2081 N.W. 86 Terrace, Coral Springs, FL.

Debtor will pay direct to Lauderdale Memorial Park acct # ending 6517 for Funeral plot located in Fort Lauderdale, FL.

Debtor will pay direct to Capital One Auto Finance acct# ending 6517 for 2015 Kia Sorrento L 4D Utility VIN No. 5XYPGA35GG034109.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____ /s/ _____
Debtor

Date: December 8, 2015

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                          Case No. 15-25340-JKO

                                                Chapter 13

DELANOR ULYSSE, and
ALOURDES ULYSSE,

            Debtors.

_____/

## OBJECTION TO CONFIRMATION OF THE PLAN

Secured Creditor, RES-FL FIVE, LLC (**"RES"**) objects to the confirmation of Delanor

Ulysse and Alourdes Ulysse's (the **"Debtors"**) First Amended Plan [ECF No. 28] (the **"Plan"**)

and states:

1.        RES obtained a final judgment (the **"Final Judgment"**) against the Debtors on

July 26, 2012 in the amount of $60,436.39. By virtue of the recording of the Final Judgment, a

judgment lien attached to all of the Debtors' real property in Marion County, FL. A copy of the

Final Judgment is attached as **Exhibit A**.

2.        RES also recorded judgment lien certificate number J12000625692 (the

**"Judgment Lien Certificate"**), with the Florida Secretary of State, and as such RES's judgment

lien attached to all of the Debtors' personal property in the State of Florida. A copy of the

Judgment Lien Certificate is attached as **Exhibit B**.

3.        Accordingly, RES's claim is secured by all of the Debtors' personal property.

4.        The value of the personal property listed on the Debtors' Schedule B [ECF No. 1]

exceeds the value of the exemptions claimed on the Debtors' Amended Schedule C [ECF No.

24] by at least $4,259.44 (according to the Debtors' valuations). The Plan does not provide for

treatment of this secured claim, and thus confirmation is proscribed pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii).

5.     Furthermore, the Debtors' assert that their $7,776.40 income is subject to $1,900.00 in **involuntary deductions.** *See ECF No. 26, p.4, line 17.*

6.     While this involuntary deduction amount defies belief, even if it were true, the Debtors' reflect projected disposable income of $678.50 per month. *Id.* at p 7, line 45.

7.     Despite such calculation, the Debtors purport to commit only between $90.00 and $115.00 per month to the Plan.  Accordingly, the Plan cannot be confirmed pursuant to 11 U.S.C § 1322(b)(1)(B).

8.     The Debtors have completely ignored the requirements of a chapter 13 Plan, and appear to have filed this petition in bad faith in violation of 11 U.S.C. § 1325(b)(7), in the hopes of stalling the post-judgment remedies of a lien-creditor, rather than having any actual intent to reorganize.

WHEREFORE, RES requests the entry of an Order (1) denying confirmation of the Plan; and (2) granting such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Lawrence E.  Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
In-House Counsel
Rialto Capital
790 NW 107 Avenue, Suite 400
Miami, Florida 33172
Lawrence.Pecan@rialtocapital.com

## CERTIFICATE OF SERVICE

   I hereby certify that a copy of the foregoing was delivered to (1) counsel for the Debtor, (2) the Chapter 13 Trustee and (3) the United States Trustee by delivery of notices of electronic filing.

                  /s/ Lawrence E.  Pecan
                  Lawrence E. Pecan, Esquire

JONES WALKER WAECHTER POITEVENT
201 SOUTH BISCAYNE BLVD
STE 2600
MIAMI, FL 33131



IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR    MARION COUNTY, FLORIDA.

CIVIL DIVISION

CASE NO.  42-2008-CA-005417-AXXX-XX

RES-FL FIVE, LLC

    Plaintiff,

vs.

DELANOR ULYSSE, et al.

    Defendants.

_____/

DAVID R ELLSPERMANN CLERK OF COURT MARION COUNTY
DATE: 09/12/2012  12:59:23 PM
FILE #: 2012088751   OR BK 05733 PGS 1447-1449

REC  27.00

2012 AUG -2 AM 11:58 CLERK CIRCUIT COURT MARION COUNTY, FL   RECEIVED

## FINAL DEFICIENCY JUDGMENT AGAINST DEFENDANTS DELANOR ULYSSE AND ALOURDES ULYSSE

       THIS CAUSE came to be heard on July 26, 2012, upon the motion by Plaintiff for entry

of judgment for monetary damages based upon a deficiency against Defendants Delanor Ulysse

and Alourdes Ulysse. Upon consideration of the motion, examination of the pleadings and papers

on file, and being further advised in the premises, the court adjudges that Plaintiff, RES-FL

FIVE, LLC, whose address is 730 NW 107th Avenue, Ste. 400, Miami, Florida 33172, recover

from Defendants, Delanor Ulysse and Alourdes Ulysse, who have the address of 2081 NW 86th

Terrace, Coral Springs, Florida 33071, as makers of the note, the following sums:

| | | | |
|---|---|---|---|
| (a) | Judgment amount (rendered June 14, 2011). | $ | 59,419.78 |
| (b) | Post-judgment interest at 6.00% from June 15, 2011 through July 19, 2011. ($9.77 per day) | $ | 332.00 |
| (c) | Fair Market Value | $ | [2,200.00] |

{M0404930.1}

STATE OF FLORIDA, COUNTY OF MARION
I HEREBY CERTIFY that the foregoing is a true and
correct copy of pages 1 through 3 of the
instrument filed in this office.
The original instrument filed contains 3 pages.
☐ This copy has no redactions.
☐ This copy has redactions imposed by the
DAVID R ELL...
Dated 6/11/12  Chen

81

|  | Subtotal. | $ | 57,551.78 |

(d) Post-judgment interest at 6.00% from July 20, 2011 through September 30, 2011, after affording credit for value of collateral. ($9.41 per day)  $  677.23

(e) Post-judgment interest at 4.75% from October 1, 2011 through December 30, 2011 after affording credit for value of collateral. ($7.45 per day)  $  670.18

(f) Post-judgment interest at 4.75% from January 1, 2012 through July 26, 2012 after affording credit for value of collateral. ($7.43 per day)  $  1,537.20

Deficiency as of July 26, 2012   $  60,436.39

that shall bear interest at the statutorily prescribed rate, for which let execution issue.

Ordered in chambers at Marion County, Florida on ~~July~~ August 1ST, 2012.

_____
Circuit Court Judge

Copies furnished to:

Jones, Walker, Waechter,
Poitevent, Carrere & Denegre, LLP
201 S. Biscayne Blvd. Ste. 2600
Miami, FL 33131
        Counsel for Plaintiff

Tabitha S. Fish, Esq.
Saxon, Gilmore, Carraway & Gibbons, PA
201 E. Kennedy Blvd. Ste. 600
Tampa, FL 33602

{M0404930.1}

Delanor Ulysse
2081 NW 86th Terrace
Coral Springs, FL 33071
     Defendant

Alourdes Ulysse
2081 NW 86th Terrace
Coral Springs, FL 33071
     Defendant

{M0404930.1}

DAVID R ELLSPERMANN MARION COUNTY FL

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

ULYSSE, DELANOR
2081 NW 86TH TERRACE
CORAL SPRINGS, FL. 33071

ULYSSE, ALOURDES
2081 NW 86TH TERRACE
CORAL SPRINGS, FL. 33071

**J12000625692**
**FILED**
**Oct 01, 2012 08:00 A.M.**
**Secretary of State**
MHCAIN

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

RES-FL FIVE, LLC
730 NW 107TH AVENUE
400
MIAMI, FLORIDA 33172
DOS DOCUMENT#: L11000015252

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

JARED KESSLER
JKESSLER@JONESWALKER.COM

AMOUNT DUE ON MONEY JUDGMENT: 60,436.39
APPLICABLE INTEREST RATE: 4.75%
NAME OF COURT: MARION COUNTY CIRCUIT COURT
CASE NUMBER: 42-2008-CA-005417-AXXX-XX
DATE OF ENTRY: 08/01/12
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
   ( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
   (X) NO

**UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.**

Electronic Signature of Creditor or Authorized Representative: JARED KESSLER

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO.:  15-25340-BKC-JKO
PROCEEDING UNDER CHAPTER 13

IN RE:

DELANOR ULYSSE
XXX-XX-3815
ALOURDES ULYSSE
XXX-XX-6238

DEBTORS                  /

## WITHDRAWAL OF TRUSTEE'S OBJECTION TO EXEMPTIONS

**COMES NOW**, Robin R. Weiner, Esquire, Standing Chapter 13 Trustee, and files this Notice of Withdrawal of Trustee's Objection to Exemptions in the above-styled proceeding and states as follows:

1.  The Trustee hereby withdraws her Objection to Exemptions.

**RESPECTFULLY SUBMITTED** this 18th day of December, 2015.

/s/ Robin R. Weiner
ROBIN R. WEINER, ESQUIRE
STANDING CHAPTER 13 TRUSTEE
P.O. BOX 559007
FORT LAUDERDALE, FL 33355-9007
TELEPHONE: 954-382-2001
FLORIDA BAR NO.: 861154

**COPIES FURNISHED TO:**

**DEBTORS**
DELANOR & ALOURDES ULYSSE
2081 NW 86TH TER
CORAL SPRINGS, FL  33071-6169

**ATTORNEY FOR DEBTORS**
CHAD T. VAN HORN, ESQUIRE
330 N ANDREWS AVENUE
SUITE 450
FT. LAUDERDALE, FL  33301

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

X ___2nd___ Amended Plan (Indicate 1st, 2nd, etc. amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. amended, if applicable)

DEBTOR: _Delanor Ulysse_____ JOINT DEBTOR: _Alourdes Ulysse_____ CASE NO.: _15-25340-JKO_
Last Four Digits of SS# xxx-xx-3815  Last Four Digits of SS# xxx-xx-6238          Case Filed On: 8/25/2015

**MONTHLY PLAN PAYMENT:** Including trustee's fee of 10% and beginning 30 days from filing/conversion date, Debtor(s) to pay to the trustee for the period of ___60___ months. In the event the trustee does not collect the full 10%, any portion not collected will be paid to creditors pro-rata under the plan:

    A.    $____90.00__ for months ___1___ to ___4___;
    B.    $__209.95__ for months ___5___ to ___60___;
    C.    $_____ for months _____ to _____; in order to pay the following creditors:

Administrative:    Safe Harbor Attorney's Fee    $ 3,500.00_____    Plus filing fees and costs
                    Total Attorney's Fees Owed    **$ 3,500.00**
                    Total Paid Direct by Client    $___750.00____    Plus filing fees and costs
                    Balance Due    **$ 2,750.00**    payable $__81.82__/month (Months _1_ to _4_ )
                                          payable $_104.55__/month (Months _5_ to _27_ )
                                          payable $__18.07__/month (Month _28_ )

Secured Creditors:  [Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Liens on Real or Personal Property:

    1.    RES-FL FIVE, LLC
        c/o Quanton Serevicing Corp                Lien Certificate amount $  4,747.60  (4,259.44 + 4.75% interest)
        ATTN: E. Martin Luther King Jr. Blvd, # 310    Pay $ 86.32 / month (month 5 to 60)
        Tampa, FL 33619

**IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED ON YOU PURSUANT TO BR 7004 and LR 3015-3.**

| Secured Creditor | Description of Collateral and Value of Collateral | Interest Rate | Plan Payments | Months of Payment | Total Plan Payments |
|---|---|---|---|---|---|
|  | $ | % | $ | _____ To | |

Priority Creditors: [as defined in 11 U.S.C. §507]

1. none_____        Total Due    $_____ Payable    $_____/month (Months___ to ___)

Unsecured Creditors:    Pay $___0.00__/month (Months _1_ to _27_ )
                    Pay $__86.48__/month (Month _28_ ).
                    Pay $_104.55__/month (Months _29_ to _60_ )

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.
**Other Provisions Not Included Above**:

Debtor will pay direct to Wells Fargo Home Mortgage acct # ending 3664 for Homestead Property Located at 2081 N.W. 86 Terrace, Coral Springs, FL.

Debtor will pay direct to Lauderdale Memorial Park acct # ending 6517 for Funeral plot located in Fort Lauderdale, FL.

Debtor will pay direct to Capital One Auto Finance acct# ending 6517 for 2015 Kia Sorrento L 4D Utility VIN No. 5XYPGA35GG034109.

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_____/s/_____
Debtor

Date:_January 29,, 2016_____

LF-31 (rev. 01/08/10)

<table>
<tr><td colspan="2">

**Fill in this information to identify your case:**

Debtor 1    **Delanor Ulysse**

Debtor 2    **Alourdes Ulysse**
(Spouse, if filing)

United States Bankruptcy Court for the:    Southern District of Florida, Fort Lauderdale Division

Case number    **15-25340-JKO**
(if known)

</td></tr>
</table>

**Check as directed in lines 17 and 21:**

According to the calculations required by this Statement:

☐ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☑ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

☐ 3. The commitment period is 3 years.

