Chad Van Horn, Esq.
Florida Bar No: 064500
Van Horn Law Group, P.A.
330 N. Andrews Ave, Suite 450
Ft. Lauderdale, FL 33301
Chad@cvhlawgroup.com

(Counsel for Appellees)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  0:16-CV-62900-BB


RES-FL FIVE, LLC
      Appellant,

                        USBC CASE NO.: 15-25340 JKO

                        CHAPTER 13

DELANOR ULYSSE AND
ALOURDES ULYSSE,
      Appellees.
_____/


## APPELLEES' RESPONSE BRIEF

**TABLE OF CONTENTS**

I. STATEMENT OF BASIS OF APPELLATE JURISDICTION.......................... 5

II. STATEMENT OF ISSUES ON APPEAL ……………………………...………...5

III. STATEMENT OF THE CASE IN ADDITION TO THE FACTS SPECIFIED IN THE APPELLANT'S BRIEF……………………………………………..………5

IV. SUMMARY

V. ARGUMENT

      A.  Voluntary 40l(k) Plan Contributions are not Disposable Income ............ 6

      B.  Deduction of Voluntary Retirement Plan Contributions is Continuing Right……………………………………………………………………... 8

      C.  The Clear Reading of Section 541(b)(7) Allows Retirement Deductions…………………………………………………..…………… 9

      D.  As found by the Bankruptcy Court, the Debtors' have acted in Good Faith and Public Policy Favors Retirement Deductions………..………..13

VI. CONCLUSION - THE BANKRUPTCY COURT CORRECTLY DETERMINED THAT THE DEBTORS' RETIREMENT CONTRIBUTIONS ARE DEDUCTIBLE FROM THE DEBTORS' DISPOSABLE INCOME AND THE DEBTORS' ACTED IN GOOD FAITH…………………………………14

CERTIFICATE OF SERVICE ............................................................. 15

CERTIFICATE OF COMPLIANCE..………………………………………….…15

# TABLE OF AUTHORITIES

## CASES CITED

*Cogligano* v. *Anderson (In re Cogligano)*, 355 B.R. 792, 800 (9th Cir. BAP 2006) ................................................................................................................ 14

*Dewsnup* v. *Timm*, 502 U.S. 410,419,112 S.Ct. 773,116 L. Ed. 2d 903 (1992)… 13

*In re Barnes*, 32 F.3d 405,407 (9th Cir. 1994) ……………...........................14

*In re Carpintero,* 2010 Bankr. LEXIS 3213 (Bankr. S.D. Fla.) ........................... 10

*In re Cavanaugh*, 175 B.R. 369 (Bankr. D. Idaho 1994) ..................................... 13

*In re Delnero*, 191 B.R. 539 (Bankr. N.D. N.Y. 1996) ......................................... 12

*In re Dorwarth*, 258 B.R. 293 (Bankr. D. Fla. 2001) ........................................... 13

*In re Downey Regional Medical Center Hospital*, 441 120, 127 (9th Cir. BAP 2010) .................................................................................................................... 11

*In re Egebjerg*, 574 F.3d 1045, 1050 (9th Cir. 2009) ........................................7, 8

*In re Fowler*, 394 F.3d 1208, 1212 9t11 Cir. 2005) '" ........................................... 6

*In re Garrett*, 2008 Bankr. LEXIS 4130 …………………........................... 12

*In re Hansen*, 244 B.R. 799 (Bankr. D. Ill. 2000) ……………........................ 11

*In re Harris*, 2011 Bankr. LEXIS 2278 Bankr. S.D. Ohio 2011) ……….............. 10

*In re Johnson*, 346 B.R. 256,263 (Bankr. S.D. Ga. 2006) .................................... 8

*In re Latone*, 2008 Bankr. LEXIS 3206 ............................................................... 7

*In re Lavin* 424 B.R. 558, 564 (Bankr. M.D. Fla. 2010) .................................. 11,14

*In re Leung*, 311 B.R. 626 (Bankr. S.D. Fla. 2004) ............................................. 11

*In re Lott*, 2011 Bankr. LEXIS 1983 (Bankr. N.D. Ala. 2011) ............................ 10

