Lawrence E. Pecan, Esquire
Florida Bar No. 99086
In-House Counsel
Rialto Capital
790 NW 107 Avenue, Suite 400
Miami, Florida 33172
Lawrence.Pecan@rialtocapital.com

(Counsel for Appellant)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 0:16-cv-62900-BB**

RES-FL FIVE, LLC

    Appellant,                                            USBC Case No.
                                                            15-25340-JKO

                                                            Chapter 13

DELANOR ULYSSE, and
ALOURDES ULYSSE,

    Appellees.
_____/

===============================================

**APPELLANT'S REPLY BRIEF**

===============================================

# Table of Contents

I.   ARGUMENT .................................................................................................... 3

   A. Appellees' argument as to the IRS standards is a strawman mischaracterizing the statute .................................................................... 3

   B. Appellees attempt to refute Appellant's statutory construction argument by attacking dicta in just one case cited by the Appellant ....... 5

   C. Appellees are wrong in asserting that §541(b)(7)(*) unambiguously supports their position ............................................................................. 7

   D. Appellees do nothing to refute Appellant's arguments regarding good faith .................................................................................................. 10

II.  CONCLUSION ............................................................................................... 12

# Table of Authorities

### Cases

*Burden v. Seafort (In re Seafort)*, 437 B.R. 204, 210 (6th Cir B.A.P. 2010) .. 5, 6

*In re Kitchens*, 702 F.2d 885, 888-89 (11th Cir. 1983) ................................... 10

*In re Lavin*, 424 B.R. 558, 560 (Bankr. M.D. Fla. 2010) ................................. 8

*King v. Burwell*, 135 S. Ct. 2480, 2489 (2015) ................................................ 10

### Statutes

11 U.S.C. § 1306 ........................................................................................ 6, 12

11 U.S.C. § 1325 ............................................................................................ 11

11 U.S.C. § 541 ............................................................... 3, 4, 6, 7, 8, 9, 11, 12

11 U.S.C. § 707 ......................................................................................... 3, 12

## I. ARGUMENT

### A. Appellees' argument as to the IRS standards is a strawman mischaracterizing the statute

Appellees make much of their assertion that "Appellant argues that the IRS standards which are referred to in 11 U.S.C. § 707(b)(2) can be used as guidelines when reviewing necessary expenses" and that somehow that argument is misplaced. Appellee Br. At 6-7. But Appellant makes no such argument (and in fact makes the opposite). Instead, Appellant merely argues that deduction to projected disposable income come only from "IRS guidelines [or] the other allowed expenses in 11 U.S.C. § 707(b)." The issue is not that IRS guidelines do not provide for such an expense, but rather that §707(b) does not, even though it *does* provide one for the companion subsection, 11 U.S.C. § 541(b)(7)(A)(ii) through 11 U.S.C. § 707(b)(2)(A)(ii)(I)—in contrast to the section relied upon by Appellees, 11 U.S.C. § 541(b)(7)(A)(i), which has no such §707(b) corollary. Section V.A. of Appellee's brief is a

strawman undermining an argument not advanced by the Appellant, and should be ignored by the Court.

But while the Court should ignore this argument Appellant must point out that the assertion that "11 U.S.C. § 541(b)(7) specifically states that retirement voluntary contributions are not property of the estate and are not to constitute disposable income as defined in § 1325(b)(2)" is a mischaracterization of the statute. Whatever the Court ultimately decides that section to mean, it purports to apply not to any 'retirement voluntary contribution' but to any amount "withheld by an employer from the wages of employees." 11 U.S.C. § 541(b)(7)(A). The tense and language of the actual statute, rather than the Appellees' characterization, support the Appellant's position that § 541(b)(7) applies only to those amounts withheld on the date of the filing of the case.

### B. Appellees attempt to refute Appellant's statutory construction argument by attacking dicta in just one case cited by the Appellant

Appellees seize upon the dicta in *Burden v. Seafort (In re Seafort)*, 437 B.R. 204, 210 (6th Cir B.A.P. 2010), which noted

> In regard to retirement savings, Congress clearly intended to strike a balance between protecting debtors' ability to save for their retirement and requiring that debtors pay their creditors the maximum amount they can afford to pay. This balance is best achieved by permitting debtors who are making contributions to a Qualified Plan at the time their case is filed to continue making contributions at the time a case is filed to commit post-petition income which becomes available to the repayment of creditors rather than their own retirement plan.