☑ 4. The commitment period is 5 years.

☑ Check if this is an amended filing

# Official Form 122C-1
# Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period
**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

**Part 1:**    **Calculate Your Average Monthly Income**

1. **What is your marital and filing status?** Check one only.

   ☐ **Not married.** Fill out Column A, lines 2-11.

   ☑ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 4,857.50 | $ 0.00 |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ 0.00 |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3 | $ 0.00 | $ 0.00 |

5. **Net income from operating a business, profession, or farm**    Debtor 1

| | Debtor 1 | | Column A Debtor 1 | Column B |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | | |
| Net monthly income from a business, profession, or farm | $ 0.00 | Copy here -> | $ 0.00 | $ 0.00 |

6. **Net income from rental and other real property**    Debtor 1

| | Debtor 1 | | Column A Debtor 1 | Column B |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $ 0.00 | | | |
| Ordinary and necessary operating expenses | -$ 0.00 | | | |
| Net monthly income from rental or other real property | $ 0.00 | Copy here -> | $ 0.00 | $ 0.00 |

Official Form 122C-1    **Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period**    page 1

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

87

| Debtor 1 Debtor 2 | **Ulysse, Delanor & Ulysse, Alourdes** | | Case number (*if known*) | **15-25340-JKO** |

|  | *Column A* Debtor 1 | *Column B* Debtor 2 or non-filing spouse |
|---|---|---|
| 7. **Interest, dividends, and royalties** | $ 0.00 | $ 0.00 |
| 8. **Unemployment compensation** | $ 0.00 | $ 0.00 |

Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

| For you | $ 0.00 |
| For your spouse | $ 0.00 |

9. **Pension or retirement income.** Do not include any amount received that was a benefit under the Social Security Act.  $ 1,856.90    $ 1,062.00

10. **Income from all other sources not listed above.** Specify the source and amount. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, a crime against humanity, or international or domestic terrorism. If necessary, list other sources on a separate page and put the total below.

|  |  | $ 0.00 | $ 0.00 |
|  |  | $ 0.00 | $ 0.00 |
| Total amounts from separate pages, if any. | + | $ 0.00 | $ 0.00 |

11. **Calculate your total average monthly income.** Add lines 2 through 10 for each column. Then add the total for Column A to the total for Column B.

$ 6,714.40  + $ 1,062.00  = $ 7,776.40

**Total average monthly income**

| **Part 2:** | **Determine How to Measure Your Deductions from Income** |

12. **Copy your total average monthly income from line 11.** .................................................. $ 7,776.40

13. **Calculate the marital adjustment.** Check one:

☐ You are not married. Fill in 0 below.

■ You are married and your spouse is filing with you. Fill in 0 below.

☐ You are married and your spouse is not filing with you.

Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

If this adjustment does not apply, enter 0 below.

|  | $ |
|  | $ |
|  | + $ |

Total  $ 0.00   Copy here=>   - 0.00

14. **Your current monthly income.** Subtract line 13 from line 12.  $ 7,776.40

15. **Calculate your current monthly income for the year.** Follow these steps:

15a.  Copy line 14 here=>  .................................................................................  $ 7,776.40

Multiply line 15a by 12 (the number of months in a year).  x 12

15b. The result is your current monthly income for the year for this part of the form. ..........................  $ 93,316.80

| Debtor 1<br>Debtor 2 | **Ulysse, Delanor & Ulysse, Alourdes** | | Case number *(if known)* | **15-25340-JKO** |

**16. Calculate the median family income that applies to you.** Follow these steps:

16a. Fill in the state in which you live. **FL**

16b. Fill in the number of people in your household. **3**

16c. Fill in the median family income for your state and size of household. $ **57,977.00**

To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

**17. How do the lines compare?**

17a. ☐ Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

17b. ■ Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3).* **Go to Part 3 and fill out** *Calculation of Your Disposable Income* **(Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

**Part 3: Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)**

**18. Copy your total average monthly income from line 11.** $ **7,776.40**

**19. Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.

19a. If the marital adjustment does not apply, fill in 0 on line 19a. –$ **0.00**

19b. **Subtract line 19a from line 18.** $ **7,776.40**

**20. Calculate your current monthly income for the year.** Follow these steps:

20a. Copy line 19b $ **7,776.40**

Multiply by 12 (the number of months in a year). **x 12**

20b. The result is your current monthly income for the year for this part of the form $ **93,316.80**

20c. Copy the median family income for your state and size of household from line 16c $ **57,977.00**

**21. How do the lines compare?**

☐ Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years.* Go to Part 4.

■ Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years.* Go to Part 4.

**Part 4: Sign Below**

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X **/s/ Delanor Ulysse**  **Delanor Ulysse**  Signature of Debtor 1

X **/s/ Alourdes Ulysse**  **Alourdes Ulysse**  Signature of Debtor 2

Date **January 29, 2016**  MM / DD / YYYY

Date **January 29, 2016**  MM / DD / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

| Fill in this information to identify your case: |
|---|

| | |
|---|---|
| Debtor 1 | **Delanor Ulysse** |
| Debtor 2 (Spouse, if filing) | **Alourdes Ulysse** |
| United States Bankruptcy Court for the: | Southern District of Florida, Fort Lauderdale Division |
| Case number (if known) | **15-25340-JKO** |

■ Check if this is an amended filing

**Official Form 122C-2**
# Chapter 13 Calculation of Your Disposable Income
12/15

**To fill out this form, you will need your completed copy of** *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period* **(Official Form 122C-1).**

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which additional information applies. On the top any additional pages, write your name and case number (if known).**

| Part 1: | Calculate Your Deductions from Your Income |
|---|---|

**The Internal Revenue Service (IRS) issues National and Local Standards for certain expense amounts. Use these amounts to answer the the questions in lines 6-15. To find the IRS standards, go online using the link specified in the separate instructions for this form. This information may also be available at the bankruptcy clerk's office.**

Deduct the expense amounts set out in lines 6-15 regardless of your actual expense. In later parts of the form, you will use some of your actual expenses if they are higher than the standards. Do not include any operating expenses that you subtracted from income in lines 5 and 6 of Form 122C–1, and do not deduct any amounts that you subtracted from your spouse's income in line 13 of Form 122G-1.

If your expenses differ from month to month, enter the average expense.

Note: Line numbers 1-4 are not used in this form. These numbers apply to information required by a similar form used in chapter 7 cases.

5. **The number of people used in determining your deductions from income**

   Fill in the number of people who could be claimed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. This number may be different from the number of people in your household.

   > **3 Living**
   > **0 Housing**

| National Standards | You must use the IRS National Standards to answer the questions in lines 6-7. |
|---|---|

6. **Food, clothing, and other items:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for food, clothing, and other items. $ **1,249.00**

7. **Out-of-pocket health care allowance:** Using the number of people you entered in line 5 and the IRS National Standards, fill in the dollar amount for out-of-pocket health care. The number of people is split into two categories--people who are under 65 and people who are 65 or older--because older people have a higher IRS allowance for health car costs. If your actual expenses are higher than this IRS amount, you may deduct the additional amount on line 22.

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

| Debtor 1 Debtor 2 | **Ulysse, Delanor & Ulysse, Alourdes** | Case number (*if known*) | **15-25340-JKO** |
|---|---|---|---|

| People who are under 65 years of age | | | | |
|---|---|---|---|---|
| 7a. | Out-of-pocket health care allowance per person | $ | **60** | |
| 7b. | Number of people who are under 65 | X | **1** | |
| 7c. | **Subtotal.** Multiply line 7a by line 7b. | $ | **60.00** | Copy here=> $ **60.00** |

| People who are 65 years of age or older | | | | |
|---|---|---|---|---|
| 7d. | Out-of-pocket health care allowance per person | $ | **144** | |
| 7e. | Number of people who are 65 or older | X | **2** | |
| 7f. | Subtotal. Multiply line 7d by line 7e. | $ | **288.00** | Copy here=> $ **288.00** |

| 7g. | **Total.** Add line 7c and line 7f | $ **348.00** | Copy total here=> $ **348.00** |
|---|---|---|---|

**Local Standards** You must use the IRS Local Standards to answer the questions in lines 8-15.

Based on information from the IRS, the U.S. Trustee Program has divided the IRS Local Standard for housing for bankruptcy purposes into two parts:

■ **Housing and utilities - Insurance and operating expenses**

■ **Housing and utilities - Mortgage or rent expenses**

**To answer the questions in lines 8-9, use the U.S. Trustee Program chart. To find the chart, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.**

8.  **Housing and utilities - Insurance and operating expenses:** Using the number of people you entered in line 5, fill in the dollar amount listed for your county for insurance and operating expenses.     $ **622.00**

9.  **Housing and utilities - Mortgage or rent expenses:**

    9a. Using the number of people you entered in line 5, fill in the dollar amount listed for your county for mortgage or rent expenses.     $ **1,647.00**

    9b. Total average monthly payment for all mortgages and other debts secured by your home.

    To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Next divide by 60.

| Name of the creditor | Average monthly payment |
|---|---|
| **Wells Fargo Home Mortgage** | $ **1,725.00** |

| 9b. Total average monthly payment | $ **1,725.00** | Copy here=> | -$ **1,725.00** | Repeat this amount on line 33a. |
|---|---|---|---|---|

    9c. Net mortgage or rent expense.

    Subtract line 9b (*total average monthly payment*) from line 9a (*mortgage or rent expense*). If this number is less than $0, enter $0.     $ **0.00**  Copy here=> $ **0.00**

10. **If you claim** that the U.S. Trustee Program's **division of the IRS Local Standard** for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.     $ **0.00**

    Explain why: _____

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

| Debtor 1 Debtor 2 | Ulysse, Delanor & Ulysse, Alourdes | Case number (if known) | 15-25340-JKO |
|---|---|---|---|

---

**11.** **Local transportation expenses:** Check the number of vehicles for which you claim an ownership or operating expense.

☐ 0. Go to line 14.

■ 1. Go to line 12.

☐ 2 or more. Go to line 12.

**12.** **Vehicle operation expense:** Using the IRS Local Standards and the number of vehicles for which you claim the operating expenses, fill in the *Operating Costs* that apply for your Census region or metropolitan statistical area.  $ ___346.00___

**13.** **Vehicle ownership or lease expense:** Using the IRS Local Standards, calculate the net ownership or lease expense for each vehicle below. You may not claim the expense if you do not make any loan or lease payments on the vehicle. In addition, you may not claim the expense for more than two vehicles.

| Vehicle 1 | Describe Vehicle 1: | , |
|---|---|---|

13a. Ownership or leasing costs using IRS Local Standard...................................................  $ ___517.00___

13b. Average monthly payment for all debts secured by Vehicle 1.

Do not include costs for leased vehicles.

To calculate the average monthly payment here and on line 13e, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| Name of each creditor for Vehicle 1 | Average monthly payment |
|---|---|
| Capital One Auto Finance | $ 344.00 |
| Total Average Monthly Payment | $ 344.00 |

Copy here => -$ 344.00   Repeat this amount on line 33b.

13c. Net Vehicle 1 ownership or lease expense

Subtract line 13b from line 13a. if the numbert is less than $0, enter $0. ...................  $ 173.00

Copy net Vehicle 1 expense here =>  $ 173.00

| Vehicle 2 | Describe Vehicle 2: | |
|---|---|---|

13d. Ownership or leasing costs using IRS Local Standard.................................................  $ 0.00

13e. Average monthly payment for all debts secured by Vehicle 2. Do not include costs for leased vehicles.

| Name of each creditor for Vehicle 2 | Average monthly payment |
|---|---|
| | $ |
| Total Average Monthly Payment | $ |

Copy here => -$ 0.00   Repeat this amount on line 33c.

13f. Net Vehicle 2 ownership or lease expense

Subtract line 13e from line 13d. if this number is less than $0, enter $0. ...................  $ 0.00

Copy net Vehicle 2 expense here =>  $ 0.00

**14.** **Public transportation expense: If you claimed 0 vehicles in line 11, using the IRS Local Standards, fill in the** *Public Transportation* **expense allowance regardless of whether you use public transportation.**  $ 0.00

**15.** **Additional public transportation expense:** If you claimed 1 or more vehicles in line 11 and if you claim that you may also deduct a public transportation expense, you may fill in what you believe is the appropriate expense, but you may not claim more than the IRS Local Standard for *Public Transportation*.  $ 0.00

---

| Debtor 1 | Ulysse, Delanor & Ulysse, Alourdes | Case number (*if known*) | 15-25340-JKO |
|---|---|---|---|
| Debtor 2 | | | |

| **Other Necessary Expenses** | In addition to the expense deductions listed above, you are allowed your monthly expenses for the following IRS categories. |
|---|---|

16. **Taxes:** The total monthly amount that you will actually pay for federal, state and local taxes, such as income taxes, self-employment taxes, social security taxes, and Medicare taxes. You may include the monthly amount withheld from your pay for these taxes. However, if you expect to receive a tax refund, you must divide the expected refund by 12 and subtract that number from the total monthly amount that is withheld to pay for taxes.