*In re McCullers*, 2011 WL 2358568 Bankr. N.D. Cal. 2011 .......................... 10,11

*In re Norwood-Hill*, 403 B.R. at 913........................................................................ 12

*In re Noll*, 2010 Bankr. LEXIS 4868 (Bankr. E.D. Wisc. 2010)............................ 10

*In re Parks*, 2011 Bankr LEXIS 2405, 3 (Bankr. D. 2011) ................................ 6,11

*In re Prigge*, 441 B.R. 667 Bankr. D. Montana 2010) ................................... 10, 11

*In re Redmose*, 2010 Bankr. LEXIS 4004 (Bankr. N.D. Ga. 2010) ..................... 10

*In re Roth*, *2010 Bankr.* LEXIS 1939 (Bankr.D. N.J. 2010) ................................. 10

*In re Seafort*, B.R. 204, 2010 Bankr. LEXIS 2892 (B.A.P. 6th. Cir. 2010) .......... 9

*In re Sibila*, 2010 Bankr. LEXIS 3843 (Bankr. N.D. Ohio 2010) ........................ 10

*In re Skvorecz*, 369 B.R. at 642 ........................................................................... 16

*In re Tuss*, 360 B.R. 684, 690 (Bankr. D. Mont. 2007) ........................................ 5

*In re Walrath*, Case No. 96-21474, 1996 Bankr. LEXIS 1941 (Bankr. D. Mont. 1996) ……………………………………………................. 12

*Lamie* v. *Us. Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L.Ed. 2d 1024 (2004) .................................................................................................................. 11

*Maney v. Kagenveama*, 541 F.3d 868,872 (9th Cir. 2008) ................................... 6

*Ransom v. FIA Card Services NA (In re Ransom),* 131 S.Ct. 716, 723-24 (2011)
………………………………………………………………………………..10
*Sampson* v. *Western Capital Partners, (In re Blixseth),* 211 Bankr. LEXIS 2197
(9th Cir. BAP 2011) …..........................................................................10
*United Students Aid Funds* v. *Pena (In re Pena),* 155 Fed. 3d 1108, 1110
(9th Cir. 1998) ............................................................................. 7

## BANKRUPTCY CODE

11 U.S.C. § 101 ................................................................... 6, 12
11 U.S.C. § 541(a)(5) ........................................................... 6, 12
11 U.S.C. § 541(b)(7) .......................................................... 5, 7,12,13
11 U.S.C. § 1306 ................................................................. 12
11 U.S.C. § 1322(f) ............................................................. 8, 13
11 U.S.C. § 1325(a)(l) .......................................................... 7
11 U.S.C. § 1325(b)(l) .......................................................... 6, 7, 11
11 U.S.C. § 1325(b)(2) .......................................................... 6 13
11 U.S.C. § 1329 ................................................................. 12
28 U.S.C. § 158 ................................................................. 1

# I.

## STATEMENT OF THE BASIS OF APPELLATE JURISDICTION

This is an appeal from an Order of the United States Bankruptcy Court for the Southern District of Florida. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(b)(1).

# II.

## STATEMENT OF THE ISSUES PRESENTED

The issue on appeal is correctly stated by the Appellant.

# III.

## STATEMENT OF THE CASE IN ADDITION TO THE FACTS SPECIFIED IN THE APPELLANTS' BRIEF

Appellees are an elderly couple.  Therefore, the alleged $114,000.00 that Appellant argues should be paid over the life of the plan is a fallacy as the Appellants will not be able to work full-time for the next 5 years.

# IV.

## SUMMARY

While there are only a limited number of cases that discuss 11 U.S.C § 541(b)(7) as it relates to ongoing retirement voluntary plan payments, it would be an understatement to say that Bankruptcy Code Section 541(b)(7) is not the clearest written code section. Nevertheless, the clear reading of this code section

states that voluntary retirement contribution being requested by Appellants are deducted and not counted as disposable income when completing Form 22C.