But this statement is pure dicta. At issue in *Seafort*, was whether a debtor who was not making retirement contributions at the commencement of the case may make postpetition contributions and deduct those payments from projected disposable income. *Id.* at 205-06. Neither party

Page **5** of **16**

argued, nor could argue, that the postpetition contributions were permissible so long as they were also made prepetition since those facts were inapplicable.

The dicta is statutorily baseless and conflicts with *Seafort's* holding ("the Panel holds that a debtor's ability to exclude property acquired post-petition from the claims of creditors is not controlled by 11 U.S.C. § 541"). *Id.* at 209. If a debtor withholds retirement contributions postpetition, then that must necessarily be 'property acquired post-petition' and thus *Seaford*'s holding instructs that one looks to 11 U.S.C. § 1306, rather than § 541. *Id.* Since §1306 has no deduction for retirement contributions, there is no protection for postpetition retirement witholdings.

Of course, Appellees do nothing to refute the other cases cited by Appellant, nor do they address the argument that their reading of the statute would render the section superfluous.

## C. Appellees are wrong in asserting that §541(b)(7)(*) unambiguously supports their position

Appellees argue that the §541(b)(7) is clear and unambiguous and supports their position that it applies to amounts withheld both prepetition and postpetition. In support, they acknowledge that while §541 is limited to property of the estate as of the date of the filing of the petition, there are exceptions in §541(a)(5).

But because §541 is limited to rearward looking scope, congress was clear and unambiguous in evincing its desire to make an exception. In §541(a)(5), congress switches from the past tense used throughout §541 to the present tense, and wrote "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, <u>and that the debtor acquires or becomes entitled to acquire within 180 days after such date</u>." (Emphasis added). Not only does Congress switch tenses, but it clearly describes the temporal period referred to. This verb tense

Page **7** of **16**

construction is consistent in the statute. Future property does not use the past or past perfect tense, but instead uses the present. *See* 11 U.S.C. § 541(a)(7), ("Any interest in property that the estate *acquires* after the commencement of the case"); §541(a)(6) (Proceeds, product, offspring, rents, or profits of or from property of the estate, except such as *are* earnings . . . .)(emphasis added). If Congress had intended to except forward looking withholdings, they knew how to do it. Moreover, had they intended to merely except those amounts withheld but not yet contributed as of the petition date, they would have done exactly what they did.

Appellees cite *In re Lavin*, 424 B.R. 558, 560 (Bankr. M.D. Fla. 2010) (in their conclusion), for the proposition that the statute clearly supports their assertion. But that was a chapter 7 case, where chapter 13 provisions were considered only by analogy, and lacks an in-depth analysis of the statute in reaching the dicta seized upon by the Appellees.

Similarly, Appellees cite a number of cases that suggest that the revisions in the 2005 amendments to the Bankruptcy Code must have urged a departure from pre-amendment practice. Therefore, as the argument goes, since voluntary withholdings were proscribed pre-amendment, therefore they must be permitted post-amendment. That, however, is fallacious. Both parties agree that the changes to §541(b)(7) changed something, but the Appellant argues that a more narrow interpretation (affecting only the disposable income effect prepetition withholdings revestment makes sense).

The Supreme Court has repeatedly cautioned that any statutory provision must be interpreted in context. "The meaning—or ambiguity—of certain words or phrases may only become evident when placed in context. So when deciding whether the language is plain, we must read the words in their context and with a view to their place in the overall statutory scheme." *King v. Burwell*, 135 S. Ct. 2480,

2489 (2015) (cleaned up). That is all the Appellant asks the Court to do here.

### D. Appellees do nothing to refute Appellant's arguments regarding good faith

Appellees argue that they must have acted in good faith, more or less because the bankruptcy code allows retirement plan deductions. In doing so, they are arguing the wrong issue. As explained in Appellant's brief, 11th Circuit precedent requires bankruptcy courts to consider statutory good faith requirements even on issues arguably dealt with through other code sections. Appellant's Br. at 30-31; *In re Kitchens*, 702 F.2d 885, 888-89 (11th Cir. 1983).