Do not include real estate, sales, or use taxes.                                                                                                $ _____488.24

17. **Involuntary deductions:** The total monthly payroll deductions that your job requires, such as retirement contributions, union dues, and uniform costs.

Do not include amounts that are not required by your job, such as voluntary 401(k) contributions or payroll savings.        $ _____1,900.00

18. **Life Insurance:** The total monthly premiums that you pay for your own term life insurance. If two married people are filing together, include payments that you make for your spouse's term life insurance.

Do not include premiums for life insurance on your dependents, for a non-filing spouse's life insurance, or for any form of life insurance other than term.                                                                                          $ _____188.00

19. **Court-ordered payments:** The total monthly amount that you pay as required by the order of a court or administrative agency, such as spousal or child support payments.

Do not include payments on past due obligations for spousal or child support. You will list these obligations in line 35.   $ _____0.00

20. **Education:** The total monthly amount that you pay for education that is either required:

■ as a condition for your job, or

■ for your physically or mentally challenged dependent child if no public education is available for similar services.       $ _____0.00

21. **Childcare:** The total monthly amount that you pay for childcare, such as babysitting, daycare, nursery, and preschool.

Do not include payments for any elementary or secondary school education.                                                  $ _____0.00

22. **Additional health care expenses, excluding insurance costs:** The monthly amount that you pay for health care that is required for the health and welfare of you or your dependents and that is not reimbursed by insurance or paid by a health savings account. Include only the amount that is more than the total entered in line 7.

Payments for health insurance or health savings accounts should be listed only in line 25.                                 $ _____0.00

23. **Optional telephone and telephone services:** The total monthly amount that you pay for telecommunication services for you and your dependents, such as pagers, call waiting, caller identification, special long distance, or business cell phone service, to the extent necessary for your health and welfare or that of your dependents or for the production of income, if it is not reimbursed by your employer.

Do not include payments for basic home telephone, internet and cell phone service. Do not include self-employment expenses, such as those reported on line 5 of Official Form 122C-1, or any amount you previously deducted.        +$ _____0.00

24. **Add all of the expenses allowed under the IRS expense allowances.**

Add lines 6 through 23.                                                                                                    $ ____5,314.24

| **Additional Expense Deductions** | These are additional deductions allowed by the Means Test. |
|---|---|
| | *Note*: Do not include any expense allowances listed in lines 6-24. |

25. **Health insurance, disability insurance, and health savings account expenses.** The monthly expenses for health insurance, disability insurance, and health savings accounts that are reasonably necessary for yourself, your spouse, or your dependents.

| | | |
|---|---|---|
| Health insurance | $ | 54.74 |
| Disability insurance | $ | 0.00 |
| Health savings account | + $ | 0.00 |
| Total | $ | 54.74 | Copy total here=> $ 54.74 |

Do you actually spend this total amount?
☐ No. How much do you actually spend?
■ Yes                                                                                                $ _____

26. **Continued contributions to the care of household or family members.** The actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. These expenses may include contributions to an account of a qualified ABLE program. 26 U.S.C. § 529A(b).                                    $ _____0.00

27. **Protection against family violence.** The reasonably necessary monthly expenses that you incur to maintain the safety of you and your family under the Family Violence Prevention and Services Act or other federal laws that apply.

By law, the court must keep the nature of these expenses confidential.                                                     $ _____0.00

| Debtor 1 | Ulysse, Delanor & Ulysse, Alourdes | Case number (if known) | 15-25340-JKO |
|---|---|---|---|
| Debtor 2 | | | |

28. **Additional home energy costs.** Your home energy costs are included in your non-mortgage housing and utilities allowance on line 8.

If you believe that you have home energy costs that are more than the home energy costs included in expenses on line 8, then fill in the excess amount of home energy costs.

You must give your case trustee documentation of your actual expenses, and you must show that the additional amount claimed is reasonable and necessary. $ ___0.00___

29. **Education expenses for dependent children who are younger than 18.** The monthly expenses (not more than $156.25* per child) that you pay for your dependent children who are younger than 18 years old to attend a private or public elementary or secondary school.

You must give your case trustee documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in lines 6-23.

* Subject to adjustment on 4/01/16, and every 3 years after that for cases begun on or after the date of adjustment. $ ___0.00___

30. **Additional food and clothing expense.** The monthly amount by which your actual food and clothing expenses are higher than the combined food and clothing allowances in the IRS National Standards. That amount cannot be more than 5% of the food and clothing allowances in the IRS National Standards.

To find a chart showing the maximum additional allowance, go online using the link specified in the separate instructions for this form. This chart may also be available at the bankruptcy clerk's office.

You must show that the additional amount claimed is reasonable and necessary. $ ___0.00___

31. **Continuing charitable contributions.** The amount that you will continue to contribute in the form of cash or financial instruments to a religious or charitable organization. 11 U.S.C. § 548(d)3 and (4).

Do not include any amount more than 15% of your gross monthly income. $ ___125.00___

32. **Add all of the additional expense deductions.** $ ___179.74___
Add lines 25 through 31.

### Deductions for Debt Payment

33. **For debts that are secured by an interest in property that you own, including home mortgages, vehicle loans, and other secured debt, fill in lines 33a through 33e.**

To calculate the total average monthly payment, add all amounts that are contractually due to each secured creditor in the 60 months after you file for bankruptcy. Then divide by 60.

| | | Average monthly payment |
|---|---|---|
| **Mortgages on your home** | | |
| 33a. Copy line 9b here | => | $ 1,725.00 |
| **Loans on your first two vehicles** | | |
| 33b. Copy line 13b here | => | $ 344.00 |
| 33c. Copy line 13e here | => | $ 0.00 |

33d. List other secured debts

| Name of each creditor for other secured debt | Identify property that secures the debt | Does payment include taxes or insurance? | |
|---|---|---|---|
| **Lauderdale Memorial Park** | **Mausoleum** | ■ No ☐ Yes | $ 156.45 |
| | | ☐ No ☐ Yes | $ |
| | | ☐ No ☐ Yes | +$ |

33e. Total average monthly payment. Add lines 33a through 33d   $ 2,225.45   | Copy total here=> | $ 2,225.45 |

| Debtor 1<br>Debtor 2 | **Ulysse, Delanor & Ulysse, Alourdes** | Case number *(if known)* | **15-25340-JKO** |
|---|---|---|---|

**34.** **Are any debts that you listed in line 33 secured by your primary residence, a vehicle, or other property necessary for your support or the support of your dependents?**

■ No.   Go to line 35.

☐ Yes.   State any amount that you must pay to a creditor, in addition to the payments listed in line 33, to keep possession of your property (called the *cure amount*). Next, divide by 60 and fill in the information below.

| Name of the creditor | Identify property that secures the debt | Total cure amount | | Monthly cure amount |
|---|---|---|---|---|
| -NONE- | | $ | ÷ 60 = $ | |

| | | | | |
|---|---|---|---|---|
| | | Total $    **0.00** | Copy total here=> | $    **0.00** |

**35.** **Do you owe any priority claims - such as a priority tax, child support, or alimony - that are past due as of the filing date of your bankruptcy case?** 11 U.S.C. § 507.

■ No.   Go to line 36.

☐ Yes.   Fill in the total amount of all of these priority claims. Do not include current or ongoing priority claims, such as those you listed in line 19.

Total amount of all past-due priority claims      $    **0.00**    ÷ 60    $    **0.00**

**36.** **Projected monthly Chapter 13 plan payment**      $    **56.97**

Current multiplier for your district as stated on the list issued by the Administrative Office of the United States Courts (for districts in Alabama and North Carolina) or by the Executive Office for United States Trustees (for all other districts).
To find a list of district multipliers that includes your district, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

X    **3.50**

Average monthly administrative expense      $    **1.99**    Copy total here=>    $    **1.99**

**37.** **Add all of the deductions for debt payment.**
Add lines 33e through 36.      $    **2,227.44**

**Total Deductions from Income**

**38.** **Add all of the allowed deductions.**

| | | |
|---|---|---|
| Copy line 24, *All of the expenses allowed under IRS expense allowances* | $    **5,314.24** | |
| Copy line 32, *All of the additional expense deductions* | $    **179.74** | |
| Copy line 37, *All of the deductions for debt payment* | +$    **2,227.44** | |
| Total deductions............................................... | $    **7,721.42** | Copy total here=>    $    **7,721.42** |

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

| Debtor 1 Debtor 2 | **Ulysse, Delanor & Ulysse, Alourdes** | | Case number (*if known*) | **15-25340-JKO** |
|---|---|---|---|---|

---

**Part 2:**     Determine Your Disposable Income Under 11 U.S.C. § 1325(b)(2)

39. **Copy your total current monthly income from line 14 of Form 122C-1,** *Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period.*     $     **7,776.40**

40. **Fill in any reasonably necessary income you receive for support for dependent children.** The monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I of Form 122C-1, that you received in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child.     $     **0.00**

41. **Fill in all qualified retirement deductions.** The monthly total of all amounts that your employer withheld from wages as contributions for qualified retirement plans, as specified in 11 U.S.C. § 541(b)(7) plus all required repayments of loans from retirement plans, as specified in 11 U.S.C. § 362(b)(19).     $     **0.00**

42. **Total of all deductions allowed under 11 U.S.C. § 707(b)(2)(A).** Copy line 38 here  =>   $     **7,721.42**

43. **Deduction for special circumstances.** If special circumstances justify additional expenses and you have no reasonable alternative, describe the special circumstances and their expenses. You must give your case trustee a detailed explanation of the special circumstances and documentation for the expenses.

| Describe the special circumstances | Amount of expense |
|---|---|
| | $ |
| | $ |
| | $ |

       Total   $     **0.00**     Copy here=> $     **0.00**

44. **Total adjustments.** Add lines 40 through 43     =>     $     **7,721.42**     Copy here=> -$     **7,721.42**

45. **Calculate your monthly disposable income under § 1325(b)(2).** Subtract line 44 from line 39.     $     **54.98**

---

**Part 3:**     Change in Income or Expenses

46. **Change in income or expenses.** If the income in Form 122C-1 or the expenses you reported in this form have changed or are virtually certain to change after the date you filed your bankruptcy petition and during the time your case will be open, fill in the information below. For example, if the wages reported increased after you filed your petition, check 122C-1 in the first column, enter line 2 in the second column, explain why the wages increased, fill in when the increase occurred, and fill in the amount of the increase.

| Form | Line | Reason for change | Date of change | Increase or decrease? | Amount of change |
|---|---|---|---|---|---|
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |
| ☐ 122C-1 | | | | ☐ Increase | |
| ☐ 122C-2 | | | | ☐ Decrease | $ |

---

| Debtor 1<br>Debtor 2 | Ulysse, Delanor & Ulysse, Alourdes | Case number (*if known*) | 15-25340-JKO |
|---|---|---|---|

| **Part 4:** | **Sign Below** |
|---|---|

By signing here, under penalty of perjury you declare that the information on this statement and in any attachments is true and correct.

X **/s/ Delanor Ulysse**
**Delanor Ulysse**
Signature of Debtor 1
Date **January 29, 2016**
MM / DD / YYYY

X **/s/ Alourdes Ulysse**
**Alourdes Ulysse**
Signature of Debtor 2
Date **January 29, 2016**
MM / DD / YYYY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:

DELANOR ULYSSE, and
ALOURDES ULYSSE,                                    Case No. 15-25340-JKO

        Debtor.                                     Chapter 13

_____/

## RES-FL FIVE, LLC'S OBJECTION TO CONFIRMATION
## OF DEBTORS' CHAPTER 13 PLAN

        Secured Creditor, RES-FL FIVE, LLC ("RES") objects to the confirmation of Delanor

Ulysse and Alourdes Ulysse's (the "Debtors") Second Amended Chapter 13 Plan (ECF#40) and

states:

### Background

        1.      RES obtained a final judgment (the "Final Judgment") against the Debtors on July

26, 2012 in the amount of $60,436.39. By virtue of the recording of the Final Judgment, a

judgment lien attached to all of the Debtors' real property in Marion County, FL. A copy of the

Final Judgment is attached as **Exhibit A**.

        2.      RES also recorded judgment lien certificate number J12000625692 (the

"Judgment Lien Certificate"), with the Florida Secretary of State, and as such RES's judgment

lien attached to all of the Debtors' personal property in the State of Florida. A copy of the

Judgment Lien Certificate is attached as **Exhibit B**.

        3.      On August 25, 2015, the Debtors filed their voluntary Chapter 13 bankruptcy

case.

        4.      On December 4, 2015, the Debtors filed their Amended Chapter 13 Calculation of

Disposable Monthly Income (ECF#26) under penalty of perjury.    The Debtors list no vehicle

expenses on Page 4 Lines 12-13, list a public transportation expenses in the amount of $185.00 on page 3 Line 14, list "involuntary deductions" in the amount of $1,900.00 on Page 4 Line 17, list no life insurance payments on Page 4 Line 18, and list no monthly charitable contributions on Page 5 Line 31 for a total projected monthly Chapter 13 plan payment in the amount of $727.76.