## V.

### ARGUMENT

#### A. Voluntary Retirement Plan Contributions Are Not Disposable Income

Appellant's Brief discusses "projected disposable income" and "disposable income" as further described in 11 U.S.C. § 1325(b)(1).  In the discussion Appellant identifies items that are allowed to be deducted from disposable income as stated therein as well as defining "current monthly income" as found in 11 U.S.C. § 101(10A).  Appellant discusses how above median income debtors are required to complete the means test required by § 1325(b)(2) as stated under 11 U.S.C. § 707(b)(2).  Appellees do not disagree with the Code sections as cited by Appellants and what they specifically include in the way of what should be counted as income and what are specific exclusions as states therein.  While this course of discussion would have merit under certain circumstances, it is the contention of Appellees that it does not in this case.  That is for the specific reason that the hanging paragraph found in 11 U.S.C. § 541(b)(7)(A)(i) specifically states that a voluntary retirement contribution shall not constitute disposable income as defined in § 1325(b)(2).

Moreover, Appellant argues that the IRS standards which are referred to in 11 U.S.C. § 707(b)(2) can be used as guidelines when reviewing necessary expenses. *In re Egebjerg*, 547 F.3d 1045, 1052 (9th Cir. 2009). This would be true if a Debtor was attempting to claim a deduction for an item not specifically listed in the Bankruptcy Code, however, in this case it is not necessary to refer to the IRS standards because 11 U.S.C. § 541(b)(7) specifically states that retirement voluntary contributions are not property of the estate and are not to constitute disposable income as defined in § 1325(b)(2).

It would appear that the reason that the Appellant is referring to the IRS standards is that they do not allow for voluntary retirement payment deductions when used for income tax purposes. But in this case, the Bankruptcy Code has specific provisions for the exclusion of these payments from disposable income and therefore the IRS standards are not relevant.

This is not the only area where the Bankruptcy Code differs from the IRS standards. While Bankruptcy courts have correctly determined that a retirement loan repayments can be deducted when determining disposable income (see § 1322(f)), the IRS standards appear not to allow this deduction. In the case of *In re Lenton* 358 B.R. 651 (Bankr. E.D. PA. 2006) the court stated:

> The Manual has already expressly found that "contributions to voluntary retirement plans are not a necessary expense" for the purpose of the Means Test. I.R.M. § 5.15.1.23. If future voluntary contributions to the 401(k) plan are not necessary expenses, it is hard

to argue that the replenishment of past voluntary contributions to the 401(k) account by repaying loans is a necessary expense. *Id* at 658.

This case was cited with approval of this statement in *In re Egebjerg*, supra at 1052.  It should be noted that the IRS Standards authorize the deduction of student loans and the specific repayment of loans for payment of federal taxes when such is clearly not allowed in the Bankruptcy Code.

### B. Deduction of Voluntary Retirement Plan Contributions is a Continuing Right

Appellant attempts to limit the interpretation of § 541(b)(7) to the date of the filing of the bankruptcy.  There is nothing in the statute that limits the application to the date of the order for relief.  Rather § 541 specifically states that property of the estate does not include any such payments withheld by the employer. Appellant wishes to create an artificial limitation that refers to funds withheld but not yet delivered by the employer to the fund itself, which is simply not provided for by the code.

As previously presented herein, Section § 541(b)(7) states that such payments for retirement plans are not to be counted as disposable income.  *See* § 1325(b)(2).  The purpose of this is to make clear that Appellant (and the Courts) is not to count retirement plan payments as income as it would be required to do if such a clause was not present based upon income as would be required if such a clause was not included based upon income as defined in 11 U.S.C. § 1306.

Appellant refers to the case of *Burden v. Seafort* (*In re Seafort*), 437 B.R. 204 (6th Cir. BAP 2010) as authority for limiting this statute to time of filing only. But it should be noted that the case of *In re Seafort* supra holds contrary to the Appellant's argument and supports Appellees' contentions when it states:

> In regard to retirement savings, Congress clearly intended to strike a balance between protecting debtors' ability to save for their retirement and requiring that debtors pay their creditors the maximum amount they can afford to pay.  This balance is best achieved by permitting debtors who are making contributions to a Qualified Plan at the time their case is filed to continue making contributions at the time a case is filed to commit post-petition income which becomes available to the repayment of creditors rather than their own retirement plan. *In re Seafort, supra* at 20.