Instead, the Bankruptcy Court determined that since contributions were deducted from disposable income, the court could not "revisit" them in determining good faith, suggesting that would constitute an "equity end-around." That conclusion was erroneous. Even if, *arguendo*, the Appellees are correct about §541(b)(7), the Court was obliged to 'revisit' the contributions to determine if they

were made in good faith. As its orders show, the Bankruptcy Court did not.

Had it, it would have considered that (1) the Appellees will contribute approximately ten times the amount to their retirement plans than they will to their unsecured creditors; and (2) the increase in retirement contributions in the year prior to filing ($10,700) extrapolated over five years reduced the distribution by $53,500 (approximately 71%).

The Court did not consider these in order to determine (as it was required to do) the substantiality of repayment and degree of effort *Kitchens* factors., as stressed in Appellant's brief. That error requires that this Court reverse and remand. Finally, there are assertions in the Appellees' brief that the Appellees are elderly and will retire, obviating any benefit from lowering the contribution amount and redirecting to creditors. Those assertions appear without record citation in its brief, and the

Appellant was unable to find evidence of such assertions in the record. Accordingly, those assertions should be ignored.

## II. <u>CONCLUSION</u>

The Appellees should not be able to confirm a bankruptcy plan and receive a discharge by contributing in excess of $110,000 to their own retirement accounts, while contributing only $12,117.20 to their unsecured creditors. The extraordinary retirement plan contributions are instead included in disposable income under 11 U.S.C. § 1325(b)(1) and are evidence of bad faith.

11 U.S.C. § 541(b)(7) does not exclude post petition retirement contributions from the definition of projected disposable income. That subsection simply excludes the vesting of prepetition contributions from affecting any calculation of projected disposable income for plan purposes. This is consistent with the fact that §541 deals exclusively with prepetition property, other than specific exceptions clearly pointing to their future applicability, whereas any postpetition property is dealt with in the

chapter under which the case is filed—in this case 11 U.S.C. § 1306.

Such an interpretation is the only interpretation which would not render one or more of 11 U.S.C. § 707(b)(2)(A)(ii), 11 U.S.C. § 541(a)(6), 11 U.S.C. § 541(b)(7)(A)(i), and/ or 11 U.S.C. § 541(b)(7)(A)(ii) superfluous. If Congress had wanted to allow debtors to deduct retirement contributions, it would have allowed the deduction under 11 U.S.C. § 707(b)(2)(A)(ii). This Court should adopt the interpretation which gives meaning to each section.

Finally, even if retirement contributions are properly deducted, they are still subject to a determination of good faith. Where as here, the appellees had more than sufficient income to pay their creditors in full if they even reduced (rather than eliminated) their retirement contributions, a finding of bad faith is appropriate. This is especially true here, where the Appellees increased their contribution by more than $10,000 in the year of filing.

Clearly, the Appellees proposed the plan in bad faith in order to escape paying creditors which they could have (but chose not to) pay.

Notwithstanding the implication of retirement contributions elsewhere in the Bankruptcy Code, a good faith analysis is always still required under Eleventh Circuit precedent. Thus, in spite of the Bankruptcy Court's determination that the retirement contributions were not properly included in projected disposable income, the Court erred by not considering the totality of the circumstances, including the proportions of contributions to the retirement and bankruptcy plans, prior to confirmation.

This Court should reverse the Bankruptcy Court, hold that retirement contributions are properly included in projected disposable income, and remand the case for further proceedings to determine the good faith of the retirement contributions.

Respectfully submitted,

/s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
In-House Counsel
Rialto Capital
790 NW 107 Avenue, Suite 400
Miami, Florida 33172
Lawrence.Pecan@rialtocapital.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered to counsel for the Appellees by delivery of notices of electronic filing.

/s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire

## CERTIFICATE OF COMPLIANCE

This brief complies with Rule 8015 in that it contains 2,113 words.

> /s/ Lawrence E. Pecan
> Lawrence E. Pecan, Esquire