5.       On December 8, 2015, the Debtors filed their First Amended Chapter 13 Plan (ECF#28).  This plan proposes $90.00 monthly payments for months 1 through 4 and $115.00 monthly payments for months 5 through 60.

6.       On December 17, 2015, RES filed Proof of Claim No. 2-1 in total amount of $75,530.72 stating that RES is secured against all of the Debtors' personal property in the amount of $4,259.44 and has an unsecured claim in the amount of $71,271.28.

7.       On January 29, 2016, the Debtors filed their Amended Amended Chapter 13 Plan (ECF#40) ("Plan").  The Plan proposes $90.00 monthly payments for months 1 through 4 and $209.95 monthly payments for months 5 through 60.

8.       Also on January 29, 2016, the Debtors filed their Second Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#42) under penalty of perjury.    For this first time in this matter, the Debtors list a net vehicle expense in the amount of $173.00 on Page 4 Lines 12-13, list no public transportation expenses on Page 3 Line 14, list life insurance payments in the amount of $188.00 on Page 4 Line 18, and list monthly charitable contributions on Page 5 Line 31 in the amount of $125.00.    The Debtors remain to claim $1,900.00 in "involuntary deductions" on Page 4 Line 17. Accordingly, the Debtors' alleged projected monthly Chapter 13 plan payment in the amount of $56.97.

**The Plan Fails to Commit All of the Debtors' Projected Disposable Income**

9.      RES objects to the Plan because it does not appear to commit all of the Debtors' projected disposable income.   See 11 U.S.C. §1325(b)(1)(B) (if an unsecured creditor objects to the plan, "the court may not approve the plan unless … the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period … will be applied to make payments to unsecured creditors under the plan.").

10.     Furthermore, the Debtors' assert that their $7,776.40 income is subject to $1,900.00 in involuntary deductions. *See* ECF No. 26, p.4, line 17.

11.     At a minimum, the Debtors' reflect projected disposable income of $678.50 per month, which must be utilized to repay creditors. *Id.* at p 7, line 45.   If this amount were included in the Plan, creditors would be paid an additional $40,710.00 over the life of the plan.

12.     However, not all of  the "involuntary deductions" are in fact involuntary. Deleanor Ulysse's August 14, 2015 pay stub from Coast to Coast Legal Of South Florida, Inc., attached hereto as **Exhibit C**, shows that the Debtors are deducting $950.00 per pay period, or $1,900 per month, for "TDA" or, upon information and belief, a Tax Deferred Annuity.

13.     If the ***voluntary*** Tax Deferred Annuity contribution  in the total monthly amount of $1,900.00 per month and the $678.50 of projected disposable income were included in the Plan, unsecured creditors would be paid in full.

14.     The Debtors' Schedule I (ECF#1) Line 5c. states that the debtors are making $2058.33 in "Voluntary contributions for retirement plans"  in the total amount of $2,058.33.

15.     Although there is a split of authority, the better reasoned case law holds that these voluntary contributions are not deductible from the Debtors' disposable income and must therefore be included in the calculation of "projected disposable income" available for the

repayment of creditors. *See In re Seafort*, 669 F.3d 662 (6th Cir. 2012) (holding that Chapter 13 debtors could not continue to make voluntary retirement contributions in the same amount as their 401(k) loan repayments after repayment of the loan); *In re Parks*, 475 B.R. 703 (9th Cir. BAP 2012) (holding that Chapter 13 debtors cannot make post-petition voluntary retirement contributions in any amount); *In re McCullers*, 451 B.R. 498 (Bankr. N.D. Cal. 2011) (same); and *In re Prigge*, 441 B.R. 667 (Bankr. D. Mont. 2010) (same); *but see Baxter v. Johnson (In re Johnson)*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006); *In re Garrett*, 2008 WL 6049236 (Bankr. M.D. Fla.).

16.     Further, the Debtors have now, on the eve of the last confirmation hearing, claimed monthly life insurance payments in the amount of $188.00 and monthly charitable contributions.   Such payments are unsubstantiated in light of the Debtors' previously filed Chapter 13 Calculation of Disposable Monthly Income.

17.     Despite above, the Debtors purport to commit only between $90.00 and $209.95 per month to the Plan.

18.     Accordingly, the Plan cannot be confirmed pursuant to 11 U.S.C § 1322(b)(1)(B).

### The Plan Was Proposed In Bad Faith

19.     Pursuant to 11 U.S.C. §§ 1325(a)(3) and (7), the filing of the Plan and bankruptcy petition was not done in good faith.  "In conducting the good faith inquiry, the totality of the circumstances must be considered." *In re Humphrey*, 165 B.R. 508, 510–11 (Bankr.M.D.Fla.1994). The Eleventh Circuit has approved a non-exclusive list of factors for determining good faith:

> 1. the amount of Debtor's income from all sources;
> 2. the living expenses of Debtor and his dependents;
> 3. the amount of attorney's fees;

    4. the probable or expected duration of Debtor's chapter 13 plan

    5. the motivations of Debtor and his sincerity in seeking relief under the provisions of chapter 13;

    6. Debtor's degree of effort;

    7. Debtor's ability to earn and the likelihood of fluctuation of his earnings;

    8. special circumstances such as inordinate medical expense;

    9. the frequency with which Debtor has sought bankruptcy protection;

    10. the circumstances under which Debtor has contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors;

    11. the burden which the plan's administration would place on the trustee;

    12. any exceptional circumstances in the case;

    13. the type of debt and whether it would be nondischargeable in chapter 7;

    14. accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court....

Id. at 511 (quoting In re Kitchens, 702 F.2d 885, 888 (11th Cir.1983)).

    20.    The Plan fails to meet the good faith requirements of 11 U.S.C. §1325.

    21.    The factors supporting the lack of good faith include, but are not limited to, the living expenses of Debtors, the motivations of Debtors and his sincerity in seeking relief under the provisions of chapter 13, Debtors' degree of effort, and the circumstances under which Debtors has contracted his and her debts and has demonstrated lack of bona fide in dealings with his creditors, particularly RES. The Debtors appear to be add unsubstantiated and additional expenses to their Second Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#42) to retain more funds without a meaningful distribution to creditors, including RES.

    22.    All of the above factors demonstrate Debtor is retaining significant assets, which are indisputably luxuries including a rental property, daily lunches out at work, transportation in addition to their vehicles, without making any meaningful distribution to unsecured creditors cannot satisfy the good faith requirements of 11 U.S.C. §1325.

    23.    Debtors seek to keep their luxuries while discharging their liability to RES, which appears to be his only unsecured debt.

24.     The Debtors' income would significantly increase without such luxuries, and could pay creditors over $2,000.00 per month, thereby paying unsecured creditors in full of the life of the Plan

### Conclusion

25.     For the reasons stated above, the Plan fails to meet the confirmation standards of § 1325, which includes § 1325(b)(1)(B)'s disposable income test and 11 U.S.C. §§ 1325(a)(3) and (7) good faith requirements.  The deficiencies in the Debtors' Plan set forth in this objection are intended to be non-exhaustive.

26.     The Debtors have ignored the requirements of a chapter 13 Plan, and appear to have filed this petition in bad faith in violation of 11 U.S.C. § 1325(b)(7), in the hopes of stalling the post-judgment remedies of RES, rather than having any actual intent to reorganize.

WHEREFORE, RES-FL FIVE, LLC requests the entry of an Order (1) denying confirmation of the Plan; and (2) granting such other and further relief as is just and appropriate.


Dated:  February 16, 2016                    Respectfully Submitted,

                                            JONES WALKER LLP
                                              *Attorneys for RES-FL FIVE, LLC*
                                            201 Biscayne Blvd., Suite 2600
                                            Miami, Florida 33131
                                            Email:  *bturner@joneswalker.com*
                                            Telephone:  (305) 679-5700
                                            Facsimile:  (305) 679-5710


                                            By:___*/s/ Barry S. Turner*_____
                                                    Barry S. Turner
                                                    Florida Bar No. 85535

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all

parties receiving service via ECF, including those listed below, on February 16, 2016.

*/s/ Barry S. Turner*
Barry S. Turner

### ECF
- **Scott C Lewis**     bkfl@albertellilaw.com
- **Office of the US Trustee**     USTPRegion21.MM.ECF@usdoj.gov
- **Lawrence E Pecan**     lawrence.pecan@rialtocapital.com, lpecan@gmail.com
- **Barry Seth Turner**     bturner@joneswalker.com,
  mvelapoldi@joneswalker.com;tsnow@joneswalker.com
- **Chad T Van Horn**     Chad@cvhlawgroup.com,
  jay@cvhlawgroup.com,DeadlinesandHearings@gmail.com,allie@cvhlawgroup.com;Mil
  agros@cvhlawgroup.com,terri@cvhlawgroup.com,matt@cvhlawgroup.com,martha@cvh
  lawgroup.com,bea@cvhlawgroup.com,g2320@notify.cincompas
- **Robin R Weiner**     ecf@ch13weiner.com;ecf2@ch13weiner.com

### US Mail

**Capital One Auto Finance**
c/o Ascension Capital Group
POB 201347
Arlington, TX 76006

# Exhibit A

JONES WALKER WAECHTER POITEVENT
201 SOUTH BISCAYNE BLVD
STE 2600
MIAMI, FL 33131



IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR   MARION COUNTY, FLORIDA.

CIVIL DIVISION

CASE NO.  42-2008-CA-005417-AXXX-XX

RES-FL FIVE, LLC

     Plaintiff,

vs.

DELANOR ULYSSE, et al.

     Defendants.

_____/

DAVID R ELLSPERMANN CLERK OF COURT MARION COUNTY
DATE: 09/12/2012 12:59:23 PM
FILE #: 2012088751   OR BK 05733 PGS 1447-1449

REC  27.00

**FINAL DEFICIENCY JUDGMENT AGAINST DEFENDANTS**
**DELANOR ULYSSE AND ALOURDES ULYSSE**

THIS CAUSE came to be heard on July 26, 2012, upon the motion by Plaintiff for entry

of judgment for monetary damages based upon a deficiency against Defendants Delanor Ulysse

and Alourdes Ulysse. Upon consideration of the motion, examination of the pleadings and papers

on file, and being further advised in the premises, the court adjudges that Plaintiff, RES-FL

FIVE, LLC, whose address is 730 NW 107th Avenue, Ste. 400, Miami, Florida 33172, recover

from Defendants, Delanor Ulysse and Alourdes Ulysse, who have the address of 2081 NW 86th

Terrace, Coral Springs, Florida 33071, as makers of the note, the following sums:

| | | | |
|---|---|---|---|
| (a) | Judgment amount (rendered June 14, 2011). | $ | 59,419.78 |
| (b) | Post-judgment interest at 6.00% from June 15, 2011 through July 19, 2011. ($9.77 per day) | $ | 332.00 |
| (c) | Fair Market Value | $ | [2,200.00] |

(M0404930.1)

STATE OF FLORIDA, COUNTY OF MARION
I HEREBY CERTIFY that the foregoing is a true and
correct copy of pages 1 through 3 of the
instrument filed in this office.
The original instrument filed contains 3 pages.
☐ This copy has no redactions.
☐ This copy has redactions
DAVID R. Ellspermann
Dated

|  | Subtotal. | $ | 57,551.78 |

(d) Post-judgment interest at 6.00% from July 20, 2011 through September 30, 2011, after affording credit for value of collateral. ($9.41 per day)    $   677.23

(e) Post-judgment interest at 4.75% from October 1, 2011 through December 30, 2011 after affording credit for value of collateral. ($7.45 per day)    $   670.18

(f) Post-judgment interest at 4.75% from January 1, 2012 through July 26, 2012 after affording credit for value of collateral. ($7.43 per day)    $   1,537.20

Deficiency as of July 26, 2012    $   **60,436.39**

that shall bear interest at the statutorily prescribed rate, for which let execution issue.

Ordered in chambers at Marion County, Florida on ~~July~~ August 1ST, 2012.