The Court in *In re Seafort, supra.* simply distinguished post-petition increases in plan contribution which it would not allow from prepetition ongoing plan contribution payments.  *Under In re Seafort, supra.* Appellants deductions would be authorized since these deductions, historically, have been taken.

### C. The Clear Reading of Section 541(b)(7) Allows Retirement Deductions

This issue is determined by the Bankruptcy Code, as amended in 2005 (Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, here and after known as "BAPCPA") and the determination of projected disposable income per 11 U.S.C. § 1325(b)(1). 11 U.S.C. § 541(b)(7) reads in part as follows:

> § 541...
>> (b) Property of the estate does not include-
>>> (7) any amount -

> (A) withheld by an employer from the wages of
> employees for payment as contributions -
>> (I) to -
>>> (I) an employee benefit plan that is subject to
>>> Title I of the Employee Retirement Income
>>> Security Act of 1974 or under an Employee
>>> Benefit Plan which is a government plan under §
>>> 414(d) of the Internal Revenue Code of 1986;
>>>
>>> (II) A deferred compensation plan under § 457
>>> of the Internal Revenue Code of 1986; or
>>>
>>> (III) A tax deferred annuity under § 403(b) of
>>> the Internal Revenue Code 1986;
>
> Except that such amount under this subparagraph shall not
> constitute disposable income as defined in § 1325(b)(2);

The language of this code section and it's intention, in Appellee's opinion, is clear and should be implemented as such.

When a statute's intention is being determined, it has been stated that "because the case presents a question of statutory interpretation, our interpretation of the Bankruptcy Code starts where all such inquiries must begin; with the language of the statute itself." *Ransom v. FIA Card Services NA* (*In re Ransom*), 131 S.Ct. 716, 723-24 (2011) as quoted with approval at *Samson v. Western Capital Partners, LLC* (*In re Blixseth*), Case No. 10-1334, 211 Bankr. LEXIS 2197, 12 (B.A.P. 9th Cir. 2011).

The code section in this case straightforward. It states two things related to qualified pension plan payments. The first is that any amount withheld by the

employer from wages of the employee for payment of contributions is not property of the estate.  The second is that any amount withheld by the employer shall also not constitute disposable income as defined by § 1325(b)(2).

In other words, the statute first states that voluntary retirement contributions withheld by an employer are not to be property of the estate.  That means that these plan contributions by the employee once withheld by the employer are not subject to a claim by the Creditors.  The second limitation is that such withholdings are not to be treated as income for purposes of calculating disposable income in a Chapter 13 proceeding to determine the plan payment.

As has been stated many times, the Code section will be given effect and that effect will be based upon the language unless there is an ambiguity.  "When the language of a statute is plain, the sole function of the courts is to enforce the statute according to its terms unless the disposition required by the text is absurd." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).  There simply is no ambiguity here.  The Code section is very clear and straightforward and would seem to be the clear reading of the statute and the intention of Congress.  Because of the two limitations herein, it is inappropriate for Appellant to be allowed to include, in the determination of disposable income, the amount that the debtor is paying as a voluntary retirement contribution.

Another of the contentions of Appellant is that 11 U.S.C. § 541 is somehow limited to the time Debtor's case at the time it was filed.  Therefore, this statute is limited only to funds then being withheld by the employer from the employee's wages that are to be placed into the retirement account.  Upon a clear reading of the statute, there is nothing in 11 U.S.C. § 541 in general and in 11 U.S.C. § 541(b)(7) in particular that limits this statute to either the time of the filing of the case or to the time of the order for relief if different.  While it is true that 11 U.S.C. § 541 defines what is property of the estate as of the date of the filing of the case, that is not always the situation.  If a debtor acquires an inheritance, life insurance, or a divorce property settlement within six months of filing bankruptcy that would also be property of the estate. 11 U.S.C. § 541(a)(5).

Both *McCullers, II, supra.* and the decision in this case discuss the use of the word "except" as it is used in the hanging paragraph found in 11 U.S.C. § 541(b)(7) relating to income of the estate.  In a Chapter 13 case, all property acquired after the filing of the case becomes property of the estate.  11 U.S.C. § 1306.  Since earnings of the Debtor after the filing of the bankruptcy are also property of the estate, the "except" clause would have an important effect in clearly keeping such contributions from any claim of Appellant for purposes of determining the initial plan payment or future plan payment by motion to amend the plan as is allowed by 11 U.S.C. § 1329.