_____
Circuit Court Judge

Copies furnished to:

Jones, Walker, Waechter,
Poitevent, Carrere & Denegre, LLP
201 S. Biscayne Blvd. Ste. 2600
Miami, FL 33131
        Counsel for Plaintiff

Tabitha S. Fish, Esq.
Saxon, Gilmore, Carraway & Gibbons, PA
201 E. Kennedy Blvd. Ste. 600
Tampa, FL 33602

{M0404930.1}

DAVID R ELLSPERMANN MARION COUNTY FL
CFN# 2012076369 OR BK 5715 PG 1926 Pgs 1925-1927 08/07/2012 09:38:18 AM

Delanor Ulysse
2081 NW 86th Terrace
Coral Springs, FL 33071
    Defendant

Alourdes Ulysse
2081 NW 86th Terrace
Coral Springs, FL 33071
    Defendant

{M0404930.1}

DAVID R ELLSPERMANN  MARION COUNTY FL
CFN# 2012076369 OR BK 5715  PG 1927 Pgs 1925-1927 08/07/2012 09:38:18 AM

# Exhibit
# B

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

ULYSSE, DELANOR
2081 NW 86TH TERRACE
CORAL SPRINGS, FL. 33071

ULYSSE, ALOURDES
2081 NW 86TH TERRACE
CORAL SPRINGS, FL. 33071

### J12000625692
**FILED**
**Oct 01, 2012 08:00 A.M.**
**Secretary of State**
MHCAIN

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

RES-FL FIVE, LLC
730 NW 107TH AVENUE
400
MIAMI, FLORIDA 33172
DOS DOCUMENT#: L11000015252

**NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:**

JARED KESSLER
JKESSLER@JONESWALKER.COM

---

AMOUNT DUE ON MONEY JUDGMENT: 60,436.39
APPLICABLE INTEREST RATE: 4.75%
NAME OF COURT: MARION COUNTY CIRCUIT COURT
CASE NUMBER: 42-2008-CA-005417-AXXX-XX
DATE OF ENTRY: 08/01/12
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
   ( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
   (X) NO

---

**UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.**

Electronic Signature of Creditor or Authorized Representative: JARED KESSLER

# Exhibit

# C

COAST TO COAST LEGAL AID
OF SOUTH FLORIDA, INC.
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

FORT LAUDERDALE, FL 33301

Check: 0006862

| DATE | AMOUNT |
|------|--------|
| 8/14/2015 | ***********0.00 |

Pay: ***No/100 Dollars***

To the
Order of:

DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---------|---------|---------|---------|---------|
| Salary | 0.00 | 2,416.25 | 0.00 | 36,243.75 |

8/14/2015                    0006862

| Tax / Deduction | Cur | Ytd |
|-----------------|-----|-----|
| DENTAL INS | 7.50 | 112.50 |
| HEALTH INS | 14.50 | 217.50 |
| TDA | 950.00 | 14,250.00 |
| VISION | 5.38 | 80.70 |
| FICA | 148.31 | 2,224.65 |
| FICAMED | 34.69 | 520.31 |
| FWT | 58.00 | 881.00 |
| EFT | 1,197.87 | 17,957.09 |

P/P ENDING 08/15/15

| | Earnings | Taxes | Deductions | Net Pay |
|---|----------|-------|------------|---------|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 36,243.75 | 3,625.96 | 32,617.79 | 0.00 |

Married
3
0.00

**COAST TO COAST LEGAL AID
OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL  33312

Bank of America
FORT LAUDERDALE, FL 33301

63-
630

**Check:** 0006831

| DATE | AMOUNT |
|------|--------|
| 7/30/2015 | ***********0.00 |

Pay: ***No/100 Dollars***

To the
Order of:
DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL  33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.          7/30/2015          0006831

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---------|---------|---------|---------|---------|
| Salary | 0.00 | 2,416.25 | 0.00 | 33,827.50 |

| Tax / Deduction | Cur | Ytd |
|-----------------|-----|-----|
| DENTAL INS | 7.50 | 105.00 |
| HEALTH INS | 14.50 | 203.00 |
| TDA | 950.00 | 13,300.00 |
| VISION | 5.38 | 75.32 |
| FICA | 148.31 | 2,076.34 |
| FICAMED | 34.69 | 485.62 |
| FWT | 58.00 | 823.00 |
| EFT | 1,197.87 | 16,759.22 |

P/P ENDING 07/30/15

|  | Earnings | Taxes | Deductions | Net Pay |
|--|----------|-------|------------|---------|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 33,827.50 | 3,384.96 | 30,442.54 | 0.00 |

Married
3
0.00

113

**COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

Bank of America
FORT LAUDERDALE, FL 33301

63-
630
LPD

**Check:** 0006801

| DATE | AMOUNT |
|---|---|
| 7/15/2015 | ***********0.00 |

Pay: ***No/100 Dollars***

To the
Order of:

DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.          7/15/2015          0006801

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 31,411.25 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 97.50 |
| HEALTH INS | 14.50 | 188.50 |
| TDA | 950.00 | 12,350.00 |
| VISION | 5.38 | 69.94 |
| FICA | 148.31 | 1,928.03 |
| FICAMED | 34.69 | 450.93 |
| FWT | 58.00 | 765.00 |
| EFT | 1,197.87 | 15,561.35 |

P/P ENDING 07/15/15

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 31,411.25 | 3,143.96 | 28,267.29 | 0.00 |

ULYSSE, DELANOR          7/15/2015          0006801

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 31,411.25 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 97.50 |
| HEALTH INS | 14.50 | 188.50 |
| TDA | 950.00 | 12,350.00 |
| VISION | 5.38 | 69.94 |
| FICA | 148.31 | 1,928.03 |
| FICAMED | 34.69 | 450.93 |
| FWT | 58.00 | 765.00 |
| EFT | 1,197.87 | 15,561.35 |

P/P ENDING 7/15/2015

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 31,411.25 | 3,143.96 | 28,267.29 | 0.00 |

COAST TO COAST LEGAL AID
OF SOUTH FLORIDA, INC.
P. O. BOX 120970
FORT LAUDERDALE, FL  33312

Bank of America
FORT LAUDERDALE, FL 33301

63-
630

**Check:** 0006771

| DATE | AMOUNT |
|------|--------|
| 6/30/2015 | ***********0.00 |

Pay: ***No/100 Dollars***

To the
Order of:

DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL  33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.          6/30/2015          0006771

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---------|---------|---------|---------|---------|
| Salary | 0.00 | 2,416.25 | 0.00 | 28,995.00 |

| Tax / Deduction | Cur | Ytd |
|-----------------|-----|-----|
| DENTAL INS | 7.50 | 90.00 |
| HEALTH INS | 14.50 | 174.00 |
| TDA | 950.00 | 11,400.00 |
| VISION | 5.38 | 64.56 |
| FICA | 148.31 | 1,779.72 |
| FICAMED | 34.69 | 416.24 |
| FWT | 58.00 | 707.00 |
| EFT | 1,197.87 | 14,363.48 |

P/P ENDING 06/30/15

Married
3
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|--|----------|-------|------------|---------|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 28,995.00 | 2,902.96 | 26,092.04 | 0.00 |

**COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

Bank of America
FORT LAUDERDALE, FL 33301

63-630
630

**Check:** 0006741

| DATE | AMOUNT |
|---|---|
| 6/15/2015 | ***********0.00 |

Pay: ***No/100 Dollars***

To the
Order of:

DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.  6/15/2015   0006741

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 26,578.75 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 82.50 |
| HEALTH INS | 14.50 | 159.50 |
| TDA | 950.00 | 10,450.00 |
| VISION | 5.38 | 59.18 |
| FICA | 148.31 | 1,631.41 |
| FICAMED | 34.69 | 381.55 |
| FWT | 58.00 | 649.00 |
| EFT | 1,197.87 | 13,165.61 |

P/P ENDING 06/15/15

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 26,578.75 | 2,661.96 | 23,916.79 | 0.00 |

ULYSSE, DELANOR   6/15/2015   0006741

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 26,578.75 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 82.50 |
| HEALTH INS | 14.50 | 159.50 |
| TDA | 950.00 | 10,450.00 |
| VISION | 5.38 | 59.18 |
| FICA | 148.31 | 1,631.41 |
| FICAMED | 34.69 | 381.55 |
| FWT | 58.00 | 649.00 |
| EFT | 1,197.87 | 13,165.61 |

P/P ENDING  6/15/2015

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 26,578.75 | 2,661.96 | 23,916.79 | 0.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:

DELANOR ULYSSE, and
ALOURDES ULYSSE,                                  Case No. 15-25340-JKO

         Debtor.                                  Chapter 13

_____/

## RESPONSE IN OPPOSITION TO RES-FL FIVE, LLC'S
## OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

The Debtors, Delanor Ulysse and Alourdes Ulysse (the "Debtors"), by and through their

undersigned attorney, hereby submit their Response to RES-FL FIVE, LLC's ("RES') Objection

to Confirmation of the Debtors' Second Amended Chapter 13 Plan, and in support thereof state

as follows:

1.      On January 29, 2016, the Debtors filed their Second Amended Chapter 13 Plan

(the "Plan"). [DE 40].

2.      Also on January 29, 2016, Debtors filed their Amended Chapter 13 Calculation of

Disposable Income. [DE 42].

3.      On February 16, 2016, RES filed an Objection to Confirmation (the "Objection"),

[DE 16], arguing that the Debtors' Plan does not appear to commit all of the Debtors' projected

disposable income.

4.      According to the Objection, RES argues that the Debtors' voluntary contributions

of $1,900.00 per month to a Tax Deferred Annuity ("TDA") are not deductible from the Debtors'

disposable income and therefore must be included in the calculation of "projected disposable

income" available for the repayment of creditors.

1

5.      RES further argues that the Plan was proposed in bad faith due to the living expenses of the Debtors, their motivations in seeking relief under chapter 13, the circumstances under which Debtors contracted their debts, and by adding unsubstantiated and additional expenses to their Amended Chapter 13 Calculation of Disposable Income.

6.      Although RES recognizes there is a split in authority regarding whether voluntary contributions to TDAs should be deducted from the calculation of projected disposable income, it fails to acknowledge that the Middle District of Florida has addressed this issue a number of times, and in favor of Debtors' position.

7.      The better reasoned case law, with the support of the Middle District of Florida, holds that 401k contributions are not disposable income.  *In re Garrett*, 2008 WL 6049236 (Bankr. M.D. Fla.).  In *In re Garrett*, the Court held that based upon the addition of §§ 541(b)(7) and 1322(f) to the Bankruptcy Code, retirement account contributions and the repayment of a loan secured by a retirement account do not constitute disposable income in a Chapter 13 case. 2008 WL 6049236 at *1; *see also In re Nunna*, 2014 WL 1925833 at *15 (Bankr. M.D. Fla.).

8.      Moreover, "[w]ith respect to retirement account contributions, § 541(b)(7) clearly provides that contributions withheld from an employee's wages constitute property of the estate but do not constitute disposable income as defined in § 1325(b)(2)."  *In re Tauter*, 402 B.R. 903, 906 (Bankr. M.D. Fla. 2009).

9.      Debtors may fund retirement plans in good faith, so long as their contributions do not exceed the limits legally permitted by their plans.  *Baxter v. Johnson (In re Johnson)*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006).

2

10.     Here, RES does not assert that the Debtors' contributions exceed the amounts allowed by their TDA plans.  Simply because the Debtors are making voluntary retirement contributions, does not mean the Debtors filed their Plan in bad faith.

11.     Furthermore, their subsequently amended claimed monthly life insurance payments in the amount of $188.00 and monthly charitable contributions are substantiated.

12.     The Debtors have proof of their amended claims of monthly expenses.

13.     Additionally, the determination of the reasonableness of the Debtors' living expenses is a difficult task.  *See In re Nunna*, 2014 WL 1925833 at *20.  There is no bright-line rule for determining what is "reasonably necessary."  *Id.* at *20-21.  "A court should not superimpose its values and substitute its judgment for those of the debtor on basic choices about appropriate maintenance and support."  *Id.* at 21.

14.     Here, the Debtors are contributing to their TDA in order to provide for themselves in the future and do so in good faith.

15.     For the reasons stated above, the Plan does meet the confirmation standards of § 1325, which includes the § 1325(b)(1)(B) disposable income text and 11 U.S.C. §§ 1325(a)(3) and (7) good faith requirements.

WHEREFORE, the Debtors respectfully request the entry of an Order denying RES's Objection to Confirmation of Debtors' Chapter 13 Plan, and for any further relief this Honorable Court deems just and proper.

Dated:  April 25, 2016.                              Respectfully Submitted,

                                                     Van Horn Law Group, P.A.
                                                     330 N. Andrews Ave, Suite 450
                                                     Ft. Lauderdale, FL 33301
                                                     (954) 765-3166
                                                     (954) 756-7103 (fax)
                                                     Chad@cvhlawgroup.com

3

By: <u>/s   Chad Van Horn</u>
Chad Van Horn, Esq.
Florida Bar No: 064500

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all

parties receiving service via ECF, including those listed below, on April 25, 2016.