### D. As found by the Bankruptcy Court, the Debtors' have acted in Good Faith Public Policy Favors Retirement Deductions

The testimony offered at the evidentiary hearing on this matter showed that the Appellants are employed by independent third parties, who each had a qualified retirement account, that met the requirements of 11 U.S.C. § 541(b)(7).  Testimony at the evidentiary hearing showed that Appellants had been making contributions to their employers' retirement account plans by deductions from their wages as allowed by the plan since either the time he became employed or the plan became available.  The actual payments were and continue to be reasonable.  For this reason, there is simply no issue of bad faith per 11 U.S.C. § 1325(a)(1).  Moreover, to allow debtors the right to deduct voluntary retirement plan contributions from disposable income is only logical based upon the new requirements of BAPCPA. It is very logical that the Congress wanted individuals in a five-year plan to be able to save for their retirement, as taking five years away from retirement savings for any employee would be devastating when it comes to the amount that the Debtors would need when they retired.  Especially Debtors near retirement age.  People who have income that is withheld under mandatory requirements for their retirement can discount that from their plan payment.  It seems only logical that Congress intended the same right to be applied to voluntary payments.

It has been said that, "when Congress legislates, it is aware of past judicial interpretations and practices.  *See Dewsnup v. Timm*, 502 U.S. 410, 419, 112 S.Ct.

773 116 L. Ed.2d 903 (1992)." *In re Egebjerg*, 574 F.3d 1045, 1050 (9th Cir.

2009).  Prior to BAPCPA, voluntary retirement payments were not allowed as a

living expense.  *In Re Walrath*, Case No. 96-21474, 1996 Bankr. LEXIS 1941

(Bankr. D. Mont. 1996); *In re Delnero*, 191 B.R. 539 (Bankr. N.D.N.Y. 1996); In

re Cavanaugh, 175 B.R. 369 (Bankr. D.Idaho 1994); *In re Dorwath*, 258 B.R. 293

(Bankr. D. Fla. 2001).  It is clear that the only way that current wage earners will

be able to cope with retirement would be to allow them to have the ability to save.

Because a retirement plan is such a mechanism it is only logical that Congress

wanted Debtors to have that opportunity to able to save as much as possible,

therefore not having to rely on public assistance after retirement.

## VI. CONCLUSION

The position of the Debtors is best stated in the case of *In re Lavin*, 424 B.R.

558, 564 (Bankr. M.D. Fla. 2010) where the court stated:

> "With the addition of Sections 541(b)(7) and 1322(f), Congress has
> placed retirement plans, including contributions to a 401k account,
> outside the realm of a Chapter 13 plan.  *In re Norwood-Hill*, 403 B.R.
> at 913; *In re Garrett*, 2008 Bankr. LEXIS 4130, (citing *In re Johnson*,
> 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006).  Such contributions do not
> constitute disposable income as defined in Section 1325(b)(2). *See In
> re Garrett*, 2008 Bankr. LEXIS 4130, *In re Skvorecz*, 369 B.R. at 642;
> *In re Latone*, 2008 Bankr. LEXIS 3206."

Appellants Delanor and Alourdes Ulysse respectfully request this Court to

affirm the Bankruptcy Court's decision and determine that the Ulysses' can make

voluntary contributions to retirement plans and deduct those from their disposable income when preparing the means test.

Respectfully Submitted,


 /s/  Chad Van Horn, Esq.
Florida Bar No: 064500
Van Horn Law Group, P.A.
330 N. Andrews Ave, Suite 450
Ft. Lauderdale, FL 33301
Chad@cvhlawgroup.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered to counsel for the Appellees by delivery of notices of electronic filing.

 /s/  Chad Van Horn, Esq.
Florida Bar No: 064500

## CERTIFICATE OF COMPLIANCE

This brief complies with Rule 8015 in that it contains 3,282 words.

 /s/  Chad Van Horn, Esq.
Florida Bar No: 064500