**ECF**
- **Scott C Lewis** bkfl@albertellilaw.com
- **Office of the US Trustee** USTPRegion21.MM.ECF@usdoj.gov
- **Lawrence E Pecan** lawrence.pecan@rialtocapital.com, lpecan@gmail.com
- **Barry Seth Turner** bturner@joneswalker.com, mvelapoldi@joneswalker.com;tsnow@joneswalker.com
- **Chad T Van Horn** Chad@cvhlawgroup.com,
- **Robin R Weiner** ecf@ch13weiner.com;ecf2@ch13weiner.com

Van Horn Law Group, P.A.
330 N. Andrews Ave, Suite 450
Ft. Lauderdale, FL 33301
(954) 765-3166
(954) 756-7103 (fax)
Chad@cvhlawgroup.com

By: <u>/s   Chad Van Horn</u>
Chad Van Horn, Esq.
Florida Bar No: 064500

4



**ORDERED in the Southern District of Florida on June 2, 2016.**

**John K. Olson, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:

DELANOR ULYSSE, and
ALOURDES ULYSSE,                                    Case No. 15-25340-JKO

      Debtor.                                              Chapter 13

_____/

### ORDER OVERRULING RES-FL FIVE, LLC'S
### OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

     THIS CASE was heard on April 26, 2016 at 1:30 P.M. on Secured Creditor, RES-FL

FIVE, LLC'S ("RES") Objection to Confirmation of Debtors' Chapter 13 Plan, [DE 44]. Having

considered RES's Objection, Debtors' Response in Opposition, [DE 50], and otherwise being

1

fully advised in the premises, the Court overrules RES's Objection to Confirmation of Debtors' Chapter 13 Plan.

## FACTS

On January 29, 2016, the Debtors filed their Second Amended Chapter 13 Plan (the "Plan") [DE 40] along with their Amended Chapter 13 Calculation of Disposable Income [DE 42]. Debtors listed "involuntary deductions" in the amount of $1,900, a net vehicle expense in the amount of $173.00, no public transportation expenses, life insurance payments in the amount of $188.00, and monthly charitable contributions in the amount of $125.00. On February 16, 2016, RES filed an Objection to Confirmation (the "Objection"), [DE 44].

## DISCUSSION

The question before the Court is whether the Debtors' retirement contributions to a TDA are deductible from the Debtors' disposable income. Although there is a split in authority regarding whether retirement contributions to TDAs should be deducted from the calculation of projected disposable income, the better reasoned case law in Florida holds that retirement contributions are not disposable income. In *In re Garrett*, the Court held that based upon the addition of §§ 541(b)(7) and 1322(f) to the Bankruptcy Code, retirement account contributions and the repayment of a loan secured by a retirement account does not constitute disposable income in a Chapter 13 case. *In re Garrett*, 2008 WL 6049236, at *1 (Bankr. M.D. Fla. 2008); *see also In re Nunna*, 2014 WL 1925833, at *15 (Bankr. M.D. Fla. 2014). In making that determination, the *Garrett* Court relied on the reasoning in *In re Njuguna*, 357 B.R. 689 (Bankr. D.N.H. 2006).

In *In re Njuguna*, the Court discussed what property should be included in the bankruptcy estate. 357 B.R. at 690-91. The Court concluded that

2

The property comprising the estate is largely laid out in section 541(a)(1), which provides that the following becomes property of the estate: "Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." Thus, property listed in section 541(b) does not become part of the bankruptcy estate. Section 541(b)(7) lists 401k contributions. Thus, 401k contributions are not property of the bankruptcy estate. Property that is not part of the bankruptcy estate is not subject to being considered for any part of a Chapter 13 plan. For purposes of the bankruptcy plan, it is as if the 401k contribution does not exist.

*Id.* The Court held that "'Congress has placed retirement contributions outside the purview of a Chapter 13 plan. *Id.* (quoting *In re Johnson*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006)).

"With respect to retirement account contributions, § 541(b)(7) clearly provides that contributions withheld from an employee's wages constitute property of the estate but do not constitute disposable income as defined in § 1325(b)(2)." *In re Tauter*, 402 B.R. 903, 906 (Bankr. M.D. Fla. 2009). Debtors may fund retirement plans in good faith, so long as their contributions do not exceed the limits legally permitted by their plans. *Baxter v. Johnson (In re Johnson)*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006). The Court finds that, under the facts of this case, the Debtor's retirement contributions are not considered disposable income.

Accordingly, it is hereby ORDERED:

1. RES's Objection to Confirmation of Debtors' Chapter 13 Plan [DE 44] is **OVERRULED**. The Debtors' retirement contributions to their TDA shall not be included in the calculation of disposable income available for the repayment of creditors.

### 

Copies to:

All parties in interest

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:

DELANOR ULYSSE, and
ALOURDES ULYSSE,                                    Case No. 15-25340-JKO

        Debtor.                                          Chapter 13

_____/

### RES-FL FIVE, LLC'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

      Secured Creditor, RES-FL FIVE, LLC ("RES") objects to the confirmation of Delanor Ulysse and Alourdes Ulysse's (the "Debtors") Second Amended Chapter 13 Plan (ECF#40) and states:

### Preliminary Statement

      1.     The facts of this case are not in dispute and are simple - the Debtors propose to pay general unsecured creditors at total of **$12,117.20** over the life of the Plan while contributing over ten (10) times that amount, in the approximate amount of **$114,000.00**, to their retirement accounts during the same time period.  The twin aims of bankruptcy are to provide equitable distribution of assets for creditors, and to provide a fresh start for a debtor. *In re Shelton,* 370 B.R. 861, 868 (Bankr. N.D. Ga. 2007)(citing *Burlingham v. Crouse,* 228 U.S. 459, 472–73, 33 S.Ct. 564, 57 L.Ed. 920 (1913)).  The Plan does not equitably balance between payment of unsecured creditors and saving retirement funds, such that the Debtors are not providing an equitable distribution to general unsecured creditors in exchange for their fresh start. Accordingly, the Plan violates the requirements of 11 U.S.C. § 1325(a)(3) and (7) that a plan be proposed in good faith, such that the Plan should not be confirmed by this Court.

## **Background**

2.  RES obtained a final judgment (the "Final Judgment") against the Debtors on July 26, 2012 in the amount of $60,436.39. By virtue of the recording of the Final Judgment, a judgment lien attached to all of the Debtors' real property in Marion County, FL.

3.  On August 25, 2015, the Debtors filed their voluntary Chapter 13 bankruptcy case.

4.  The Debtors' Schedule B-12(ECF#1) list three retirement accounts with the following values:

- 401K Securian Retirement Center valued in the amount of $26,289.32

- 403(b) Thrift Mutual of America valued in the amount of $4,908.79

- Mutual of America IRA valued in the amount of $13,061.60

5.  On December 8, 2015, the Debtors filed their First Amended Chapter 13 Plan (ECF#28). This plan proposes $90.00 monthly payments for months 1 through 4 and $115.00 monthly payments for months 5 through 60.

6.  On December 17, 2015, RES filed Proof of Claim No. 2-1 in total amount of $75,530.72 stating that RES is secured against all of the Debtors' personal property in the amount of $4,259.44 and has an unsecured claim in the amount of $71,271.28.

7.  On December 4, 2015, the Debtors filed their Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#26) under penalty of perjury. The Debtors list no vehicle expenses on Page 4 Lines 12-13, list a public transportation expenses in the amount of $185.00 on page 3 Line 14, list "involuntary deductions" in the amount of $1,900.00 on Page 4 Line 17, list no life insurance payments on Page 4 Line 18, and list no monthly charitable contributions on Page 5 Line 31 for a total projected monthly Chapter 13 plan payment in the amount of $727.76.

8.      On January 29, 2016, the Debtors filed their Second Amended Chapter 13 Plan (ECF#40) ("Plan").  The Plan proposes $90.00 monthly payments for months 1 through 4 and $209.95 monthly payments for months 5 through 60.

9.      Also on January 29, 2016, the Debtors filed their Second Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#42) under penalty of perjury.    For this first time in this matter, the Debtors list a net vehicle expense in the amount of $173.00 on Page 4 Lines 12-13, list no public transportation expenses on Page 3 Line 14, list life insurance payments in the amount of $188.00 on Page 4 Line 18, and list monthly charitable contributions on Page 5 Line 31 in the amount of $125.00.    The Debtors remain to claim $1,900.00 in "involuntary deductions" on Page 4 Line 17. Accordingly, the Debtors' alleged projected monthly Chapter 13 plan payment in the amount of $56.97.

10.     In response to a Rule 2004 request, the Debtors produced the attached documentation demonstrating that Delanor Ulysse is contributing:

- As of December 30, 2011, $850.00 twice month to the TDA;
- As of December 28, 2012, $0.00 to the TDA;
- As of December 30, 2013, $300.00 twice month to the TDA;
- As of December 30, 2014, $950.00 twice month to the TDA;
- As of December 30, 2015, $950.00 twice month to the TDA.

Attached hereto as **Composite Exhibit 1** are the Delanor Ulysse's payroll account information.

11.     On June 2, 2016, the Court entered the Order Overruling RES-FL Five, LLC's Objection to Confirmation of Debtors' Chapter 13 Plan (ECF#54).

## The Plan Was Proposed In Bad Faith

12.     Pursuant to 11 U.S.C. §§ 1325(a)(3) and (7), the filing of the Plan and bankruptcy petition was not done in good faith.  "In conducting the good faith inquiry, the totality of the circumstances    must    be    considered."    *In    re    Humphrey,*    165    B.R.    508,    510–11

(Bankr.M.D.Fla.1994). The twin aims of bankruptcy are to provide equitable distribution of assets for creditors, and to provide a fresh start for a debtor. *In re Shelton,* 370 B.R. 861, 868 (Bankr. N.D. Ga. 2007)(citing *Burlingham v. Crouse,* 228 U.S. 459, 472–73, 33 S.Ct. 564, 57 L.Ed. 920 (1913)). The Eleventh Circuit has approved a non-exclusive list of factors for determining good faith:

> 1. the amount of Debtor's income from all sources;
> 2. the living expenses of Debtor and his dependents;
> 3. the amount of attorney's fees;
> 4. the probable or expected duration of Debtor's chapter 13 plan
> 5. the motivations of Debtor and his sincerity in seeking relief under the provisions of chapter 13;
> 6. Debtor's degree of effort;
> 7. Debtor's ability to earn and the likelihood of fluctuation of his earnings;
> 8. special circumstances such as inordinate medical expense;
> 9. the frequency with which Debtor has sought bankruptcy protection;
> 10. the circumstances under which Debtor has contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors;
> 11. the burden which the plan's administration would place on the trustee;
> 12. any exceptional circumstances in the case;
> 13. the type of debt and whether it would be nondischargeable in chapter 7;
> 14. accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court....

*Id*. at 511 (quoting *In re Kitchens*, 702 F.2d 885, 888 (11th Cir.1983)).

13.     The Plan fails to meet the good faith requirements of 11 U.S.C. §1325, as the Debtors are excluding too large of a portion of their income towards their retirement.

14.     The factors supporting the lack of good faith include, but are not limited to, the living expenses of Debtors, the motivations of Debtors and his sincerity in seeking relief under the provisions of chapter 13, Debtors' degree of effort, and the circumstances under which Debtors has contracted his and her debts and has demonstrated lack of bona fide in dealings with his creditors, particularly RES.   The Debtors appear to be add unsubstantiated and additional

expenses to their Second Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#42) to retain more funds without a meaningful distribution to creditors, including RES.

15.     All of the above factors demonstrate Debtor is retaining significant assets, which are indisputably luxuries including a rental property, daily lunches out at work, transportation in addition to their vehicles, without making any meaningful distribution to unsecured creditors cannot satisfy the good faith requirements of 11 U.S.C. §1325.

16.     Over the length of the Plan, the Debtors will contribute **$114,000.00** to their retirement accounts while paying unsecured creditors a total of **$12,117.20**.  The Debtors will contribute more to the retirement account than he will pay to the Chapter 13 Trustee for payment to secured, priority, and specially-classed unsecured creditors. The Debtors are using Chapter 13 to obtain a fresh start without fairly repaying his creditors.

17.     The Court should examine the Debtors' degree of effort to repay creditors. Delanor Ulysse has not changed his pre-petition behavior and is still contributing 36.29% of his gross income to a retirement account. The Debtors could very easily reduce the amount of the monthly retirement contribution to a reasonable figure. If Debtors reduce the monthly retirement contribution, Debtors would be able to increase the dividend to unsecured creditors.

18.     One factor to consider in determining good faith is the amount of the proposed payments and the amount of the debtor's surplus. *In re Upton*, 363 B.R. 528, 535 (Bankr. S.D. Ohio 2007)(citations omitted).  In *In re Shelton,* 370 B.R. 861 (Bankr. N.D. Ga. 2007), the debtor proposed a zero percent dividend (or 0% payout) to unsecured nonpriority creditors, a payment to secured creditors of $550 a month, and a contribution of $655 a month to his retirement plan. According to the court, "[t]he proposed plan would permit Debtor, over the course of the plan, to shelter $39,300 in his retirement account, pay approximately $33,000 to

secured creditors or lose the assets representing collateral, pay nothing to unsecured creditors, and discharge $89,237 in, primarily, credit card debt." 370 B.R. at 868. In addressing the Chapter 13 trustee's objection to confirmation, the court observed:

> While it is apparent that Congress removed certain streams of income from being considered disposable income by exemption or deduction, it does not necessarily follow that Congress intended to handicap the courts' good faith inquiries or unintentionally create a proverbial "loophole." Unlike previous amendments that have eclipsed particular *Kitchens'* factors, BAPCPA expressly limited the application of § 541(b)(7) to one particular paragraph, § 1325(b)(2). Section 1325(b)(2) is also limited to a specific application: "[f]or purposes of this subsection." Had Congress sought to soften the good faith requirement, a statement to that effect is conspicuously absent. While it is true that Congress provided more protection for retirement accounts, a primary focus of BAPCPA is to enable the courts to ferret out abuses of the law. *See* 11 U.S.C. § 1325(a)(7).

370 B.R. at 867. The court added: "BAPCPA does not direct a court to abandon viewing the totality of the circumstances, nor impose a requirement that a court blind itself to the full picture of a debtor's finances. Before the passage of BAPCPA, Congress had amended the Code to remove certain other factors from the scope of § 1325(a)(3) without discrediting the totality-of-the-circumstances approach." *Id*. In view of the debtor's circumstances, the court concluded that "such a grossly disproportionate plan invites scrutiny." *Id*. at 868. It determined:

> Achieving an appropriate balance between payment of unsecured creditors and saving retirement funds is the natural end of viewing the totality of Debtor's circumstances. That result cannot be achieved in this case without additional evidence only Debtor can provide, including the details of all prepetition contributions to any retirement account(s) by providing pay advices, institutional statements or sworn statements by the account administrator for any retirement plan, beginning with the first contribution through the present; and including documentation regarding any loan from any retirement account.

Id. 869.

- **Lawrence E Pecan**    lawrence.pecan@rialtocapital.com, lpecan@gmail.com
- **Barry Seth Turner**    bturner@joneswalker.com,
  mvelapoldi@joneswalker.com;tsnow@joneswalker.com
- **Chad T Van Horn**    Chad@cvhlawgroup.com,
  jay@cvhlawgroup.com,DeadlinesandHearings@gmail.com,allie@cvhlawgroup.com;Mil
  agros@cvhlawgroup.com,terri@cvhlawgroup.com,matt@cvhlawgroup.com,martha@cvh
  lawgroup.com,bea@cvhlawgroup.com,g2320@notify.cincompas
- **Robin R Weiner**    ecf@ch13weiner.com;ecf2@ch13weiner.com

**US Mail**

**Capital One Auto Finance**
c/o Ascension Capital Group
POB 201347
Arlington, TX 76006

19.    The Debtors' income would significantly increase without such luxuries, and could pay creditors over $2,000.00 per month, or a portion thereof, thereby paying unsecured creditors in full, or at least a meaningful distribution from this Chapter 13 bankruptcy case.

## Conclusion

20.    The Debtors have ignored the requirements of a chapter 13 Plan, and appear to have filed this petition in bad faith in violation of 11 U.S.C. §§ 1325(a)(3) and (7), in the hopes of stalling the post judgment remedies of RES, rather than having any actual intent to reorganize.

WHEREFORE, RES-FL FIVE, LLC requests the entry of an Order (1) denying confirmation of the Plan; and (2) granting such other and further relief as is just and appropriate.

Dated:  July 28, 2016            Respectfully Submitted,

>       JONES WALKER LLP
>        *Attorneys for RES-FL FIVE, LLC*
>       201 Biscayne Blvd., Suite 2600
>       Miami, Florida 33131
>       Email:  *bturner@joneswalker.com*
>       Telephone:  (305) 679-5700
>       Facsimile:  (305) 679-5710
>
>       By:___/s/ Barry S. Turner_____
>              Barry S. Turner
>              Florida Bar No. 85535

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties receiving service via ECF, including those listed below, on July 28, 2016.

>              */s/ Barry S. Turner_____*
>              Barry S. Turner

**ECF**

- **Scott C Lewis**    bkfl@albertellilaw.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov

# Composite Exhibit 1

Bank of America    63-4

**OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

|  | DATE | AMOUNT |
|---|---|---|
|  | 12/30/2011 | ***********0.00 |

Pay: ***No/100 Dollars***

To the
Order of:
DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

## NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.     12/30/2011

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,213.95 | 0.00 | 53,762.40 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 850.00 | 18,700.00 |
| VISION | 8.54 | 204.96 |
| FICA | 92.52 | 2,246.76 |
| FICAMED | 31.94 | 775.68 |
| FWT | 56.00 | 1,650.00 |
| ADD'L LIFE INS | 0.00 | 0.00 |
| EFT | 1,152.95 | 29,657.00 |

P/P ENDING 12/30/11

Married
3
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,213.95 | 180.46 | 2,033.49 | -0.00 |
| Y-T-D | 53,762.40 | 4,672.44 | 49,089.96 | 0.00 |

ULYSSE, DELANOR     12/30/2011

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,213.95 | 0.00 | 53,762.40 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 850.00 | 18,700.00 |
| VISION | 8.54 | 204.96 |
| FICA | 92.52 | 2,246.76 |
| FICAMED | 31.94 | 775.68 |
| FWT | 56.00 | 1,650.00 |
| ADD'L LIFE INS | 0.00 | 0.00 |
| EFT | 1,152.95 | 29,657.00 |

P/P ENDING 12/30/2011

Married
3
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,213.95 | 180.46 | 2,033.49 | -0.00 |
| Y-T-D | 53,762.40 | 4,672.44 | 49,089.96 | 0.00 |

Bank of America 63-4

**COAST TO COAST LEGAL AID**
**OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

| DATE | AMOUNT |
|------|--------|
| 12/28/2012 | ***********0.00 |

Pay: ***No/100 Dollars***

To the
Order of:

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.                  12/28/2012

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---------|---------|---------|---------|---------|
| Salary | 0.00 | 2,266.25 | 0.00 | 54,390.00 |

| Tax / Deduction | Cur | Ytd |
|-----------------|-----|-----|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 0.00 | 17,850.00 |
| VISION | 7.68 | 184.44 |
| FICA | 94.97 | 2,279.28 |
| FICAMED | 32.79 | 786.96 |
| FWT | 134.00 | 1,566.00 |
| EFT | 1,974.81 | 31,195.32 |

P/P ENDING 12/30/12

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|----------|-------|------------|---------|
| Current | 2,266.25 | 261.76 | 2,004.49 | 0.00 |
| Y-T-D | 54,390.00 | 4,632.24 | 49,757.76 | 0.00 |

ULYSSE, DELANOR                                                  12/28/2012

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---------|---------|---------|---------|---------|
| Salary | 0.00 | 2,266.25 | 0.00 | 54,390.00 |

| Tax / Deduction | Cur | Ytd |
|-----------------|-----|-----|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 0.00 | 17,850.00 |
| VISION | 7.68 | 184.44 |
| FICA | 94.97 | 2,279.28 |
| FICAMED | 32.79 | 786.96 |
| FWT | 134.00 | 1,566.00 |
| EFT | 1,974.81 | 31,195.32 |

P/P ENDING 12/28/2012

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|----------|-------|------------|---------|
| Current | 2,266.25 | 261.76 | 2,004.49 | 0.00 |
| Y-T-D | 54,390.00 | 4,632.24 | 49,757.76 | 0.00 |

Bank of America    63-4

**OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL  33312

| | |
|---|---|
| **DATE** | **AMOUNT** |
| 12/30/2013 | \*\*\*\*\*\*\*\*\*\*\*0.00 |

Pay: **\*\*\*No/100 Dollars\*\*\***

To the
Order of:

DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL  33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.                 12/30/2013

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,369.08 | 0.00 | 56,435.28 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 300.00 | 5,700.00 |
| VISION | 5.38 | 129.12 |
| FICA | 113.31 | 3,463.01 |
| FICAMED | 26.50 | 809.93 |
| FWT | 189.30 | 3,558.30 |
| EFT | 1,712.59 | 42,246.92 |

P/P ENDING 12/30/13
Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,369.08 | 329.11 | 2,039.97 | -0.00 |
| Y-T-D | 56,435.28 | 7,831.24 | 48,604.04 | 0.00 |

ULYSSE, DELANOR                 12/30/2013

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,369.08 | 0.00 | 56,435.28 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 300.00 | 5,700.00 |
| VISION | 5.38 | 129.12 |
| FICA | 113.31 | 3,463.01 |
| FICAMED | 26.50 | 809.93 |
| FWT | 189.30 | 3,558.30 |
| EFT | 1,712.59 | 42,246.92 |

P/P ENDING 12/30/2013
Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,369.08 | 329.11 | 2,039.97 | -0.00 |
| Y-T-D | 56,435.28 | 7,831.24 | 48,604.04 | 0.00 |

**COAST TO COAST LEGAL AID**
**OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL  33312

FORT LAUDERDALE, FL 33301        630

| | DATE | AMOUNT |
|---|---|---|
| | 12/30/2014 | ***********0.00 |

Check:▮▮▮▮▮

Pay: ***No/100 Dollars***

To the
Order of:

DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL  33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.        12/30/2014

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,366.25 | 0.00 | 56,790.00 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 950.00 | 12,100.00 |
| VISION | 5.38 | 129.12 |
| FICA | 145.21 | 3,485.04 |
| FICAMED | 33.96 | 815.04 |
| FWT | 55.00 | 2,757.00 |
| EFT | 1,154.70 | 36,975.80 |

P/P ENDING 12/30/14

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,366.25 | 234.17 | 2,132.08 | -0.00 |
| Y-T-D | 56,790.00 | 7,057.08 | 49,732.92 | -0.00 |

ULYSSE, DELANOR        12/30/2014

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,366.25 | 0.00 | 56,790.00 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 950.00 | 12,100.00 |
| VISION | 5.38 | 129.12 |
| FICA | 145.21 | 3,485.04 |
| FICAMED | 33.96 | 815.04 |
| FWT | 55.00 | 2,757.00 |
| EFT | 1,154.70 | 36,975.80 |

P/P ENDING 12/30/2014

Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,366.25 | 234.17 | 2,132.08 | -0.00 |
| Y-T-D | 56,790.00 | 7,057.08 | 49,732.92 | -0.00 |

Bank of America
63-4

**OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

| | DATE | AMOUNT |
|---|---|---|
| | 12/30/2015 | ***********0.00 |

Pay: ***No/100 Dollars***

To the
Order of:
DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

# NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.                    12/30/2015

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 57,990.00 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 950.00 | 22,800.00 |
| VISION | 5.38 | 129.12 |
| FICA | 148.31 | 3,559.44 |
| FICAMED | 34.69 | 832.52 |
| FWT | 58.00 | 1,403.00 |
| EFT | 1,197.87 | 28,737.92 |

P/P ENDING 12/30/15
Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 57,990.00 | 5,794.96 | 52,195.04 | 0.00 |

ULYSSE, DELANOR                    12/30/2015

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 57,990.00 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 950.00 | 22,800.00 |
| VISION | 5.38 | 129.12 |
| FICA | 148.31 | 3,559.44 |
| FICAMED | 34.69 | 832.52 |
| FWT | 58.00 | 1,403.00 |
| EFT | 1,197.87 | 28,737.92 |

P/P ENDING 12/30/2015
Married
3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 57,990.00 | 5,794.96 | 52,195.04 | 0.00 |



**ORDERED in the Southern District of Florida on November 3, 2016.**

John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
**www.flsb.uscourts.gov**

In re:

Case No.: **15-25340-JKO**

**Delanor Ulysse, and**
**Alourdes Ulysse**,

Chapter: **13**

Debtors.
_____/

**ORDER OVERRULING RES-FL FIVE, LLC'S OBJECTION TO CONFIRMATION OF
DEBTORS' CHAPTER 13 PLAN [ECF 62]**

**THIS CAUSE** came before the court on August 3, 2016, on Secured Creditor, RES-FL

FIVE, LLC'S ("RES") Objection to Confirmation of Debtors' Chapter 13 Plan [ECF 62].

Debtors filed their Second Amended Chapter 13 Plan (the "plan") on January 29, 2016 [ECF 40].

RES objected to the confirmation of that plan for the first time on February 16, 2016 [ECF 44].

RES asserted that because the plan failed to commit all of the debtors' projected disposable income

*and* because the plan was proposed in bad faith the plan should be denied. After reviewing

Debtors' Response in Opposition to RES' Objection [ECF 50] and a hearing on the matter on April

26, 2016, this Court entered an Order Overruling RES' Objection [ECF 54] on June 2, 2016.

Now RES objects again to the plan for similar reasons.

## THE PRIOR ORDER [ECF 54]

The prior order [ECF 54] found that Debtors' retirement contributions are not considered

disposable income and therefore shall not be included in the calculation of disposable income

available for the repayment of creditors. That Order noted that while there is a split in authority

regarding whether retirement contribution to qualified retirement accounts should be deducted

from the calculation of projected disposable income, the better reasoned case law holds that

retirement contributions are not disposable income [ECF 54]. *See In re Garrett*, 2008 WL

6049236, at *1 (Bankr. M.D. Fla. 2008); *see also In re Nunna*, 20014 WL 1925833, at *15 (Bankr.

M.D. Fla. 2014). Furthermore, Congress has undoubtedly placed "retirement contributions

outside the purview of a Chapter 13 plan" ostensibly to encourage people to contribute to their

retirement plans as they save for the future. *See in re Johnson*, 346 B.R. 256, 263 (Bankr. S.D.

Ga. 2006). In light of that analysis, the prior order overruled the objection to confirmation of the

plan filed by RES, and noted that Debtors are indeed allowed to fund retirement plans in good faith

so long as their contributions do not exceed the limits legally permitted by their plans [ECF 54].

However, the prior order did not specifically address the issue of whether or not Debtors

filed this Chapter 13 case in good faith as required by 11 U.S.C. § 1325(a)(3) and (7). Now RES

has again objected to the confirmation of the plan and asserts that the plan was not proposed in good faith and confirmation of the plan must be denied [ECF 62].   For the reasons stated below, the objection is overruled.

## FACTS

Joint Debtors Delanor and Alourdes Ulysse appear to be reaching the age of retirement, and while Mrs. Ulysse is not employed, Mr. Ulysse has dutifully deposited funds directly from his paycheck to his retirement account since at least 2011.   RES obtained a final deficiency judgment against the Debtors on July 26, 2012 in the amount of $60,436.39 in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.   Debtors filed for bankruptcy Chapter 13 protection on August 25, 2015 [ECF 1].   On December 17, 2015, RES filed proof of claim No. 2-1 in the total amount of $75,530.72 with a secured claim of $4,259.44 and an unsecured claim in the amount of $71,271.28, which represents 96.67% of the general unsecured claims.   This partially secured claim is attached to a motor vehicle worth $4,259.44 (the amount of the secured claim).   Debtors' plan [ECF 40] proposes to pay general unsecured creditors a total of $12,117.20 over the life of the plan.

## DISCUSSION

Consistent with this Court's prior order that held that Mr. Ulysse's contributions to the retirement funds are not considered disposable income [ECF 54], the only issue before the Court is whether or not this case was filed in bad faith in violation of the requirements set forth in 11 U.S.C. §1325(a)(3) and (7).   In considering whether or not the filing of a bankruptcy petition was done in good faith, "the totality of the circumstances must be considered."   *In re Humphrey*, 165 B.R. 508, 510-11 (Bankr. M.D. Fla. 1994). The Eleventh Circuit approved a list of non-exclusive factors for determining good faith, such as the amount of Debtor's income from all sources, the

3

living expenses of Debtor and his dependents, the frequency with which Debtor has sought bankruptcy protection, etc. (*See generally In re Kitchens*, 702 F.2d 885, 888 (11th Cir. 1983).

The main thrust of RES's argument is that *because* the plan gives only $12,117.20 to general unsecured creditors "while contributing over ten (10) times that amount, in the approximate amount of **$114,000.00**, to their retirement accounts during the same time period" [ECF 62] the plan must have been filed in bad faith. While it is true that if Mr. Ulysse stopped paying into his retirement fund (which, based on argument of counsel, may or may not be prohibited by Mr. Ulysse's employer) that more funds would be available to pay general unsecured creditors, Mr. Ulysse and debtors in general are *not* obligated to do so. RES claims that by "excluding too large of a portion [36.29%] of their income towards their retirement" [ECF 62] the plan fails to meet the good faith requirements of 11 U.S.C. § 1325. In fact, as previously stated in this Court's prior order [ECF 54], Debtors may fund retirement plans in good faith, so long as their contributions do not exceed the limits legally permitted by their plans. *See in re Johnson*, 346 B.R. at 263. There is no evidence before this Court that suggests Debtors are contributing to their retirement accounts in excess of amounts allowable by law. If debtors are funding their retirement accounts with amounts that are *legally allowable*, then equity will not revisit those transfers on the basis of "fairness." Congressional policy dictates that contributions to a qualified retirement account are not disposable income; there is no "equity end-around" that would somehow undermine the Congressional determination of the propriety of such a contribution. Considering case law and the facts of this case, there is no bad faith inherently attached to Debtors' funding of their retirement accounts.

RES brings up several other issues purporting to show bad faith on the part of the Debtors in filing their Chapter 13 petition, both in their motion and at the hearing on August 8, 2016. RES

4

runs through the *Kitchens* factors and further cites "indisputable luxuries" such as "daily lunches out at work" and claims that *no* meaningful distribution is made to unsecured creditors [ECF 62]. In Court on August 3, 2016, RES made the argument that if the Debtors are using their retirement contributions for non-retirement reasons, then a negative inference should be imposed against the Debtors and their contentions that they are truly saving for retirement.

In 2011-2015, the Mr. Ulysse deposited $77,150.00 into his retirement accounts [ECF 62 Ex. 1]. Mrs. Ulysse does not work outside the home, and Mr. Ulysse's contributions to their retirement accounts (the vast majority of which were pre-petition) do not appear to show any bad faith, but in fact shows two people preparing for their retirement. This Court is unpersuaded by argument of counsel for RES that Debtors want their retirement and their fresh start afforded to them by the Bankruptcy Code, *but they are not entitled to both* (argument of counsel at August 3, 2016 hearing). In this situation with Debtors obviously nearing retirement age, it would be contrary to public policy in favor of saving for retirement for this Court to find that contributions *in legal amounts* to retirement funds should be disallowed for the benefit of unsecured creditors.

Previously, in their first objection [ECF 44] RES asked this court to essentially disallow entirely Mr. Ulysse's contributions to the retirement plans. Now, in their second objection before this Court [ECF 62] RES states that Mr. Ulysse is simply contributing too much to the plans, in unreasonable amounts, which leaves the unsecured creditors RES (which holds 96.67% of the unsecured debt) and Portfolio Recovery Associates, LLC, with only $12,117.20 over the life of the plan. Clearly, if the Debtors had contributed in excess of legal amounts, such a funding of a retirement plan to the detriment of unsecured creditors would be unreasonable. Perhaps if Debtors had *maximized* their yearly contributions to retirement plans, such a funding could be found to be unreasonable. In reality, Mr. Ulysse contributed $18,700 (2011), $17,850 (2012),

$5,700 (2013), $12,100 (2014), and $22,800 (2015), with small increases in yearly earnings each year.    This pattern does not evince bad faith, but appears to reveal Mr. Ulysse's earnest intentions to save for retirement while balancing the costs of everyday life.

Accordingly, it is hereby **ORDERED** that RES's Objection to Confirmation of Debtors' Chapter 13 Plan [DE 62] is **OVERRULED**.

<div align="center">###</div>

Copies to: All Parties in interest.

CGFD26 (10/01/16)



**ORDERED in the Southern District of Florida on November 22, 2016**

**John K Olson**
United States Bankruptcy Judge

---

# United States Bankruptcy Court
## Southern District of Florida
### www.flsb.uscourts.gov

**Case Number: 15–25340–JKO**

**Chapter: 13**

*In re:* *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade)*

Delanor Ulysse
2081 NW 86th Ter
Coral Springs, FL 33071–6169

SSN: xxx–xx–3815

Alourdes Ulysse
2081 NW 86th Ter
Coral Springs, FL 33071–6169

SSN: xxx–xx–6238

## <u>ORDER CONFIRMING CHAPTER 13 PLAN</u>

This cause came before the court on 11/7/2016 for confirmation of the debtor's proposed Second Amended chapter 13 plan pursuant to Local Rule 3015–3(B)(2). Based on the record, including the debtor's "Certificate of Compliance and Request for Confirmation on Chapter 13 Plan", it is

**ORDERED** as follows:

1. The debtor's chapter 13 plan (the "Plan") meets with the provisions of 11 U.S.C. § 1325 and, if applicable, § 521 and 1308, and is, therefore, confirmed in accordance with its terms.

2. Any claim entitled to priority under 11 U.S.C. § 507 shall be paid in full, in periodic installments, in the order of priority prescribed by the Bankruptcy Code over the period of the Plan as required by 11 U.S.C. § 1322(a)(2), with postpetition interest as required by 11 U.S.C. § 506(b) payable on the secured portion of the claim.

*Page 1 of 3*

3. The debtor's first monthly payment to the Trustee under the Plan was required to commence not later than 30 days following August 25, 2015, the date the petition was filed, or within 30 days from the date of conversion to chapter 13. The Trustee shall begin disbursement to creditors pursuant to the Plan as soon as practicable upon entry of this order.

4. If the Plan does not provide for payments to a secured creditor, the Plan provides for surrender of the property secured by the secured creditor's claim or the Plan provides for direct payment of the secured creditor's claim outside of the Plan, such creditor is granted in rem stay relief to pursue available state court remedies against any property of the debtor which secures the creditor's claim.

5. Any executory contract or unexpired lease of the debtor which has not been assumed pursuant to court order prior to entry of this order, or which is not assumed in the Plan confirmed by this order, is deemed rejected upon entry of this order.

6. If the confirmed plan in this case provides for payment to holder(s) of tax certificates on property of the debtor, the following provisions shall apply:

    A. To ensure that the records of the County Tax Collector credit amounts received by certificate holders, upon receipt of information pursuant to subparagraph B below, the Tax Collector is ordered to adjust the County tax records and reduce both the amount owed on tax certificates and the amount of the tax lien to reflect payments made by the Chapter 13 Trustee to certificate holders under the confirmed plan.

    B. The Tax Collector shall be served with any order entered post–confirmation which (a) dismisses or converts this case; (b) grants stay relief to the holder of a secured claim on the property subject to the tax certificates; (c) approves a sale or refinancing of the property subject to the tax certificates; (d) modifies the plan to eliminate further payments to one or more certificate holders; or (e) discharges the debtor upon completion of the plan. Upon receipt of any such order, the Tax Collector shall request a ledger from the Chapter 13 Trustee reflecting the amounts paid to certificate holders under the confirmed plan, or obtain the ledger information by accessing the Chapter 13 Trustee's website.

    C. During the period in which the certificate holders are receiving payments under the confirmed plan, unless otherwise ordered, the Tax Collector is enjoined from accepting a redemption payment for any certificate which is included in the plan. This injunction will dissolve without further order of the Court if (a) one of the orders described in subparagraph B is entered; and (b) the County has complied with the requirements in subparagraph A by reducing both the amount owed on any certificate paid or partially paid under the plan and the amount of the tax lien by the amount paid to the certificate holder as reflected in the Chapter 13 Trustee's ledger.

7. Pursuant to Local Rule 3070–1(C)(2), if the debtor fails to timely make any Plan payment to the Trustee, the Trustee may serve a "Notice of Delinquency" upon the debtor and the debtor's attorney. The debtor shall have 45 days from the date of the "Notice of Delinquency" to make all payments due under the Plan, including any payments that become due within the 45–day period. If the debtor is seeking to cure the delinquency in a modified plan the debtor must file a motion to modify the confirmed plan within 14 days of the date of the "Notice of Delinquency". If the debtor is not current with plan payments on the 45th day after the date of the "Notice of Delinquency", the Trustee shall file and serve a report of non–compliance and the case will be dismissed without further notice or hearing. Dismissal shall be with prejudice to the debtor filing any new bankruptcy case in any federal bankruptcy court in the United States for a period of 180 days from entry of the order of dismissal. The court will not extend these deadlines absent extraordinary circumstances.

*Page 2 of 3*

8. To the extent the Plan sought a determination of valuation pursuant to Bankruptcy Rule 3012, and no objections were filed or any objections were resolved, the terms of the Plan will be binding upon the affected secured creditors, and any allowed proof of claim will be secured only to the extent of the value as provided for in the Plan and unsecured as to the balance of the claim.

The clerk shall serve a copy of this order on all parties of record.

*# # #*

*Page 3 of 3*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                Case No. 15-25340-JKO

                                                      Chapter 13

DELANOR ULYSSE, and
ALOURDES ULYSSE

                    Debtors.
_____/

**NOTICE OF APPEAL**

Secured Creditor, RES-FL FIVE, LLC (**"RES"**) gives notice of appeal of the below referenced order:

| | | | |
|---|---|---|---|
| 11/22/2016 | | 69<br>(3 pgs) | Order Confirming (Re: 40 Second Amended Chapter 13 Plan filed by Debtor Delanor Ulysse, Joint Debtor Alourdes Ulysse, ). (Grooms, Desiree) (Entered: 11/22/2016) |

## CROSS PARTIES TO APPEAL

*Debtors*                              represented by        **Chad T Van Horn**

**Delanor Ulysse  and Alourdes Ulysse**                      330 N Andrews Ave #450

2081 NW 86th Ter                                             Ft Lauderdale, FL 33301

Coral Springs, FL 33071-6169                                 954-765-3166

BROWARD-FL                                                   Fax : 954-756-7103

SSN / ITIN: xxx-xx-3815                                      Email: Chad@cvhlawgroup.com

Respectfully submitted,

/s/ Lawrence E.  Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
In-House Counsel
Rialto Capital
790 NW 107 Avenue, Suite 400
Miami, Florida 33172
Lawrence.Pecan@rialtocapital.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered to (1) counsel for the Debtor, (2) the Chapter 13 Trustee and (3) the United States Trustee by delivery of notices of electronic filing.

/s/ Lawrence E.  Pecan
Lawrence E. Pecan, Esquire